FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 06 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| MARK MOORE, MICHAEL HARROD, and WILLIAM CHRIS JOHNSON, ....Plaintiffs | ) ) ) ) ) |
| v. | ) Case No. 4:14 cv 65 JMM ) ) |
| MARK MARTIN, in his official capacity as Secretary of State for the State of Arkansas; ....Defendant. | ) ) ) This case assigned to District Judge Moody ) and to Magistrate Judge Kearney ) ) |

## COMPLAINT

COME now the Plaintiffs, Mark Moore, Michael Harrod, and William Chris Johnson, and for their cause of action against the Defendant, Mark Martin, in his official capacity as Secretary of State for the State of Arkansas, allege and state as follows, to-wit:

### PARTIES

I.

Plaintiff MARK MOORE is a resident of Benton County, Arkansas, a registered voter in the State of Arkansas, and is an Independent candidate for Lieutenant Governor of the State of Arkansas for the 2014 General Election.

Plaintiff MICHAEL HARROD is a resident of Washington County, Arkansas, a registered voter in the State of Arkansas, and is an Independent candidate for District 84 of the Arkansas House of Representatives for the 2014 General Election.

Plaintiff WILLIAM CHRIS JOHNSON is a resident of White County, Arkansas, a registered voter in the State of Arkansas, and is an Independent candidate for County Judge of White County, Arkansas, for the 2014 General Election.

All the above-named individual Plaintiffs are citizens of the State of Arkansas and the United States of America, and registered voters of the State of Arkansas. Plaintiffs wish to have the right to cast their votes effectively for Independent candidates in Arkansas in the 2014 Arkansas election and future Arkansas elections.

II.

Defendant MARK MARTIN is the SECRETARY OF STATE FOR THE STATE OF ARKANSAS (hereinafter referred to as Defendant Secretary), and is responsible in his official capacity for administering the election and voter registration laws of the State of Arkansas pursuant to Ark. Code Ann., §§ 7-7-401, *et seq.* and 25-16-403. Specifically, the Defendant SECRETARY has supervisory authority over all election officials or officers of the county boards of election commissioners, is required to receive the returns from the county boards of election commissioners and canvas and certify the election results, certify the nomination as to independent candidates, maintain the State's election records, assist county officials with conducting federal, state, and district elections, and has responsibility to promulgate, repeal or modify such rules or regulations as he deems necessary to facilitate and assist in achieving and maintaining uniformity in the application, operation, and interpretation of the State and Federal election laws and a maximum degree of correctness, impartiality, and efficiency in administration of the election laws, and to act as the chief state election official responsible for coordination of state responsibilities so as to insure compliance with Federal election laws such as the National Voter Registration Act of 1993 (42 U.S.C. § 1973gg, *et seq.*).

The aforesaid Defendant Secretary has offices in the Arkansas State Capitol Building, Rm 256, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

### III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and 42 U.S.C. § 1983. Venue of this Court is invoked pursuant to Title 28, U.S.C. § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF THE CLAIM

### IV.

This proceeding seeks a judgment declaring Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), as applied to the Plaintiffs for the 2014 Arkansas General Election and all subsequent general elections in the State of Arkansas and the facts and circumstances relating thereto, unconstitutional in that it violates in its application to the Plaintiffs herein for the 2014 Arkansas General Election, and all subsequent Arkansas General Elections, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983. This proceeding also seeks an injunction, both temporary and permanent, against Defendant SECRETARY, prohibiting said Defendant from following and enforcing the provisions of Ark. Code. Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1) as applied to the Plaintiffs herein for the 2014 Arkansas General Election, and all subsequent Arkansas General Elections, to the extent that said statutes set an unconstitutional early and vague deadline of March 3, 2014, during election years for Independent candidates, coupled with a loss of two months of petitioning time closer to the election as a result of the Arkansas Legislature in 2013, moving the Independent candidate petition deadline from May to March of the

General Election year, along with the requirement for the gathering of numerous petition signatures at a time when the weather is not as good nor the political interest as high as in the petitioning time period allowed by the previous law.

V.

The laws in question which were stated in rhetorical paragraph IV above, effective for the 2014 Arkansas General Election cycle, and all subsequent Arkansas General Election cycles, are as follows, to-wit:

Ark. Code Ann. § 7-7-101—Selection of nominees

The name of no person shall be printed on the ballot in any general or special election in this state as a candidate for election to any office unless the person shall have been certified as a nominee selected pursuant to this subchapter.

Ark. Code Ann. § 7-7-103—Filing as an independent—Petitions--Disqualification

(a)(1) A person desiring to have his or her name placed upon the ballot as an independent candidate without political party affiliation for any United States office other than President of the United States or Vice President of the United States or state, county, township, or district office in any general election in this state shall file, during the party filing period for the year in which the election is to be held, a political practices pledge, an affidavit of eligibility, the petition under this section, and a notice of candidacy stating the name and title the candidate proposes to appear on the ballot and identifying the elective office sought, including the position number, if any.

(2)(A) An independent candidate shall state the same position, including the position number, if any, on his or her petition.

(B) When a candidate has identified the position sought on the notice of candidacy, the candidate shall not be allowed to change the position but may withdraw a notice of candidacy and file a new notice of candidacy designating a different position before the deadline for filing.

(b)(1)(A) The person shall file petitions signed by not less than three percent (3%) of the qualified electors in the county, township, or district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district, county, or township office.

4

(B) If the person is a candidate for state office or for United States Senator in which a statewide race is required, the person shall file petitions signed by not less than three percent (3%) of the qualified electors of the state or which contain ten thousand (10,000) signatures of qualified electors, whichever is the lesser.

(2) Each elector signing the petition shall be a registered voter, and the petition shall be directed to the official with whom the person is required by law to file the petition to qualify as a candidate and shall request that the name of the person be placed on the ballot for election to the office mentioned in the petition.

(3) Petitions shall be circulated not earlier than ninety (90) calendar days before the deadlne for filing petitions to qualify as an independent candidate unless the number of days is reduced by a proclamation, ordinance, resolution, order, or other authorized document for a special election under 7-11-101, *et seq.*

(4) In determining the number of qualified electors in any county, township, or district or in the state, the total number of votes cast therein for all candidates in the preceding general election for the office of Governor shall be conclusive of the number of qualified electors therein for the purposes of this section.

(5) If the number of days in which the petition for independent candidacy may be circulated is reduced by a proclamation, ordinance, resolution, order, or other authorized document for a special election under 7-11-101, *et seq.*, the number of signatures required on the petition shall be reduced proportionately.

Ark. Code Ann., § 7-7-203(c)(1)

(c)(1) Party pledges, if any, shall be filed and any filing fees of a political party, if any, shall be paid during regular office hours in the period beginning at 12:00 noon on the first weekday in March and ending at 12:00 noon on the seventh day thereafter before the preferential primary election.

VI.

That previous to the aforesaid laws of the State of Arkansas as set forth in rhetorical paragraph V hereinabove, the election laws of the State of Arkansas as to ballot access for independent candidates were much less vague, less restrictive, less drastic and demanding in their requirements, and applied equally to all independent candidates and citizens wishing to exercise their fundamental rights to political expression and association.

5

The pertinent, relevant, and material changes in the aforesaid election law of the State of Arkansas, as complained of in the paragraph immediately hereinabove involve the movement by the Arkansas Legislature in 2013 of the signature petition deadline for independent candidates from May 1 to the party filing period for the year in which the election is to be held (i.e., March 3 for the year 2014 pursuant to the dictates of Ark. Code Ann. §§ 7-1-108, 7-7-103(a)(1), 7-7-103(b)(1)(A), and 7-7-203(c)(1)) of the year in which the election is to be held, with the further consequence because of the aforesaid amendment of moving the actual ninety (90) day petitioning time for the 2014 election cycle to a period farther removed from the General Election and during a time when the Arkansas weather and hours of daylight after normal working hours is less conducive to petitioning.

VII.

Ark. Code Ann., § 7-7-103(b)(1)(A) was amended in 2013 to move the petition filing deadline for independent candidates from May 1 of an election year to the party filing period for the year in which the election is to be held. Amended by laws 2013, Act 1356 (HB 2036). However, because of the requirements of Ark. Code Ann., §§ 7-1-108 and 7-7-203(c)(1), the petition filing deadline for independent candidates for 2014 will be on Monday, March 3, 2014. The foregoing change in the ballot access law for independent candidates made petitioning even more difficult by setting a petitioning deadline farther away from the date of the Arkansas General Election when political interest among the voting public is less and placing the ninety (90) day petitioning time during weather conditions in December, January, and February when Arkansas weather is generally not the most conducive for petitioning, the hours of daylight after normal working hours are minimal, and the holidays take many voters out of place of residence.

VIII.

On the 3rd day of March, 2014, the independent candidates will be required to turn in petition signatures for recognition and certification of themselves as independent candidates under the current election laws in question at a time when there is relatively less interest in politics, there is uncertainty as to who the major party candidates will be, what issues they will campaign on, and the unsettled final results of who will be nominated as the major party candidates. Under current Arkansas law, ten thousand (10,000) valid petition signatures of registered Arkansas voters are required for a statewide independent candidate, with three (3%) percent required for districts or counties.

Arkansas's unnecessarily early aforesaid petition signature deadline for independent candidates, coupled with the petition signature requirement, the lowered political interest of the voting public further removed from the election dates in Arkansas, and the inconvenient petitioning time period is unconstitutional, is constitutionally unnecessary and vague, lacks any compelling interest, and unequally and unfairly impacts in a discriminatory manner the rights of Independent candidates in Arkansas.

IX.

In the election year in Arkansas for the year 2014, the independent candidate petition deadline is Monday, March 3, 2014, while the political party Preferential Primary Election is on May 20, 2014, a General Primary Runoff Election is on June 10, 2014, the General Election is on November 4, 2014, and the General Runoff Election is on November 25, 2014. If Ark. Code Ann., §§ 7-7-103 and 7-7-203(c)(1) is enforced as to deny the independent candidates and individual Arkansas registered voters who support those candidates' ballot access, the right to a constitutional

7

independent petition deadline, time period in which to petition during 2013-2014, and signature requirement, then the rights to political association, First Amendment free speech, and free and equal elections will be abridged and denied.

X.

Defendant SECRETARY has and will exercise his authority under color of state law in enforcing the aforesaid state laws in such a manner as to be in an unlawful, discriminatory, capricious, vague, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in that:

A.   By reason of said required action as set forth in rhetorical paragraph IX above by said Defendant Secretary, through his agents, employees, and servants, the Plaintiffs herein will be denied their rights to actively and effectively engage in the exercise of their free speech, right to political association, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Arkansas and the United States of America;

B.   Said required action as set forth in rhetorical paragraph IX above works to further no constitutional compelling state interest or political purpose for said state election laws, Plaintiffs' fundamental constitutional freedoms are or will be denied and abridged, the laws in question work in an unequal, vague, and discriminatory manner in that they favor the established and entrenched political parties (viz.: Republican Party and Democratic Party), and the aforesaid statutes in question are not framed in the least restrictive manner necessary to achieve the legitimate state interests in regulating ballot access, particularly as relating to the unnecessarily early and vague petitioning filing deadline, inconvenient and unnecessarily limited petitioning time for 2013-2014, and unnecessarily high petition signature requirement when considered with the petition signature

deadline and limited time period for petitioning for independent candidates in Arkansas.

XI.

Plaintiffs herein will suffer immediate and irreparable harm in the event that the complained of actions set forth in rhetorical paragraph VIII and IX hereinabove are allowed to occur. The effect of the aforesaid complained of actions would be to effectively deny Plaintiffs those rights enumerated hereinabove in rhetorical paragraph X(A). Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the constitutional rights, privileges, and immunities enjoyed by a citizen of the United States and the State of Arkansas, and, unless a preliminary injunction and a permanent injunction are granted, Plaintiffs will suffer great and irreparable harm.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1. Declaring that the said required actions as set forth in rhetorical paragraph IX above pursuant to Ark. Code Ann., §§ 7-7-101, 7-7-103, and 7-7-203(c)(1) are illegal and unconstitutional when considered in combination, particularly as applied to the facts of the case at bar in that they establish an unnecessarily early and vague petition deadline for independent candidates for elective office in the State of Arkansas, which results in a limited petitioning time period further removed from the general election than was required under prior election law in Arkansas, and during a period of time when the weather is not as conducive to petitioning and political interest among the voting public is lower, so that it is in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

2. Entering a preliminary and permanent injunction placing the plaintiffs on the

Arkansas ballot as independent candidates for the general election for 2014, restraining, prohibiting, and enjoining the Defendant Secretary to the instant action, his agents, employees, and servants, and all persons in active concert and participation with them, from enforcing, applying, or implementing the aforesaid complained of state election law as applied to the instant Plaintiffs and all similarly situated individuals;

3. Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4. Granting Plaintiffs such further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this ___ day of February, 2014.

MARK MOORE, MICHAEL HARROD, and
WILLIAM CHRIS JOHNSON, Plaintiffs

JAMES C. LINGER, OBA#5441
Counsel for Plaintiffs
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
Telephone (918) 585-2797
Facsimile (918) 583-8283
bostonbarristers@tulsacoxmail.com

JEFF ROSENZWEIG, AB No. 77115
Counsel for Plaintiffs
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
Telephone (501) 372-5247
Facsimile (501) 376-0770
jrosenzweig@att.net