

FILED
U.S DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 07 2014
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

MARK MOORE, MICHAEL HARROD,                     PLAINITFFS
and WILLIAM CHRIS JOHNSON

VS.                              Case NO. 4:14-CV-65-JMM

HONORABLE MARK MARTIN,
in his official capacity as
Arkansas Secretary of State                      DEFENDANT

### DEFENDANT ARKANSAS SECRETARY OF STATE MARK MARTIN'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Comes now Defendant, Arkansas Secretary of State Mark Martin, for his Brief in Support of his Motion to Dismiss and Alternative Motion for More Definite Statement, by and through his attorney, and states that:

The Court should dismiss the Complaint. Plaintiffs lack standing and so the Court does not have subject matter jurisdiction. Plaintiffs fail to state sufficient facts upon which relief can be granted. Plaintiff Johnson has failed to join necessary parties and so cannot obtain the relief he seeks. The Complaint, as filed, is too vague and ambiguous for Defendant to prepare a reasonably responsive pleading. In the alternative, the Court should enter an appropriate Order

to require Plaintiffs to plead sufficient facts, with sufficient detail, to permit Defendant to prepare and file a responsive pleading.

This is a ballot access case. Plaintiffs seek to have their names printed on the November 4, 2014 General Election ballot in the State of Arkansas as "Independent Candidates." Apparently, Plaintiffs challenge only the *timing* of the requirement that Independent Candidates submit their petition signatures in order to qualify to have their names printed on the ballot.[1] This case follows a long line of similar challenges to Arkansas ballot access and election law. *See, e.g., Rock v. Bryant*, 459 F.Supp. 64 (E.D. Ark. 1978) (10,000 person signature requirement for independent candidates is reasonable and does not unduly impede access to the ballot); *Green Party of Arkansas v. Martin*, 649 F.3d 675 (8th Cir. 2011), *rehearing and rehearing en banc denied* (upholding Arkansas law requiring new political party to achieve minimum of three percent (3%) of votes cast for governor or president in order to maintain "party" status).

## STANDING AND JURISDICTION

Plaintiffs' pleading is insufficient. Plaintiffs' Complaint was filed on February 6, 2014, i.e., prior to the "party filing period" for candidates. The party filing period in 2014 is a one week period ending at 12:00 noon on March 3, and beginning one (1) week prior to the end date, February 24. Ark. Code Ann. §7-7-203(c)(1). Independent Candidates must file during the party

---

[1] The deadlines for filing all relevant documents to qualify any and all candidates for the November, 2014, general election ballot for all state and county candidates was changed to the end of the party filing period, March 3, 2014, during the 2013 legislative session. *See, e.g.,* Act 1356, Acts of Arkansas 2013, *codified at* Ark. Code Ann. §7-7-103 (changing only the deadline for filing petition signatures for independent candidates to March 3, 2014 from May 1).

filing period. Ark. Code Ann. §7-7-203(c) (discussed below); Ark. Code Ann. §7-7-103(a). Plaintiffs' February 6 Complaint was simply too early in time for Plaintiffs to have alleged sufficient *facts* for Plaintiffs to claim an ***actual*** injury in fact, to each of them, in accordance with the legal challenges made in the Complaint.

Plaintiffs do not have standing to complain. Standing is a matter of jurisdiction. *Constitution Party of South Dakota v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011). Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies. *Id.* (citing cases). It is the Article III standing requirement that enforces this case-or-controversy requirement. *Id.* To satisfy the "irreducible constitutional minimum" of Article III standing, each Plaintiff must establish that he or she has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; that there is "a causal connection between the injury and the conduct complained of"; and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.,* citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.E.2d 351 (1992).

Courts have repeatedly held that under Article III of the Constitution, a threshold requirement for any civil action is a "case or controversy" that exists when the named plaintiff has alleged a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). The Supreme Court has held that:

> [A] plaintiff . . . must allege specific, concrete facts demonstrating that the challenged practices harm him, and that he personally would benefit in a tangible way from the court's intervention. Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of 'a real need to exercise the power of judicial review' or that relief can be framed 'no broader than required by the precise facts to which the court's ruling would be applied.'
>
> * * *
>
> The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.

*Warth v. Seldin*, 422 U.S. 490, 508, 517-18, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Plaintiff's "threat of injury" must be both "real and immediate" not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).

In this case, Plaintiffs current Complaint cannot meet this standard, because the Complaint was filed too early in time to have alleged actual harm. No harm had come to any Plaintiff on February 6 since the party filing period did not begin until February 24, 2014. The harm alleged in the Complaint on February 6 was merely speculative, not any "injury in fact." Moreover, speculation or conjecture that may have been accurate on the filing of the Complaint on February 6 may no longer be true given the passage of time and the expiration of statutory filing deadlines.

Plaintiffs must show that they ***actually filed*** or ***attempted to file*** for the office they claim to seek, during the appropriate time frame, February 24 to March 3, 2014. Plaintiffs must

additionally show that they fulfilled all of the other requisite filing requirements, unchallenged in the Complaint, such as filing or tendering "affidavits of eligibility" (Ark. Code Ann. §7-7-203(c)(2)), and "political practices pledge" (Ark. Code Ann. §7-7-203(c)(3)).  "The name of a candidate who fails to file a … political practices pledge by the filing deadline with the Secretary of State or county clerk, as the case may be, shall not appear on the ballot." Ark. Code Ann. §7-7-203(c)(4).

Each Plaintiff, as a person "desiring to have his … name placed upon the ballot as an independent candidate without political party affiliation for any … state, [or] county … office in any general election in this state" must have filed "during the party filing period for the year in which the election is to be held, *a political practices pledge, an affidavit of eligibility,* the petition under this section, *and a notice of candidacy stating the name and title the candidate proposes to appear on the ballot and identifying the elective office sought, including the position number, if any.*" Ark. Code Ann. §7-7-103(a)(1) (emphasis added).  Plaintiffs apparently challenge only the petition timing requirement.  Consequently, for purposes of *Nelson* and *Lujan* standing, Plaintiffs must each allege that they have met all of the other necessary statutory requirements, none of which they challenge, before they can challenge the timing of the petition requirement in Ark. Code Ann. §7-7-103(b).

Plaintiffs did not allege that they had filed appropriate *political practices pledges, affidavits of eligibility, and appropriate notices of candidacy stating the name and title each Plaintiff proposed to appear on the ballot and identifying the elective office sought, including the position number,* in their February 6 Complaint; and realistically could not have done so at

that early juncture. Without these specific allegations, Plaintiffs are not entitled to the relief they seek concerning the date of the petition requirement.

Nor do Plaintiffs allege any particularized harm to them as potential "voters" for themselves or for any of the other named Plaintiffs. Plaintiffs have not alleged that there is no other manner in which Plaintiffs – as voters – may cast their November 2014 general election ballot for themselves or for the other named Plaintiffs. As discussed more fully below, there are multiple was of voting for a "candidate" in Arkansas. In particular, "write-in" candidates have no petition signature requirement. Ark. Code Ann. §7-5-205. Plaintiffs have made no allegations that the declaratory and injunctive relief they seek is necessary to avoid any harm to them as "voters." Moreover, Plaintiffs have not alleged the abridgement of any right to vote for themselves, or any other Plaintiff, where each named Plaintiff has failed to meet all of the unchallenged prerequisites to becoming a candidate for the November 2014 general election ballot. Absent such particularized grounds for relief, Plaintiffs' standing as "voters" is no greater than their standing as putative candidates.

Nor have Plaintiffs alleged that their attempts at filing appropriate materials were denied by Defendant, or an appropriate County Clerk. Because each Plaintiff has failed to allege an actual, concrete, injury in fact, as of February 6, i.e., cognizable claims, Plaintiffs lack standing. There was no case or controversy on February 6. Each Plaintiff has not pleaded sufficiently a right to be in federal court, and the Court does not have power to hear and dispose of unsubstantiated claims. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th

Cir. 2012). This Court, consequently, lacks jurisdiction to hear this case. Fed. R. Civ. P. 12(b)(1).

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Irrespective of standing, Plaintiffs' February 6 Complaint is still fatally defective. A complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must not presume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts should dismiss complaints based on "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Hager v. Arkansas Department of Health*, 735 F.3d 1009, 1013, No. 12-3842 (8th Cir. November 14, 2013). Plaintiffs' Complaint fails to make factual allegations that "raise a right to relief above the speculative level." *Hager, id. at 1014*, citing *Twombly*, 550 U.S. at 555, and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The State of Arkansas provides four routes for potential candidates to have their names counted on the general election ballot. First, candidates who are members of a "political party" can be nominated by majority vote at a primary election held by the political party. Ark. Code Ann. §7-7-102. Second, candidates that do not belong to a "political party" have the opportunity to satisfy the lesser burden of securing the signatures of 10,000 registered voters on a petition to be recognized as a new political party during the current election cycle. Ark. Code Ann. §7-7-205. Third, a candidate may file for political office as an independent candidate, as discussed above. Ark. Code Ann. §7-7-103. Fourth, a person may file as a "write-in" candidate, by merely

notifying specified public officials and the respective county board of election commissioners in each county where the write-in candidate contests an office. Ark. Code Ann. §7-5-205. Each of the four avenues to the general election ballot requires each respective candidate to file a political practices pledge and complete all other prerequisites during the party filing period, February 24, to March 3, 2014. Ark. Code Ann. §7-7-103; Ark Code Ann. §7-7-203(c).

Other than the "petition requirement," and in particular the timing of the filing of petitions, Plaintiffs do not challenge the other filing requirements for independent candidates in the State of Arkansas. Absent any challenge, in order to invoke the jurisdiction and power of this federal district court, Plaintiffs must each allege that they have met, or attempted to meet, all of the other filing requirements.[2] Plaintiffs' allegations that they were "candidates" for various offices on February 6, 2014, the date of the filing of the Complaint, were nothing more than hypothetical conjecture, or at best statements of potential interest, as Plaintiffs could not have been officially-filed candidates at the time. Ark. Code Ann. §7-7-101 (name printed on ballot as candidate only if certified pursuant to this subchapter). Absent those specific, factual allegations, Plaintiffs' Complaint fails to raise a right to relief above a speculative level and must be dismissed. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Hagar, id.*

"[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary

---

[2] Plaintiff Michael Harrod, for example, fails to allege that he meets all other filing requirements to be an Independent Candidate for the Arkansas House of Representatives in District 84, and that Defendant Secretary of State rejected his timely tender of required filing documents for lack of a sufficient petition.

**Brief in Support of Defendant's Motion to Dismiss/More Def. Stmt., page 8**

pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). To withstand a Rule 12(b)(6) motion, a complaint must allege facts sufficient to state a claim as a matter of law, and not merely plead legal conclusions. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This standard "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* (*quoting Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). The Court should dismiss Plaintiffs' February 6 Complaint because it fails to allege sufficient facts upon which the Court can grant Plaintiffs the relief they seek, both as putative candidates and as "voters." Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a).

## PARTIES

A necessary party defendant is missing. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). Failure to join a necessary party defendant results in dismissal of the complaint. Fed. R. Civ. P. 12(b)(7).

Plaintiff William Chris Johnson is not entitled to the relief he seeks against Defendant Secretary of State. Johnson claims to be running for County Judge for White County, Arkansas. Yet, Johnson failed to name the appropriate County Clerk as a party defendant. The County Clerk is subject to service of process, and his or her addition as a party defendant will not deprive this Court of subject matter jurisdiction in this case of "federal question" jurisdiction.

All candidates for county offices, such as County Judge, file their political practices pledges, their affidavits of eligibility, and their notices of candidacy (identifying the elective office sought) with the County Clerk, not with the Secretary of State. Ark. Code Ann. §7-6-102(a)(1) (political practices pledge filed with County Clerk); *see*, Ark. Code Ann. §7-5-203(b) (certification of candidacy); Ark. Code Ann. §7-7-402(a)(2) (certificates of nomination); Ark. Code Ann. §7-7-203(g) (certification dates); *cf., e.g.,* Ark. Code Ann. §7-7-301 (affidavits of eligibility); *see, generally,* Ark. Code Ann. §7-7-103. Likewise, persons desiring to be independent candidates for county offices file their petitions at the same time (and in the same place) as their political practices pledge. Ark. Code Ann. §7-6-102(a)(2).

Defendant Secretary of State does not certify the names of candidates for County elected office to the County Boards of Election Commissioners for inclusion on the ballot. Ark. Code Ann. §7-5-203(b); *see* Ark. Code Ann. §7-7-203(h)(1)(A). Certification of names for County offices is the responsibility of the County Clerk. Ark. Code Ann. §7-7-203(h)(2)(A). Certification of nomination for Independent Candidates certified by petition is treated the same way. Ark. Code Ann. §7-7-401(e)(2). While certified lists of nominees for Lt. Governor and State House of Representatives are filed with Defendant Secretary of State, Ark. Code Ann. §7-

**Brief in Support of Defendant's Motion to Dismiss/More Def. Stmt., page 10**

7-402(a)(1), certified lists of nominees for County offices (like County Judge) are filed with the County Clerk. Ark. Code Ann. §7-7-402(a)(2).

Defendant Secretary of State has neither the power, nor the authority, to review petitions of Plaintiff William Chris Johnson for White County Judge. Nor does Plaintiff Johnson cite to any authority that Defendant Secretary of State has to require the County Clerk of White County to accept or verify petition signatures for a potential candidacy for County Judge. Nor does Plaintiff Johnson claim that Defendant Secretary of State has received, or should have received, an appropriate tender of a political practices pledge, an affidavit of eligibility, and a notice of candidacy for Plaintiff Johnson to run for White County Judge as an Independent Candidate on the November general election ballot in 2014. Plaintiff Johnson cites to no authority entitling Plaintiff Johnson to injunctive relief against Defendant Secretary of State, because there is no authority in the Arkansas Code or Constitution to require Secretary of State to verify petitions, or certify to the County Board of Election Commissioners for inclusion on the November 2014 ballot an independent candidate for county elective office like County Judge for White County.

The Court cannot afford complete relief to Plaintiff Johnson on these pleadings. Consequently, the Court must dismiss the Complaint concerning Johnson's claims against Defendant Secretary of State. Fed. R. Civ. P 12(b)(7); Fed. R. Civ. P. 19(a).

## MORE DEFINITE STATEMENT

In the alternative, Plaintiffs' Complaint is deficient in multiple ways, as set forth above. As filed, the Complaint is too vague and too ambiguous, as discussed above. Plaintiffs, in

particular, have made absolutely no allegations that Defendant (as of February 6, 2014) had taken any action which would form the basis for a cause of action against Defendant Secretary of State.  Nor have Plaintiffs shown how Defendant Secretary of State could be ordered to provide relief to Plaintiff Johnson concerning a county office over which Defendant Secretary has no jurisdiction.  Plaintiffs fail to provide any claim that the relief requested is necessary to vindicate a concrete legal entitlement that any of them may have as "voters" per se.  Before Defendant can reasonably prepare a responsive pleading, and should the Court decline to dismiss the Complaint, Plaintiffs must provide the Court, and Defendant, with those additional details missing from the February 6, 2014, Complaint, to which Defendant has objected, above.  Fed. R. Civ. P. 12(e).

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiffs any of the relief they seek; that the Court dismiss Plaintiffs' Complaint; alternatively that the Court grant Defendant's Motion for More Definite Statement and enter an appropriate Order to Plaintiffs requiring them to provide a more definite statement of all of their claims and contentions; and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 7th day of April, 2014.

Respectfully submitted,

HONORABLE MARK MARTIN

SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: kellylawfedecf@aol.com

*Attorney for Defendant
Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth above, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), and by mail and by fax to the following:

James C. Linger
1710 South Boston Avenue
Tulsa  OK  74119-4810
Fax: 918-583-8283

Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR  72201
Fax: 501-376-0770

_____
A.J. Kelly