

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

MARK MOORE, MICHAEL HARROD,                     PLAINITFFS
and WILLIAM CHRIS JOHNSON

VS.                     Case NO. 4:14-CV-65-JM

HONORABLE MARK MARTIN,
in his official capacity as
Arkansas Secretary of State                     DEFENDANT

### DEFENDANT ARKANSAS SECRETARY OF STATE MARK MARTIN'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Comes now Defendant, Arkansas Secretary of State Mark Martin, for his Reply Brief in Support of his Motion to Dismiss and Alternative Motion for More Definite Statement, by and through his attorney, and states that:

The Court should dismiss the Complaint. Plaintiffs' claims are too indefinite to survive in their current form. Plaintiffs cite to out of date case law given recent Supreme Court cases on pleading standards, and more recent Eighth Circuit cases on standing in the specific context of First Amendment constitutional challenges to ballot access laws. Plaintiffs convolute their request for relief, asking that the Court consider this an "as applied" challenge to statutory law, but phrasing their Complaint – and their prayer for relief - as a facial challenge to the

constitutionality of the entire statutory framework. Plaintiff Johnson's failure to join a necessary party is fatal, given Plaintiffs' repeated requests for both preliminary and permanent injunctive relief, including an injunction seeking to "plac[e] the plaintiffs on the Arkansas ballot as independent candidates for the general election for 2014" (Complaint at 9-10), *inter alia*. Given the confusion apparent on the face of Plaintiffs' Complaint, the Court should, at a minimum, enter an appropriate Order to require Plaintiffs to plead sufficient facts, with sufficient detail, against the appropriate parties Defendant, to permit this Defendant to prepare and file a responsive pleading, if the Court denies the Motion to Dismiss.

This is a First Amendment challenge to Arkansas statutory law concerning access to the November, 2014, general election ballot. Plaintiffs challenge certain parts of the Arkansas Code and apparently seek to have their claims adjudicated on an insufficient factual and legal record. Prior case law does not compel this Court to rule in favor of Plaintiffs, as a fully-developed factual record would show.[1] The recently revised Arkansas election calendar has not been an impediment to other similarly situated candidates, including nonpartisan judicial candidates, nonpartisan prosecutorial candidates, and at least one other independent candidate.[2] The Eighth

---

[1] The "election calendar" in Arkansas was substantially modified in 2011 in response to federal legislation (Subtitle H, Public Law 111-84, 123 Stat. 2190 (October 28, 2009)) (MOVE Act, amending applicable sections of the UOCAVA Act, 42 U.S.C. §§1973ff *et seq*.). *See, e.g.*, Arkansas Act 1185 of 2011 (amending multiple provisions of the Arkansas Code). The Arkansas legislature likewise continued to revise the election calendar in Arkansas in the 2013 session in order to harmonize Arkansas law with applicable federal law, and to improve election administration, *inter alia*.

[2] A fully-developed factual record would show that in 2014 a record number of ninety (90) candidates successfully filed *by petition* for nonpartisan judicial and prosecutorial offices by the

Circuit's recent case concerning *standing* in the specific context of a First Amendment challenge to a ballot access statutory framework requires dismissal of the Complaint in its present form.

In *Constitution Party of South Dakota v. Nelson*, 639 F.3d 417 (8th Cir. 2011),[3] defendant Secretary of State Nelson raised the issue of standing on appeal. The case was a challenge to the constitutionality of certain in-state residency requirements for those persons gathering signatures for ballot access petitions. The Eighth Circuit agreed that standing could be raised on appeal as a jurisdictional issue. *Nelson*, 639 F.3d at 420. The *Nelson* Court then vacated the judgment of the district court in favor of Defendant Nelson, and remanded the case with instructions to dismiss the Complaint, for Plaintiffs' (Appellants') lack of standing. *Id.*

*Nelson* sets forth the Eighth Circuit's current standard for reviewing the issues of standing. The "irreducible constitutional minimum" of Article III standing requires **Plaintiffs** to establish that they have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; that there is a causal connection between the injury these Plaintiffs allege and the conduct of this Defendant; and that it is "likely, as opposed to merely speculative," that the injury to *these Plaintiffs* will be redressed by a favorable decision **against this Defendant.** *Id.*

This case (on the February 6 pleadings) is nearly identical to the facts of the case affirmed in *Nelson*. The District Court opinion in *Nelson* tells the whole story: a candidate who

---

new statutory deadline, and at least one other person successfully filed as an independent candidate for the November, 2014, General Election ballot.

[3] *Nelson* concerned a Motion for Summary Judgment, and not a Motion to Dismiss.

**Reply Brief in Support of Defendant's Motion to Dismiss/More Def. Stmt., page 3**

wanted to be listed as Governor on the South Dakota ballot lacked standing because she "did not submit a petition with any signatures for certification, thus the Secretary of State never denied such a petition." *Constitution Party of South Dakota v. Nelson*, 730 F. Supp. 2d 992, 999 (D.S.D. 2010), *aff'd in part*, 639 F.3d 417.

A plaintiff required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit (ballot access) who fails to do so, lacks standing to sue because he should have at least taken steps to attempt to satisfy that precondition to ballot access. *Constitution Party of South Dakota v. Nelson*, 730 F. Supp. 2d 992, 998-99, *quoting, Pucket v. Hot Springs Sch. Dist.*, 526 F.3d 1151, 1161 (8th Cir. 2008). Plaintiffs' February 6 Complaint, to date, fails to allege sufficient facts upon which this Court can grant relief, since the February 6 Complaint was too early in time to allege an actual, concrete violation of Plaintiffs' rights. It is Plaintiffs' burden to show, on the face of a valid Complaint, that Plaintiffs have met the standing requirements for this Circuit.

Moreover, as Plaintiffs' own case law states, **Plaintiffs** must show that they are serious candidates who have been "reasonably diligent" as candidates in order to invoke the power of the federal district court. *Rock v. Bryant*, 459 F.Supp. 64, 73 (E.D. Ark. 1978) *citing, Lubin v. Parish*, 415 U.S. 709, 715, 94 S.Ct. 1315, 1319, 39 L.Ed.2d 702 (1974) *and Pratt v. Begley*, 352 F.Supp. 328, 330 (E.D.Ky. 1970), *aff'd* 409 U.S. 943, 93 S.Ct. 282, 34 L.E.2d 214 (1972) (upholding statute requiring all candidates to file nominating petitions no later than March 31, 1970, i.e., 55 days before the primary elections and 7 months in advance of the general election). [*Rock* cited in Plaintiffs' Response at 4.] In particular, Plaintiffs must demonstrate some manner

in which they were each injured by the March 3 petition deadline before this court may consider their claims.

Plaintiffs have repeatedly – yet erroneously - stated that their claims are "as applied" challenges to the legislative act in question (as opposed to a facial challenge to the statute itself). Plaintiffs' Response at 3, 4, 10, *inter alia.* Yet Plaintiffs' prayer for relief is to invalidate entire sections of the Arkansas Code, absent any factual assertions about what happened to Plaintiffs themselves. While Plaintiffs say they seek relief from the statutes "as applied," in reality they seek facial relief from purportedly unconstitutional provisions of the Arkansas Code. This is a critical distinction to make, made all the more difficult by Plaintiffs' lack of clarity in their February 6 Complaint.

A facial challenge to a legislative Act is the most difficult challenge to mount successfully, since Plaintiffs, as challenges, must establish that ***no set of circumstances exists under which the Act would be constitutionally valid.*** *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see, Washington State Grange v. Washington State Republican Party*, 522 U.S. 442, slip op. at 6 (1988). A facial challenge "must fail where the statute has a 'plainly legitimate sweep.'" *Washington State Grange, id., quoting, Washington v. Glucksberg*, 521 U.S. 702,739-740 and n. 7 (1997) (Stevens, J., concurring). As the facts would show, on a fully-developed record, successful nonpartisan and independent candidates meeting the revised statutory timeline obviate any claims of facial invalidity.

Moreover, the Supreme Court has been explicit: any challenger who *could* prevail on an as-applied challenge to a legislative Act should not be permitted to make a facial challenge.

*Brockett v. Spokane Arcades*, 472 U.S. 491 (1985). A facial challenge is prospective, because it seeks to prevent a law from being enforced on the claim that any and every enforcement, in itself, would violate someone's constitutional rights. An "as-applied" challenge is retrospective, as it seeks to redress a constitutional violation that has already purportedly occurred.

On an as-applied challenge,"[t]he statute may ... be declared invalid to the extent" of its purported unconstitutionality, "but otherwise is left intact." *Brockett*, 472 U.S. at 504. Facial challenges are, and ought to be, rare; severability is the device through which statutes' constitutional problems should normally be cured.

Plaintiffs, however, seek to avoid the explicit Supreme Court holding in *Brockett*. Plaintiffs couch their claims in "as applied" language, but nevertheless seek a declaration of facial invalidity, as well as preliminary and permanent injunctive relief, precluding Defendant from enforcing entire sections of the Arkansas Code, ***and forcing Defendant to place Plaintiffs on the three respective ballots (statewide, legislative, and county) for the November 2014 election, with absolutely no showing of compliance with other sections of Arkansas election law that are not challenged in this suit.*** Plaintiffs' claims must fail at this stage of the litigation, on the un-amended pleadings before the Court.

Plaintiffs' as yet unsubstantiated challenge, like every facial challenge, is disfavored for several reasons. "Claims of facial validity often rest on speculation. As a consequence, they raise the risk of 'premature interpretation of statutes on the basis of barebones records.' Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor

'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' Finally, facial challenges threaten to short circuit the democratic process. . . ." *Washington State Grange*, id., slip op. at 7-8 (citations supporting quotations omitted). As filed on February 6, Plaintiffs cannot mount an "as-applied" challenge, because they could not have then alleged facts necessary to support their "as-applied" claims.

      Plaintiffs repeatedly cite to cases predating the currently-applicable United States and Eighth Circuit precedent, particularly concerning pleading requirements and standing. But Plaintiffs do not challenge the accuracy of Defendant's later-cited cases. Indeed, some of the prior precedent from this U.S. District Court has been changed substantially by subsequent U.S. Supreme Court decision, federal statutory enactments, and unchallenged substantive changes to Arkansas law. The Court should follow the most recent case law concerning pleadings and standing. The Court should not be swayed by prior decisions on the merits of an unrelated facial challenge to Arkansas Code, when the Supreme Court of the United States has subsequently stated that such changes are disfavored in the ordinary course. *Brockett*; *Washington State Grange*.

      Plaintiffs do not dispute that the Clerk of White County is subject to service, and will not deprive the Court of jurisdiction over the subject matter. The Clerk of White County has not been joined by Plaintiffs, and Plaintiffs can only continue with their county-ballot claims if the White County Clerk is "made a party" by Court Order. Fed. R. Civ. P. 19(a). Failure of Plaintiffs to join the White County Clerk is additional grounds for dismissal. Fed. R. Civ. P. 12(b)(7).

The County Clerks are independent constitutional officers in the State of Arkansas, and part of the Judicial Branch of the State government. Ark. Const. Art. 7, Sec. 19. The Secretary of State has no direct power over County Clerks. *See*, Ark. Const. Art. 6, Sec. 21; *see* Ark. Const. Art. 4, Sections 1 and 2 (separation of powers). Moreover, Plaintiffs cannot compel Defendant Secretary to perform any acts in violation of the separation of powers provisions of the Arkansas Constitution – such as certifying a candidate for a county-wide ballot, verifying a county-wide candidate petition, or such other injunctive relief to which Plaintiffs may avail themselves. Ark. Const. Art. 4, Section 2.

Many of the issues set forth above, and in the Motion and Brief, might be resolved by amended pleading pursuant to Rule 10(b) of the Federal Rules of Civil Procedure. It is for this reason that Defendant has requested, in the alternative, that the Court require Plaintiffs to file a more definite statement of their claim(s), with up to date factual allegations. Fed. R. Civ. P. 12(e). "[A] more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b)." *Davis v. Coca –Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008).

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin prays that this Court grant Defendant the relief he seeks herein and in his Motion to Dismiss and alternatively for More Definite Statement; that the Court deny Plaintiffs any of the relief they seek; that the Court dismiss Plaintiffs' Complaint; alternatively that the Court grant Defendant's Motion for More Definite Statement and enter an appropriate Order to Plaintiffs

requiring them to provide a more definite statement of all of their claims and contentions in accordance with Fed. R. Civ. P. 10(b); and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 22nd day of April, 2014.

                Respectfully submitted,

                HONORABLE MARK MARTIN
                SECRETARY OF STATE
                In his Official Capacity, Defendant

                By: _____
                A.J. Kelly
                Deputy Secretary of State
                PO Box 251570
                Little Rock  AR  72225-1570
                (501) 682-3401
                Fax:  (501) 682-1213
                Email:  kellylawfedecf@aol.com

                *Attorney for Defendant*
                *Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth above, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), and by mail and by fax to the following:

James C. Linger
1710 South Boston Avenue
Tulsa  OK  74119-4810
Fax:  918-583-8283

Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR  72201
Fax:  501-376-0770



_____
A.J. Kelly