IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 14 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

MARK MOORE, MICHAEL HARROD,          PLAINITFFS
and WILLIAM CHRIS JOHNSON

V.                     Case NO. 4:14-CV-65-JM

HONORABLE MARK MARTIN,
in his official capacity as
Arkansas Secretary of State           DEFENDANT

### ANSWER OF DEFENDANT SECRETARY OF STATE MARK MARTIN

Comes now Defendant Secretary of State, Honorable Mark Martin, in his official capacity as Secretary of State ("Defendant Secretary"), for his Answer to Plaintiffs' Complaint and states as follows:

#### PARTIES, SECTION I

1.  Defendant Secretary admits that there is a registered voter named MARK MOORE in Benton County, Arkansas. Defendant Secretary denies that Mark Moore is an independent candidate for Lieutenant Governor for the 2014 General Election, as he failed timely to complete required candidacy papers and failed to tender signature petitions for that office at

any time during this calendar year.  Defendant Secretary denies all remaining allegations in paragraph 1, Section I of Plaintiffs' Complaint.

2. Defendant Secretary admits that there is a registered voter named MICHAEL HARROD in Washington County, Arkansas.  Defendant Secretary denies that Michael Harrod is an independent candidate for District 84 of the Arkansas House of Representatives for the 2014 General Election, as he failed timely to submit any required candidacy papers and failed to tender signature petitions for that office at any time during this calendar year.  Defendant Secretary denies all remaining allegations in paragraph 2, Section I of Plaintiffs' Complaint.

3. Defendant Secretary admits that there is a registered voter named WILLIAM CHRIS JOHNSON in White County, Arkansas.  Defendant Secretary lacks sufficient information and belief as to the allegations of him running for County Judge in White County, Arkansas, and so denies that William Chris Johnson is an independent candidate for County Judge in White County for the 2014 General Election.  Defendant Secretary denies all remaining allegations in paragraph 3, Section I of Plaintiffs' Complaint.

4. Defendant Secretary is without sufficient knowledge to admit or deny allegations regarding Plaintiffs' residency or citizenship.  Defendant Secretary denies all remaining allegations in paragraph 4, Section I of Plaintiffs' Complaint for lack of sufficient information or belief.

## PARTIES, SECTION II

5.     Defendant Secretary admits that Defendant Mark Martin is the duly elected Secretary of State for the State of Arkansas. Defendant Secretary states that he has statutorily imposed responsibilities, some of which concern elections, certification of election results, maintaining state election records, and helping to ensure compliance with federal election laws. Defendant Secretary states that Ark. Code Ann. §§ 7-7-401 and 25-16-403 say what they say and speak for themselves. The remaining allegations in paragraph 1, Section II of Plaintiffs' Complaint are legal conclusions, to which no response is required. To the extent there are remaining factual allegations in paragraph 1, Section II of Plaintiffs' Complaint, Defendant Secretary denies those allegations for lack of sufficient information or belief.

6.     Defendant Secretary admits he has offices in Room 256 of the Arkansas State Capitol building. To the extent there are remaining factual allegations in paragraph 2, Section II of Plaintiffs' Complaint, Defendant Secretary denies those allegations for lack of sufficient information or belief.

## JURISDICTION AND VENUE, SECTION III

7.     The allegations set forth in Section III of Plaintiffs' Complaint are legal conclusions, to which no response is required. To the extent that there are factual allegations in Section IV of Plaintiffs' Complaint, Defendant Secretary denies those allegations for lack of sufficient information or belief.

## STATEMENT OF THE CLAIM, SECTION IV

8.   The allegations set forth in Section IV of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent that there are factual allegations in Section IV of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

## SECTION V

9.   The allegations set forth in Section V of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent that there are factual allegations in Section V of Plaintiffs' Complaint, Defendant Secretary denies those allegations

10.   Defendant Secretary states that Ark. Code Ann. § 7-7-101 says what it says and speaks for itself.

11.   Defendant Secretary states that Ark. Code Ann. § 7-7-103 says what it says and that it speaks for itself.

12.   Defendant Secretary denies that Plaintiffs' Complaint accurately quotes Ark. Code Ann. § 7-7-203(c)(1). Defendant Secretary states that Ark. Code Ann. § 7-7-203(c)(1) says what it says (in the Arkansas Code) and that it speaks for itself, although Plaintiffs quote from an out of date version which does not apply to this matter.

## SECTION VI

13.   The allegations in paragraph 1, Section VI of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent that there are factual allegations

made in Section paragraph 1, Section VI of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

14. The allegations in paragraph 2, Section VI of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent that there are factual allegations in paragraph 2, Section VI of Plaintiffs' Complaint, Defendant Secretary denies those allegations. Defendant Secretary admits that Ark. Code Ann. § 7-7-103(b)(1)(A) was amended by the Arkansas Legislature in 2013.

### SECTION VII

15. The allegations in Section VII of the Complaint state legal conclusions, and so require no response. Defendant Secretary admits that Ark. Code Ann. § 7-7-103(b)(1)(A) was amended by the Arkansas Legislature in 2013 by Act 1356. Defendant Secretary states that Ark. Code Ann. §§ 7-7-103(b)(1)(A), 7-7-108, and 7-7-203(c)(1) say what they say and speak for themselves. Defendant Secretary admits that the filing deadline for candidates running for offices *other than* President and Vice President of the United States was on March 3rd, 2014, in accordance with Ark. Code Ann. § 7-7-203(c)(1). To the extent that the remaining allegations in Section VII are factual allegations, Defendant Secretary denies those allegations.

### SECTION VIII

16. Defendant Secretary admits that the petition filing deadline for independent candidates running for positions *other than* President and Vice President of the United States was

March 3rd, 2014, in accordance with Ark. Code Ann. § 7-7-203(c)(1). The remaining allegations in paragraph 1, Section VIII of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent there are remaining factual allegations in paragraph 1, Section VIII of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

17. Defendant Secretary states that the allegations set forth in paragraph 2, Section VIII of Plaintiffs' Complaint are legal conclusions, to which no response is required. To the extent there are factual allegations in paragraph 2, Section VIII of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

## SECTION IX

18. Defendant Secretary admits that the filing deadline for independent candidates running for positions other than President or Vice President of the United States coincides with the party filing period, and that the deadline for the party filing period was on Monday, March 3, 2014. Defendant Secretary admits that the Preferential Primary election took place on Tuesday, May 20, 2014; that the General Primary (runoff) Election took place on June 10, 2014; that the General Election is November 4, 2014; and that the General Election Runoff will take place on Tuesday, November 25, 2014. The remaining allegations in Section IX state legal conclusions, to which no response is required. To the extent that there are factual allegations in Section IX of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

## SECTION X

19. The allegations in Section X of Plaintiffs' Complaint state legal conclusions, and so require no response. To the extent that there are factual allegations in Section X of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

20. The allegations in Section X, subparagraph A, of Plaintiffs' Complaint state legal conclusions, and so require no response. To the extent that there are factual allegations in Section X, subparagraph A, of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

21. The allegations in Section X, subparagraph B, of Plaintiffs' Complaint state legal conclusions, and so require no response. To the extent that there are factual allegations in Section X, subparagraph B, of Plaintiffs' Complaint, Defendant Secretary denies those allegations.

## SECTION XI

22. The allegations in Section XI of Plaintiffs' Complaint state legal conclusions, to which no response is required. To the extent that there are factual allegations in Section XI of Plaintiffs' Complaint, Defendant Secretary denies those allegations for lack of sufficient information or belief.

23. Defendant Secretary denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.

24.     Defendant Secretary denies that any of the named Plaintiffs is entitled to any of the relief they seek in their Complaint.

## AFFIRMATIVE DEFENSES

25.     Pleading affirmatively, Defendant states that Acts of the Arkansas General Assembly are entitled to a presumption of constitutionality.

26.     Pleading affirmatively, Defendant Secretary states that Plaintiffs have failed to join all necessary parties as required by Fed. R. Civ. P. 19; Fed. R. Civ. P. 12(b)(7).

27.     Pleading affirmatively, Defendant Secretary states that Plaintiffs lack standing to bring the present action because there has been no harm to Plaintiffs cause by this Defendant.

28.     Pleading affirmatively, Plaintiffs' Complaint does not alleged that they have taken any action, or have been prohibited from taking any action, to become independent candidates for the 2014 elections.

29.     Pleading affirmatively, Defendant Secretary states that Plaintiffs have failed to fulfill statutory requirements to be placed on the ballot for the 2014 general election, *other than* the petition signature requirement which is the subject of the Complaint; deadlines to file political practices pledges, affidavits of eligibility, and notices of candidacy have passed, and Plaintiffs make no allegation in the Complaint that they have met the statutory requirements *other than* the petition signature requirement which is the subject of the Complaint.

30.     Pleading affirmatively Defendant Secretary states that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

31.     Pleading affirmatively, Defendant Secretary states that Plaintiffs' Complaint fails to state sufficient facts upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

32.     Pleading affirmatively, Defendant Secretary states that Plaintiff Moore waited until the last day of the filing period to attempt to file for Lieutenant Governor, and subsequently failed to sign his name to his Notice of Candidacy, as set forth on Exhibit 1 to this Answer, i.e., a defect that was not cured prior to the closing of the filing period at 12:00 noon in Little Rock on March 3, 2014.

33.     Pleading affirmatively, Defendant Secretary states that Plaintiff Moore acknowledged that submission of petition signatures was necessary at the time of filing, and that he had failed to tender *any petition signatures at all* by the close of the filing period at 12:00 noon in Little Rock on March 3, 2014, as set forth on Exhibit 2 to this Answer.

34.     Pleading affirmatively, Defendant Secretary states that Defendant Secretary notified Plaintiff Moore by letter indicating that his attempt at filing to be an independent candidate for Lieutenant Governor had failed for the reasons set forth in the two immediately preceding paragraphs, on March 7, 2014, as set forth on Exhibit 3 to this Answer, at the address provided by Plaintiff Moore, with a copy to his counsel of record in this matter.

35.     Pleading affirmatively, Defendant Secretary states that Plaintiff Moore has failed to tender any petition signatures for the Office of Lieutenant Governor for 2014, to the date of the filing of this Answer, and therefore cannot qualify to be placed on the General Election ballot at this date.

36. Pleading affirmatively, Defendant Secretary states that Plaintiff Michael Harrod failed to file with Defendant Secretary an Affidavit of Eligibility, a Notice of Candidacy, a political practices pledge, or any petition signatures seeking the office of Member of the State House of Representatives, at any time during this calendar year, and so is not in any way qualified to be a candidate for office for the Arkansas House of Representatives in 2014.

37. Pleading affirmatively, Defendant Secretary states that Defendant Secretary is not the filing official for the County Judge for White County, and so lacks both power and authority to certify any candidate for the office of County Judge for White County, Arkansas; and that any attempt to do so would be a violation of the Separation of Powers provisions of the Arkansas Constitution.

38. Pleading affirmatively, Defendant Secretary states that Plaintiffs are estopped from obtaining any of the relief they seek from this Court at this juncture.

39. Pleading affirmatively, Defendant Secretary states that Plaintiffs are precluded from obtaining any relief from this Court at this juncture, as the relief they seek is now illegal under Arkansas law where Plaintiffs have failed to meet statutory filing requirements, *other than* the petition signature requirement at issue.

40. Pleading affirmatively, Defendant Secretary states that Plaintiffs are precluded from obtaining any relief from this Court as a result of their own laches.

41. Pleading affirmatively, Defendant Secretary states that Plaintiffs are precluded from obtaining the relief they seek, as the statutory filing period for candidacies expired on

March 3, 2014, at 12:00 noon, and Plaintiffs had not met requirements for eligibility *other than* the petition signature requirements, and that is effectively a statute of limitations on their action.

42. Pleading affirmatively, Defendant Secretary states that all three named Plaintiffs could have avoided any of the petition signature requirements by filing for office as **write-in candidates**, pursuant to Arkansas Code Annotated §7-5-205, but that all three failed to do so, and have thereby waived any claims for relief by their own inaction.

43. Pleading affirmatively, Defendant Secretary states that numerous other candidates filed by petition in 2014, including nonpartisan judicial candidates, nonpartisan prosecutorial candidates, and at least one other independent candidate with Defendant Secretary of State.

44. Pleading affirmatively, Defendant Secretary pleads that Plaintiffs are precluded from obtaining relief by waiver, avoidance, and any other affirmative defense.

45. Defendant Secretary of State asks the Court to dismiss the Complaint; to deny Plaintiffs any of the relief they seek; and that the Court take such additional action as is appropriate under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Mark Martin, in his official capacity as Secretary of State, prays that the Court dismiss Plaintiffs' Complaint; that the Court deny Plaintiffs any of the relief they seek; and for all other relief to which Defendant Secretary may be entitled under the circumstances.

Dated this 14th day of August, 2014.

Respectfully submitted,

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
AJ Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth below, I have served a copy of the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF) and by fax to the Plaintiffs through their counsel.

Dated this 14th day of August, 2014.

_____
AJ Kelly

140555

# NOTICE OF CANDIDACY
FOR INDEPENDENT CANDIDATES IN PARTISAN ELECTIONS
Pursuant to §7-7-103(a)(1); §7-7-103(2)(A)

~~FILED~~

MAR 03 2014

Arkansas
Secretary of State

I, __MARK MOORE__ do hereby give notice of my
(Print your name, and if applicable, your title as you wish for it to appear on the ballot)

intention to file as an independent candidate without party affiliation for the office of
__LIEUTENANT GOVERNOR__,

District #/Ward/Zone/Position (if applicable) _____

in the election to be held on __NOV 4th 2014__.

_____
Signature of Candidate

__MARCH 3, 2014__
Date Filed

__MARK MOORE__
Printed Name of Candidate

__1272 PACE LANE__
Residential Address

__PEA RIDGE AR 72751__
City, State, Zip Code

An independent candidate shall state the same position including the position number, if any, on his or her petition.

Revised 08/29/05

Exhibit 1

140555

# ACKNOWLEDGEMENT BY INDEPENDENT CANDIDATE
## CONCERNING PETITION SIGNATURES

FILED

MAR 03 2014

Arkansas
Secretary of State

Arkansas Code Annotated § 7-7-103(a)(1) states:

A person desiring to have his or her name placed upon the ballot as an independent candidate without political party affiliation for any United States office other than President of the United States or Vice President of the United States or state, county, township, or district office in any general election in this state shall file, during the party filing period for the year in which the election is to be held, a political practices pledge, an affidavit of eligibility, the petition under this section, and a notice of candidacy stating the name and title the candidate proposes to appear on the ballot and identifying the elective office sought, including the position number, if any.

By my signature below, I __MARK MOORE__, hereby acknowledge that I did **NOT** submit any petition signatures when I filed my Political Practices Pledge, Notice of Candidacy and Affidavit of Eligibility with the Arkansas Secretary of State.

_____          _____
Signature                                                       Date

**Exhibit 2**



# ARKANSAS SECRETARY OF STATE

# MARK MARTIN

March 7, 2014

Mr. Mark Moore  
1272 Pace Lane  
Pea Ridge  AR  72751

*Via certified and regular mail*  
*Certified No. 7010 3090 0001 0522 6978*  
*Return Receipt Requested*

Re:  Tendered filing attempt (March 3, 2014)  
     Independent Candidacy for Lieutenant Governor (November 2014 General Election)

Dear Mr. Moore:

This concerns your attempted filing with the Arkansas Secretary of State on March 3, 2014. As we discussed in person on March 3, your candidacy for Lieutenant Governor is not "officially filed."

First, your Notice of Candidacy was not signed and should not have been filed as a result. A copy of the Notice is included herein for your review.

Second, you failed to tender any Petition or Petition Signatures at the time of filing, as required by Arkansas law. This is set forth on the Acknowledgement by Independent Candidate Concerning Petition Signatures that you signed on March 3, 2014. A copy is enclosed for your review. It is my understanding that your failure to file Petition Signatures means that your tendered filing is insufficient to place your name on the ballot in the November General Election.

For the foregoing reasons, your name will not be certified to the County Boards of Election Commissioners in August of this year, as an independent candidate for Lieutenant Governor.

Sincerely yours,

Rob Hammons  
Director of Elections

RH/rh  
Enclosures (as stated)  
Cc:  Mr. James C. Linger (with enclosures)  
     Mr. Jeffrey M. Rosenzweig (with enclosures)  
     Ms. Martha Adcock, General Counsel, Secretary of State (without enclosures)

Suite 256 State Capitol • Little Rock, Arkansas 72201-1094  
501-682-1010 • Fax 501-682-3510  
e-mail: arsos@sos.arkansas.gov • www.sos.arkansas.gov

Exhibit 3