**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARK MOORE, MICHAEL HARROD,**                         **PLAINITFFS**
**and WILLIAM CHRIS JOHNSON**

**VS.**                          **Case NO. 4:14-CV-65-JM**

**HONORABLE MARK MARTIN,
in his official capacity as
Arkansas Secretary of State**                              **DEFENDANT**

## DEFENDANT ARKANSAS SECRETARY OF STATE MARK MARTIN'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now Defendant, Arkansas Secretary of State Mark Martin, for his Brief in Support

of his Motion for Summary Judgment, by and through his attorney, and states that:

The Court should grant judgment in favor of Defendant as a matter of law. Plaintiffs lack

standing and so the Court does not have subject matter jurisdiction. Plaintiffs cannot show that

they have suffered any injury *as a result of the actions of this Defendant.* Plaintiffs cannot show

that this Court can remedy any actual injury or harm to these Plaintiffs for the 2014 General

Election. Plaintiff Johnson has failed to join necessary parties and so cannot obtain the relief he

seeks. Plaintiffs took no action to resolve this matter prior to the 2014 General Election and

cannot now complain about the results. The 2014 General Election has been held; results have

been certified (Ex. 8, 9); and none of the Plaintiffs took any action to have their names placed on the ballot after February 6, 2014.  The case is moot.  Defendant is entitled to judgment accordingly.

A Motion for Summary Judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Nelson v. City of McGehee*, 876 F.2d 56 (8th Cir. 1989); Fed. R. Civ. P. 56.  The moving party has a burden to demonstrate that the record does not disclose a genuine issue of material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue, and to identify that part of the record which bears out his assertion.   *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988).  "A non-moving party may not avoid summary judgment by resting on allegations, but must set forth facts sufficient to raise a genuine issue for trial."  *Celotex Corp. v. Cartrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56.

This is ostensibly a ballot access case.  Plaintiffs sought to have their names printed on the November 4, 2014 General Election ballot in the State of Arkansas as "Independent Candidates."  Plaintiffs challenged only the ***timing*** of the requirement that Independent Candidates submit their petition signatures in order to qualify to have their names printed on the ballot,[1] and sought to have the deadline "moved" from March 3, 2014, to May 1, 2014.

---

[1]  The deadlines for filing all relevant documents to qualify any and all candidates for the November, 2014, General Election ballot for all state and county candidates was changed to the end of the party filing period, March 3, 2014, during the 2013 legislative session.  *See, e.g.,* Act

However, Plaintiffs collected no signatures on candidate petitions, submitted no signatures on candidate petitions, and did not even attempt to submit signatures on valid candidate petitions, by either of those deadlines (March 3 nor May 1, 2014).  (Ex. 1, 2, 3, 4, 5).  It is undisputed that Plaintiffs' names were not placed on the 2014 General Election ballot for the State of Arkansas. It is undisputed that the 2014 General Election has taken place, and the relief Plaintiffs seek is no longer available for this election cycle.

## STANDING AND JURISDICTION

Plaintiffs cannot show that they suffered an injury as a result of the actions of this Defendant that can be redressed by this Court.  Plaintiffs' Complaint was filed on February 6, 2014, i.e., prior to the "party filing period" for candidates.   The party filing period in 2014 is a one week period ending at 12:00 noon on March 3, and beginning one (1) week prior to the end date, February 24.  Ark. Code Ann. §7-7-203(c)(1).  Independent Candidates must file during the party filing period.  Ark. Code Ann. §7-7-203(c); Ark. Code Ann. §7-7-103(a).   Since Plaintiffs' February 6 Complaint was filed, only Plaintiff Moore attempted to file necessary candidate paperwork with Defendant, albeit unsuccessfully, as a result of his own actions. (Ex. 1, 4, 5, 6, 7).  Neither of the other two Plaintiffs filed or attempted to file any of the necessary candidate paperwork with Defendant during the party filing period ending on March 3, 2014. (Ex. 2, 3).

---

1356, Acts of Arkansas 2013, *codified at* Ark. Code Ann. §7-7-103 (changing only the deadline for filing petition signatures for independent candidates to March 3, 2014 from May 1).

Plaintiffs do not have standing to complain.  Standing is a matter of jurisdiction. *Constitution Party of South Dakota v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011).  Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies.  *Id. (citing cases)*.  It is the Article III standing requirement that enforces this case-or-controversy requirement.  *Id.*  To satisfy the "irreducible constitutional minimum" of Article III standing, each Plaintiff must establish that he or she has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; that there is "a causal connection between the injury and the conduct complained of"; and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Id., (*citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.E.2d 351 (1992)).  Plaintiffs are unable to do so now, as a result of their own lack of action.

Courts have repeatedly held that under Article III of the Constitution, a threshold requirement for any civil action is a "case or controversy" that exists when the named plaintiff has alleged a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).  The Supreme Court has held that:

> [A] plaintiff . . . must allege specific, concrete facts demonstrating that the challenged practices harm him, and that he personally would benefit in a tangible way from the court's intervention. Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of 'a real need to exercise the power of judicial review' or that relief can be framed 'no broader than required by the precise facts to which the court's ruling would be applied.'

\* \* \*

> The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.

*Warth v. Seldin*, 422 U.S. 490, 508, 517-18, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Plaintiff's "threat of injury" must be both "real and immediate" not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). Plaintiffs' theory of injury (concerning access to the Arkansas ballot) is now much too speculative to satisfy the well-established requirement that threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1143 (2013) (citing *Whitmore* v. *Arkansas*, 495 U.S. 149, 158 (1990)). "[A]llegations of possible future injury" are not sufficient. Id. at 1147 (*citing Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

In this case, Plaintiffs now cannot meet this standard. This Defendant has done nothing to harm these three named Plaintiffs. Plaintiff did not harm Moore; he failed to sign his Notice of Candidacy and failed to submit, or attempt to submit, candidate petition signatures at any time. (Ex. 1, 4, 5, 6, 7). Neither Plaintiff Harrod, nor Plaintiff Johnson, submitted, or attempted to submit, *any* of the necessary candidate paperwork to this Defendant during the party filing period. (Ex. 2, 3, 4).

Plaintiffs must show that they *actually filed* or *attempted to file* for the office they claim to seek, during the appropriate time frame, February 24 to March 3, 2014. Plaintiffs must

additionally show that they fulfilled all of the other requisite filing requirements, unchallenged in the Complaint, such as filing or tendering "affidavits of eligibility" (Ark. Code Ann. §7-7-203(c)(2)), and "political practices pledge" (Ark. Code Ann. §7-7-203(c)(3)).  "The name of a candidate who fails to file a ... political practices pledge by the filing deadline with the Secretary of State or county clerk, as the case may be, shall not appear on the ballot."  Ark. Code Ann. §7-7-203(c)(4).   It is undisputed that Harrod and Johnson both failed to file this paperwork with this Defendant during the one-week period ending at noon on March 3, 2014. (Ex. 2, 3, 4).

Each Plaintiff, as a person "desiring to have his ... name placed upon the ballot as an independent candidate without political party affiliation for any ... state, [or] county ... office in any general election in this state" must have filed "during the party filing period for the year in which the election is to be held, *a political practices pledge, an affidavit of eligibility,* the petition under this section*, and a notice of candidacy stating the name and title the candidate proposes to appear on the ballot and identifying the elective office sought, including the position number, if any*."  Ark. Code Ann. §7-7-103(a)(1) (emphasis added).  Plaintiffs apparently challenge only the petition timing requirement.  Consequently, for purposes of *Nelson* and *Lujan* standing, Plaintiffs must each allege that they have met all of the other necessary statutory requirements, none of which they challenge, before they can challenge the timing of the petition requirement in Ark. Code Ann. §7-7-103(b).  None of the Plaintiffs satisfied these statutory requirements, wholly apart from the petition signature process.  (Ex. 1, 2, 3, 4, 5, 6, 7).

It is undisputed that neither Harrod nor Johnson filed appropriate *political practices pledges, affidavits of eligibility, and appropriate notices of candidacy stating the name and title*

*each Plaintiff proposed to appear on the ballot and identifying the elective office sought, including the position number* with Defendant. (Ex. 2, 3, 4). Without these specific elements of proof, Plaintiffs Harrod and Johnson are not entitled to the relief they seek.

While Moore did file a political practices pledge and an affidavit of eligibility, he failed to sign his Notice of Candidacy during the party filing period, and was informed that this precluded him from running for Lt. Governor. (Ex. 4, 6). Moreover, Moore did not attempt to file candidate petition signatures at any time, and was additionally notified in writing that his failure to file petition signatures precluded him from having an effective filing as a candidate for Lt. Governor. (Ex. 1, 7).

Nor can any of the three Plaintiffs show any particularized harm to them as actual "voters" for themselves or for any of the other named Plaintiffs, because it is undisputed that the three Plaintiffs names did not appear on the ballot as a result of their own failures, unrelated to actions of this Defendant. (*See* Ex. 8, 9 (certified election results for 2014 General Election)).

Nor can Plaintiffs show that there was no other manner in which Plaintiffs – as voters – could have cast their November 2014 General Election ballot for themselves or for the other named Plaintiffs. There are multiple ways of voting for a "candidate" in Arkansas. In particular, "write-in" candidates have no petition signature requirement. Ark. Code Ann. §7-5-205. Plaintiffs make no showing that the declaratory and injunctive relief they sought was necessary to avoid any harm to them as "voters" for the 2014 General Election. Moreover, Plaintiffs cannot show the abridgement of any right to vote for themselves, or any other Plaintiff, where each named Plaintiff has failed to meet all of the unchallenged prerequisites to becoming a

candidate for the November 2014 General Election ballot.  Absent such particularized grounds

for relief, Plaintiffs' standing as "voters" is wholly insufficient for them to have standing; and is

likewise insufficient for this Court to conclude that it has subject matter jurisdiction.

Plaintiffs cannot show that their attempts at filing appropriate materials were denied by

Defendant, or an appropriate County Clerk, *solely* as a result of the early petition signature

deadline.  (Ex. 1, 2, 3).  Because each Plaintiff cannot show an actual, concrete, injury in fact, as

a result of the actions of this Defendant, i.e., cognizable claims, Plaintiffs lack standing.  There is

no case or controversy against this Defendant as of the date of the filing of this Motion.  None of

the three Plaintiffs has any further right to be in federal court; and the Court does not have power

to hear and dispose of unsubstantiated claims.  *Holloway v. Pagan River Dockside Seafood, Inc.*,

669 F.3d 448, 452 (4th Cir. 2012). This Court, consequently, lacks subject matter jurisdiction to

hear this case.  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1143; *Constitution Party of South

Dakota v. Nelson*, 639 F.3d 417, 420.

This case is nearly identical to the facts of the case affirmed in *Nelson*.  The District

Court opinion in *Nelson* tells the whole story:  a candidate who wanted to be listed as Governor

on the South Dakota ballot lacked standing because she "did not submit a petition with any

signatures for certification, thus the Secretary of State never denied such a petition."

*Constitution Party of South Dakota v. Nelson*, 730 F. Supp. 2d 992, 999 (D.S.D. 2010), *aff'd in

part*, 639 F.3d 417.  This is on "all fours" with this case, as none of the three Plaintiffs submitted

any signatures for certification; and Defendant Secretary, consequently, never any candidate

signature petitions for any of these three Plaintiffs.

A plaintiff required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit (ballot access) who fails to do so, lacks standing to sue because he should have at least taken steps to attempt to satisfy that precondition to ballot access. *Constitution Party of South Dakota v. Nelson*, 730 F. Supp. 2d 992, 998-99, *quoting, Pucket v. Hot Springs Sch. Dist.*, 526 F.3d 1151, 1161 (8th Cir. 2008). Plaintiffs, to date, fail to show sufficient facts upon which this Court can grant relief; Defendant did not at any time deny any candidate petition signatures of any of the three named Plaintiffs. It is Plaintiffs' burden to show that Plaintiffs have met the standing requirements for this Circuit. They cannot do so now.

Moreover, *Plaintiffs* must show that they are serious candidates who have been "reasonably diligent" as candidates in order to invoke the power of the federal district court. *Rock v. Bryant*, 459 F.Supp. 64, 73 (E.D. Ark. 1978) (*citing, Lubin v. Parish*, 415 U.S. 709, 715, 94 S.Ct. 1315, 1319, 39 L.Ed.2d 702 (1974) *and Pratt v. Begley*, 352 F.Supp. 328, 330 (E.D.Ky. 1970), *aff'd* 409 U.S. 943, 93 S.Ct. 282, 34 L.E.2d 214 (1972) (upholding statute requiring all candidates to file nominating petitions no later than March 31, 1970, i.e., 55 days before the primary elections and 7 months in advance of the general election)). In particular, Plaintiffs must demonstrate some manner in which they were each injured by the March 3 petition deadline before this court may further consider their claims; this they cannot do.

## MOOTNESS

Irrespective of standing, Plaintiffs' February 6 Complaint is still fatally defective. Now that the 2014 general election has concluded, Plaintiffs are not entitled to any additional relief.

This Court does not have jurisdiction over cases in which "due to the passage of time or a change in circumstances, the issues presented ... will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation." *Arkansas AFL-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993) (*en banc*).  Plaintiffs took no action to have a court decide this controversy before now.  The General Election took place on November 4, 2014; none of the Plaintiffs had their petitions denied, they simply failed to undertake legally required steps – and in the case of Harrod, any steps at all – to have their names placed on the ballot on November 4. They have now lost the right to seek further relief in this Court on this Complaint due to the passage of time (more than nine (9) months since their initial filing).

## PARTIES

A necessary party defendant, the County Clerk from White County, Arkansas, is still missing.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties.  Fed. R. Civ. P. 19(a)(1)(A).  Failure to join a necessary party defendant results in dismissal of the complaint.  Fed. R. Civ. P. 56.

Plaintiff William Chris Johnson is not entitled to the relief he seeks against Defendant Secretary of State.  Johnson claimed to be running for County Judge for White County, Arkansas.  Yet, Johnson failed to name the appropriate County Clerk as a party defendant.   The County Clerk is subject to service of process, and his or her addition as a party defendant will not deprive this Court of subject matter jurisdiction in this case of "federal question" jurisdiction.

All candidates for county offices, such as County Judge, file their political practices pledges, their affidavits of eligibility, and their notices of candidacy (identifying the elective office sought) with the County Clerk, not with the Secretary of State. Ark. Code Ann. §7-6-102(a)(1) (political practices pledge filed with County Clerk); *see*, Ark. Code Ann. §7-5-203(b) (certification of candidacy); Ark. Code Ann. §7-7-402(a)(2) (certificates of nomination); Ark. Code Ann. §7-7-203(g) (certification dates); *cf., e.g.,* Ark. Code Ann. §7-7-301 (affidavits of eligibility); *see, generally*, Ark. Code Ann. §7-7-103. Likewise, persons desiring to be independent candidates for county offices file their petitions at the same time (and in the same place) as their political practices pledge. Ark. Code Ann. §7-6-102(a)(2). Unlike Plaintiff Johnson, candidate Jacky Loucks timely submitted all required materials to appear on the White County General Election ballot as an Independent Candidate for County Judge (including timely submitted and complete candidate petition signatures). Exhibit 8 (p. 20 of 48).

Defendant Secretary of State does not certify the names of candidates for County elected office to the County Boards of Election Commissioners for inclusion on the ballot. Ark. Code Ann. §7-5-203(b); *see* Ark. Code Ann. §7-7-203(h)(1)(A). Certification of names for County offices is the responsibility of the County Clerk. Ark. Code Ann. §7-7-203(h)(2)(A). Certification of nomination for Independent Candidates certified by petition is treated the same way. Ark. Code Ann. §7-7-401(e)(2). While certified lists of nominees for Lt. Governor and State House of Representatives are filed with Defendant Secretary of State, Ark. Code Ann. §7-7-402(a)(1), certified lists of nominees for County offices (like County Judge) are filed with the County Clerk. Ark. Code Ann. §7-7-402(a)(2).

County Clerks are independent constitutional officers in the State of Arkansas, and part of the Judicial Branch of the State government.  Ark. Const. Art. 7, Sec. 19.   The Secretary of State has no direct power over County Clerks.  *See*, Ark. Const. Art. 6, Sec. 21; *see* Ark. Const. Art. 4, Sections 1 and 2 (separation of powers).  Moreover, Plaintiffs cannot compel Defendant Secretary to perform any acts in violation of the separation of powers provisions of the Arkansas Constitution – such as certifying a candidate for a county-wide ballot, verifying a county-wide candidate petition, or such other injunctive relief to which Plaintiffs may avail themselves now that the General Election for 2014 has concluded.  *See* Ark. Const. Art. 4, Section 2.

Defendant Secretary of State has neither the power, nor the authority, to review petitions of Plaintiff William Chris Johnson for White County Judge.  Nor does Plaintiff Johnson cite to any authority that Defendant Secretary of State has to require the County Clerk of White County to accept or verify petition signatures for a potential candidacy for County Judge.  Nor does Plaintiff Johnson claim that Defendant Secretary of State has received, or should have received, an appropriate tender of a political practices pledge, an affidavit of eligibility, and a notice of candidacy for Plaintiff Johnson to run for White County Judge as an Independent Candidate on the November General Election ballot in 2014.  Plaintiff Johnson cites to no authority entitling Plaintiff Johnson to injunctive relief against Defendant Secretary of State, because there is no authority in the Arkansas Code or Constitution to require Secretary of State to verify petitions, or certify to the County Board of Election Commissioners for inclusion on the November 2014 ballot an independent candidate for county elective office like County Judge for White County.  It is far too late to make such a showing now.

The Court cannot afford any relief to Plaintiff Johnson at this stage of the litigation. Consequently, the Court must enter judgment dismissing the Complaint concerning Johnson's claims against Defendant Secretary of State.  Fed. R. Civ. P. 19(a); Fed. R. Civ. P. 56.

*WHEREFORE*, and for the foregoing reasons, Defendant Secretary of State Mark Martin prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiffs any of the relief they seek; that the Court enter judgment as a matter of law in favor of Defendant against all three named Plaintiffs; and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 26th day of November, 2014.

Respectfully submitted,

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax:  (501) 682-1213
Email:  kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth above, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), and by FedEx to the following:

James C. Linger
1710 South Boston Avenue
Tulsa  OK  74119-4810


Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR  72201

_____
A.J. Kelly