IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, MICHAEL HARROD,            PLAINTIFFS
and WILLIAM CHRIS JOHNSON

VS.            NO. 4:14-CV-65-JM

MARK MARTIN in his official capacity as
Arkansas Secretary of State            DEFENDANT

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant respectfully comes before this Court pursuant to Rule 56 Fed. R. Civ. P. and for his Statement of Material Facts Not in Dispute states:

1. Plaintiff Mark Moore did not at any time file any signature petitions with Defendant Secretary of State in his attempt to be placed on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held on November 4, 2014. Exhibit 1.

2. Plaintiff Moore did not at any time attempt to file any signature petitions with Defendant Secretary of State in his attempt to be placed on the ballot as an Independent candidate for Lieutenant Governor for the General Election held November 4, 2014. Exhibit 1.

3. As of August 1, 2014, Plaintiff Moore did not have in his actual possession any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held on November 4, 2014. Exhibit 1.

Defendant's Statement of Material Facts Not in Dispute 1

4. As of August 1, 2014, Plaintiff Moore did not have constructive possession of any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election that was held on November 4, 2014. Exhibit 1.

5. As of August 1, 2014, Plaintiff Moore was not aware of any person gathering any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014. Exhibit 1.

6. As of August 1, 2014, Plaintiff Moore was not aware of any person possessing any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014. Exhibit 1.

7. As of August 1, 2014, Plaintiff Moore had not gathered any signatures on any petition to place himself on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014. Exhibit 1.

8. Plaintiff Moore received and signed a notification of his failure to submit petition signatures, titled "Acknowledgement by Independent Candidate Concerning Petition Signatures," dated March 3, 2014. Exhibit 1.

9. Attached Exhibit 5 is a true and correct copy of the "Acknowledgement by Independent Candidate Concerning Petition Signatures," which Plaintiff Moore signed. *See also* Exhibit 1.

10. Plaintiff Moore's Notice of Candidacy was deficient for failure to sign his 2014 Notice of Candidacy. Exhibit 4; Exhibit 6.

11. Plaintiff Moore received a letter that was sent by Defendant Secretary in March of 2014 notifying Plaintiff Moore that the attempted filing for the office of Lieutenant Governor for

the State of Arkansas for the November 2014 General Election in Arkansas was deficient for failure to sign the notice of Candidacy. Exhibit 1; Exhibit 7.

12. Plaintiff Moore received a letter that was sent by Defendant Secretary in March of 2014 notifying Plaintiff Moore that the attempted filing for the office of Lieutenant Governor for the State of Arkansas for the November 2014 General Election in Arkansas was deficient for failure to submit any petition signatures. Exhibit 1; Exhibit 7.

13. Plaintiff Moore did not file any petition signatures by March 3, 2014, the deadline for the filing period for all offices for the November 4, 2014 General Election. Exhibit 1.

14. As of August 1, 2014, Plaintiff Moore had not collected any signatures, was not aware of the existence of any signatures, and consequently Plaintiff Moore did not file any petition signatures by May 1, 2014, the date Plaintiffs claim to be the correct filing deadline. Exhibit 4.

15. Plaintiff Moore's failure to meet multiple filing requirements is the reason his name was not certified to the County Boards of Election Commissioners for placement on the November 4, 2014 General Election ballot. Exhibit 4.

16. Plaintiff Moore received Defendant Secretary's Request for Admission by certified mail at the office of his counsel in Little Rock as shown on the return receipt for the cover letter received by Defendant Secretary on July 21, 2014. Exhibit 2.

17. Plaintiff Michael Harrod failed to respond to Defendant Secretary's July 15, 2014 Requests for Admission at any time prior to this date.

18. Plaintiff Michael Harrod did not at any time file any signature petitions with Defendant Secretary of State concerning his attempt to be placed on the ballot as an Independent

Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

19. Plaintiff Harrod did not at any time attempt to file any signature petitions with Defendant, Arkansas Secretary of State, concerning his attempt to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

20. Plaintiff Harrod, as of August 22, 2014, did not have in his actual possession any signatures on any petition to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

21. Plaintiff Harrod, as of August 22, 2014, did not have in his constructive possession any signatures on any petition to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

22. Plaintiff Harrod, August 22, 2014, was not aware of any person gathering any signatures on any petition to place Plaintiff Harrod on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

23. Plaintiff Harrod, as of August 22, 2014, was not aware of any person possessing any signatures on any petition to place Plaintiff Harrod on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

24.     Plaintiff Harrod, as of August 22, 2014, had not gathered any signatures on any petition to place him on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

25.     Plaintiff Harrod did not file, or attempt to file, a Notice of Candidacy with Defendant Secretary of State on or before noon March 3, 2014, central time concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election.  Exhibit 2

26.     Plaintiff Harrod did not file, or attempt to file, a Political Practices Pledge with Defendant Secretary of State, on or before noon on March 3, 2014, concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election. Exhibit 2.

27.     Plaintiff Harrod did not file, or attempt to file, an Affidavit of Eligibility with Defendant Arkansas Secretary of State, on or before March 3, 2014, concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election. Exhibit 2.

28.     Plaintiff Harrod did not file any petition signatures with Defendant Secretary by March 3, 2014, the deadline for the filing period for all offices for the November 4, 2014, General Election. Exhibit 2.

29.     Plaintiff Harrod did not file, or attempt to file, any petition signatures with Defendant Secretary by May 1, 2014, the date that Plaintiffs claim is the correct filing deadline. Exhibit 2.

30. Plaintiff Harrod's failure to meet filing requirements is the reason Defendant Secretary did not certify his name to the County Boards of Election Commissioners for placement on the November 4, 2014 General Election ballot. Exhibit 4.

31. Plaintiff William Chris Johnson did not file, nor did he attempt to file, any signature petitions with Defendant, Arkansas Secretary of State, concerning his attempt to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014. Exhibit 3.

32. Plaintiff Johnson did not file, nor did he attempt to file, any signature petitions with the County Clerk for White County, Arkansas, concerning his attempt to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014. Exhibit 3.

33. Plaintiff Johnson, as of July 31, 2014, did not have in his actual possession any signatures on any petition to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014. Exhibit 3.

34. Plaintiff Johnson, as of July 31, 2014, did not have constructive possession of any petition signatures on any petition to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014. Exhibit 3.

35. Plaintiff Johnson, as of July 31, 2014, was not aware of any person gathering any signatures on any petition to place Plaintiff Johnson on the ballot as an Independent Candidate for County Judge of White County for the General Election held in Arkansas November 4, 2014. Exhibit 3.

36. Plaintiff Johnson, as of July 31, 2014, was not aware of any person possessing any signatures on any petition to place Plaintiff Johnson on the ballot as an Independent

Candidate for County Judge for White County for the General Election held in Arkansas November 4, 2014. Exhibit 3

37. Plaintiff Johnson did not gather any signatures on any petition to place himself on the ballot as an Independent Candidate for County Judge for White County for the General Election held in Arkansas November 4, 2014. Exhibit 3.

38. Plaintiff Johnson did not file, nor did he attempt to file, a Notice of Candidacy with Defendant Arkansas Secretary of State concerning his attempt to become a candidate for County Judge for White County, Arkansas, on or before noon on March 3, 2014, central time. Exhibit 3.

39. Plaintiff Johnson did not file, nor did he attempt to file, a Political Practices Pledge with Defendant Secretary of State, on or before noon on March 3, 2014, concerning his attempt to become a candidate for County Judge for White County, Arkansas for the 2014 General Election. Exhibit 3.

40. Plaintiff Johnson did not file, nor did he attempt to file, an Affidavit of Eligibility with Defendant Arkansas Secretary of State, on or before noon on March 3, 2014, concerning his attempt to become a candidate for County Judge for White County, Arkansas for the 2014 General Election. Exhibit 3.

41. Plaintiff Johnson did not file, or attempt to file, any petition signatures by May 1, 2014, the date that Plaintiffs claim is the correct filing deadline. Exhibit 3.

42. Plaintiff Johnson's failure to meet filing requirements with the White County Clerk is the reason his name was not on the November 2014 General Election ballot for County Judge of White County. Exhibit 3; Exhibit 8.

43.	Jacky Louks, an Independent candidate for County Judge, met all the filing requirements and was placed on the ballot for White County as an Independent Candidate for the November 4, 2014 General Election, as shown on the certified results of the election from White County, Arkansas. Exhibit 8.

44.	George Pritchett, an Independent candidate for Senate, met all the filing requirements and was placed on the ballot for State Senate District 14 as an Independent Candidate for the November 4, 2014 General Election, as shown on the certified results of the election from Defendant Secretary. Exhibit 9.

45.	The filing period for all offices for the November 2014 General Election ended at noon on March 3, 2014, central time. Exhibit 1; Exhibit 2; Exhibit 3.

46.	The General Primary Election date was May 20, 2014. Exhibit 4.

47.	The General Primary Runoff election was June 10, 2014. Exhibit 4.

48.	The "certification deadline" for Defendant Secretary to certify names of all candidates to the County Boards of Election Commissioners for all seventy-five (75) counties in the state was August 21, 2014. Exhibit 4.

49.	The "certification deadline" for the White County Clerk to certify names of candidates to the White County Board of Election Commissioners was August 21, 2014.

50.	The General Election for 2014 in the State of Arkansas began with absentee ballots being delivered to military and overseas citizen voters on September 19, 2014, by electronic delivery to meet federal requirements for UOCAVA voting. Exhibit 4.

51.	The 2014 General Election was held in Arkansas on November 4, 2014. Exhibit 4.

52. The official election results for White County, Arkansas were certified on November 17, 2014. Exhibit 8.

53. The Official Tabulation of the Results of the 2014 General Election held in the State of Arkansas on November 4, 2014 was certified by Defendant Secretary on November 20, 2014. Exhibit 9.

54. The General Runoff election was November 25, 2014. Exhibit 4.

55. The deadline to certify results from the General Runoff Election is December 10, 2014. Exhibit 4.

56. Plaintiffs took no action between February 6, 2014, when they filed suit, and today, to advance this case on the Court's calendar for consideration of the issues.

57. It is too late for Plaintiffs to obtain any relief they seek concerning the 2014 General Election ballot in the state of Arkansas.

58. The relief Plaintiffs seek is no longer available.

Respectfully submitted,

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: Kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*

Defendant's Statement of Material Facts Not in Dispute 9

## CERTIFICATE OF SERVICE

I do hereby certify that on this 26th day of November, 2014, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), and by FedEx to the following:

James C. linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283

Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR 72201
Fax: (501) 376-0770

_____
A.J. Kelly