IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| MARK MOORE, et al., ) | |
| ....Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00065-JM |
| ) | |
| MARK MARTIN, in his official ) | |
| capacity as Secretary of State ) | |
| for the State of Arkansas; ) | |
| ....Defendant. ) | |

**PLAINTIFFS' PRETRIAL DISCLOSURE SHEET**

COME now the Plaintiffs, Mark Moore and Michael Harrod, through their counsel, and, pursuant to Rule 26.2 of the Local Rules of the United States District Court for the Eastern District of Arkansas, Western Division, Rule 26(a)(3) of the Federal Rules of Civil Procedure, and the final Scheduling Order entered on September 17, 2014 [Doc. No. 15], and hereby set forth the following disclosures:

**1. Identity of the party submitting information, place and time of pretrial conference.**

Plaintiffs Mark Moore and Michael Harrod, through James C. Linger, Counsel for Plaintiffs. [Conference was held by phone between Counsel on May 11th and 13th, 2015].

**2. The names, address, and telephone number of counsel for the party**.

James C. Linger, 1710 South Boston Avenue, Tulsa, OK 74119-4810, (918) 585-2797

Jeff Rosenzweig, 300 Spring St., Suite 310, Little Rock, AR 72201, (501) 372-5247

**3. A brief summary of claims and relief sought.**

After the Joint Stipulation of Partial Dismissal as to William Chris Johnson, the remaining Plaintiffs, who were unsuccessful Independent candidates for State offices in the 2014 Arkansas General Election, are no longer seeking to be put on the Arkansas ballot as Independent candidates at this time, but are rather challenging the early deadline for petition signatures for Independent candidates and asking for declaratory relief as to the unconstitutionality of said deadline laws as to Independent candidates along with injunctive relief as to future enforcement of said election laws.  If such declaratory injunctive relief is granted, the Arkansas Legislature will have sufficient time to respond by setting a new specific constitutional deadline for Independent candidates.

**4. Prospects for settlement.**

Since the case at bar involves a constitutional question as to current Arkansas election law, the parties do not believe this case is appropriate for settlement.  Please refer to numbered paragraphs 2 and 4 of the Joint Status Report filed herein on May 13, 2015 [Doc. No. 25].

**5. The basis for jurisdiction and objections to jurisdiction.**

This is an action for declaratory and injunctive relief.  The basis on which the jurisdiction of the Court is envoked is pursuant to Title 28, U.S.C., §§ 1343(3), 1343(4), 2201, and 2202, and Title 42, U.S.C., § 1983.  The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United State Constitution.  Defendant objects to standing on the grounds that the Court lacks subject matter jurisdiction, there is no longer any live case or controversy, and that Plaintiffs fail to make the requisite legally required efforts to become Independent candidates for the 2014 General Election, i.e., filed no petition signatures at all, failed to file petition signatures timely, and failed to complete other required paperwork (not involving petition signatures).

**6. A list of pending motions**.

Defendant filed a Motion for Summary Judgment on November 26, 2014 [Doc. No. 16]. The Plaintiff William Chris Johnson and the Defendant filed a Joint Stipulation of Partial Dismissal as to Mr. Johnson only on May 12, 2015 [Doc. No. 24]. The remaining plaintiffs, Mark Moore and Michael Harrod, will file a Motion for Summary Judgment on May 13, 2015.

**7. A concise summary of the facts.**

Plaintiffs are registered Arkansas voters, were unsuccessful in meeting petitioning requirements as Independent candidates for the 2014 General Election in Arkansas, and are potential future Independent candidates in Arkansas. Specifically, Plaintiff Mark Moore intends to be an Independent candidate for the position of Arkansas Lieutenant Governor in the General Election to be held in November of 2018. The complained of election laws in the instant case have been the subject of numerous decisions by the United States District Court for the Eastern District of Arkansas which have established precedent for this case. Because the deadline for filing petitions for Independent candidates is now March 1 of an election year (unless that date falls on a Saturday or Sunday), the Independent petition deadline is significantly before the primary election dates in Arkansas for political party candidates. Before March 1, of a General Election, political interest among the voting public is considerably less than it is after the major political parties have chosen their candidates. Further, weather conditions in December, January, and February in Arkansas are generally not as conducive for petitioning as they are later in the year. While Defendant believes the case is over because the Plaintiffs failed to comply with the law in 2014, the remaining Plaintiffs seek only declaratory and injunctive relief as to future enforcement of the laws in question.

**8. All proposed stipulations.**

The parties' stipulate as to venue pursuant to Title 28, U.S.C., § 1391. The parties have previously filed a joint stipulation of partial dismissal as to the Plaintiff William Chris Johnson only [Doc. No. 24].

**9. The issues of fact expected to be contested:**

None. Plaintiffs request that the Court grant summary judgment in their favor and deny Defendant's Motion for Summary Judgment.

**10. The issues of law expected to be contested:**

Whether the deadline for filing petitions for Independent candidates in Arkansas is unconstitutional because it is unnecessarily early in light of the primary and general elections.

Whether the Court is bound by previous precedent declaring an Independent petition deadline as late as the first Tuesday in April of an election year as unconstitutional. *Lendall v. Jernigan*, No. LR-76-C-184, *aff'd mem.*, 433 U.S. 901 (1977), also see *Lendall v. Jernigan*, 424 F.Supp. 951, 954 (E.D. Ark. 1977).

Whether Plaintiffs have standing as Independent candidates.

Whether Plaintiffs are entitled to any relief upon the Complaint as filed.

Whether the Court has subject matter jurisdiction.

Whether the matter is moot as to the relief sought as to 2014.

Whether the matter is not ripe as to the relief alleged in an affidavit for the 2018 Arkansas election.

**11. A list and brief description of all exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for**

**impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

    A.  Exhibits Plaintiffs expect to offer:

    1.  Expert report of Richard Winger including charts as to decisions about petition deadlines for Independent candidates and newly-qualifying parties in which the petition deadlines were earlier than the primary date.

    2.  Curriculae Vitae of Richard Winger.

    3.  Memorandum Opinion in the case of *Lendall v. McQuen*, Case No. LR-C-88-311, filed August 16, 1988, in the United States District Court for the Eastern District of Arkansas.

**12.   The names, addresses, and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call.  Designate of witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

    A.  Plaintiffs expect to call as witnesses:

Richard Winger, 3201 Baker Street, San Francisco, California, 94123,

    Telephone No. (415) 922-9779.

Mark Moore, 1272 Pace Lane, Pea Ridge, Arkansas 72751,

    Telephone No. (479) 372-8440.

    B.  Plaintiffs may call as a witness:

Michael Harrod, Fayetteville, Arkansas.

**13. The current status of discovery, a precise statement of the remaining discovery, and an estimate of the time required to complete discovery.**

Discovery has been completed and there is no remaining discovery to be completed.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Counsel for Plaintiffs believes the trial can be completed in one day. As to expediting disposition of the action, it may be that the case can be decided on the basis of the Motions for Summary Judgment, particularly in light of the precedential decision by the United States District Court for the Eastern District of Arkansas, Western Division, in the case of *Lendall v. McCuen*, Case No. LR-C-88-311 on August 16, 1988, which followed the binding precedent in this Court's decision in *Lendall v. Jernigan*, Case No. LR-76-C-184, *aff'd mem.*, 433 U.S. 901 (1977), and *Lendall v. Jernigan*, 424 F.Supp. 951 (E.D. Ark. 1977). However, Counsel for the parties have discussed the possibility of entering into additional stipulations of fact in order to shorten the length of the trial in the event that the Court denies both Motions for Summary Judgment.

Respectfully submitted this 13th day of May, 2015.

                                        MARK MOORE and MICHAEL
                                        HARROD, Plaintiffs

                                        /s/ James C. Linger
                                        JAMES C. LINGER, OBA No. 5441
                                        1710 South Boston Avenue
                                        Tulsa, Oklahoma 74119-4810
                                        (918) 585-2797 Telephone
                                        (918) 583-8283 Facsimile
                                        bostonbarristers@tulsacoxmail.com

JEFF ROSENZWEIG, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
Telephone (501) 372-5247
Facsimile (501) 376-0770
jrosenzweig@att.net
*Counsel for Plaintiffs*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 13th day of May, 2015.

/s/ James C. Linger
James C. Linger