

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE, MICHAEL HARROD,**            **PLAINTIFFS**
**and WILLIAM CHRIS JOHNSON**

VS.            NO. 4:14-CV-65-JM

**HONORABLE MARK MARTIN in his official capacity as**
**Arkansas Secretary of State**            **DEFENDANT**

### DEFENDANT SECRETARY OF STATE MARK MARTIN'S
### PRETRIAL DISCLOSURES

Pursuant to Rule 26.2 of the Local Rules of the United States District Court for the Eastern District of Arkansas Western Division, Rule 26(a)(3) of the Federal Rules of Civil Procedure, and the Final Scheduling Order entered September 17, 2014, Defendant Mark Martin, in his official capacity as Arkansas Secretary of State hereby make the following disclosures:

1. **Identity of the Party Submitting Information, Place and Time of Pretrial conference.**

Defendant Arkansas Secretary of State Mark Martin, in his Official Capacity. Pretrial Conference was held by phone on May 11th and 13th 2015, each attorney in his own office.

2. **Names, Address, and Telephone Numbers of All Counsel for the Party.**

| | |
|---|---|
| A.J. Kelly | Counsel for Defendant |
| Deputy Secretary of State | Honorable Mark Martin in his |
| PO Box 251570 | Official Capacity as |
| Little Rock, AR 72225-1570 | Secretary of State, Arkansas |
| (501) 682-3401 | |
| Fax: (501) 682-1213 | |

3. **A Brief Summary of Claims and Relief Sought.**

Assuming Dismissal of William Chris Johnson, remaining Plaintiffs claim to have been independent candidates for two "state offices" for the 2014 General Election. The remaining plaintiffs allege that their rights to be listed as Independent Candidates on the General Election ballot in 2014 and to vote for Independent Candidates in 2014 were violated. They further allege that the revised candidate signature petition filing deadline (end of Candidate filing period – March 3, 2014) for Independent Candidates is unconstitutional. Plaintiffs seek a permanent injunction (prohibiting enforcement of the independent candidate petition filing deadline in the future), declaratory relief, fees and costs.

4. **Prospects for settlement, if any.**

The prospects for settlement are unlikely, because there is (are) Motion(s) for Summary Judgment pending. Further, as discussed in the Joint Status Report, the primary issue is the constitutionality of a question of state law, and prospects for settlement of that question are near zero, given Plaintiffs' allegations.

5.  **The Basis for Jurisdiction and Objections to Jurisdiction.**

Plaintiffs invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 1343(3), 1343(4), 2201, 2202, and 42 U.S.C. § 1983. Defendant objects to standing on the grounds that the Court lacks subject matter jurisdiction, that there is no longer any live case or controversy, and that Plaintiffs failed to make the requisite legally required efforts to become Independent Candidates for the 2014 General Election, i.e., filed no petition signatures at all, failed to file petition signatures timely, and failed to complete other required paperwork (not involving petition signatures). Defendant further objects to the Court exercising jurisdiction over any *prospective future issues* as those issues are not ripe and may be mooted by subsequent developments (case law, state statutory law, and federal statutory law).

6.  **A list of Pending Motions.**

Defendant Secretary's Motion for Summary Judgment, pending since November 26, 2014. Plaintiff's Motion for Summary Judgment, filed May 13, 2015. Joint Stipulation for Dismissal of Plaintiff William Chris Johnson, pending since May 12, 2015.

7.  **A Concise Summary of Facts.**

Plaintiffs sought to have their names printed on the November 4, 2014 General Election ballot as Independent Candidates. None of the Plaintiffs collected or submitted candidate petition signatures of qualified electors, i.e., those signatures of electors required to have an individual's name placed on the ballot as Independent Candidates for the 2014 General Election. None of the

plaintiffs completed all of the other non-signature prerequisites for filing for state office, although Plaintiff Moore purports to have attempted to do so.

Plaintiffs were not placed on the 2014 General Election Ballot. Plaintiffs object to the petition signature deadline set for Independent Candidates, March 3, 2014, which is 58 calendar days before the date set by prior law (May 1, 2014). Plaintiff Mark Moore attempted to run for Lieutenant-Governor as an Independent Candidate, and failed to file properly as a candidate. Plaintiff William Chris Johnson claims to have attempted to run for County Judge in White County, but failed to file any paperwork with Defendant at all, and the parties now seek his dismissal, jointly. Plaintiff Michael Harrod claims to have attempted to run for District 84 of the Arkansas House of Representatives, but failed to file any paperwork with Defendant at all, i.e., would not have qualified to be placed on the ballot in any case, whether he had submitted petition signatures or not, because he failed to file other required paperwork in a timely manner.

Defendant Secretary alleges that Plaintiffs did not collect signatures for candidate petitions, submitted no qualified electors' signatures to Defendant on candidate petitions, and did not attempt to submit qualified electors' signatures on valid candidate petitions with Defendant at any time. Plaintiffs' failures to appear on the 2014 General Election ballot are the result of Plaintiffs' failures to be reasonably diligent as candidates. Plaintiff Harrod did not respond in any way to Defendant's timely-served Requests for Admissions to his counsel of record and took no action whatsoever to have his name placed on the 2014 General Election ballot, for any office.

**8.     Proposed Stipulations.**

Plaintiff William Chris Johnson should be dismissed for not having any further interest in this case, pursuant to the joint stipulation for dismissal. Venue is proper in Little Rock, Pulaski County, Arkansas. Defendant objects to jurisdiction. The parties have discussed other stipulations in order to shorten any proposed trial, but have not come to any other definitive agreements on stipulations of fact.

**9.     Issues of fact expected to be contested.**

Defendant requests the Court grant Summary Judgment on its Motion, as there are no disputed issues of material fact. Plaintiffs purportedly request Summary Judgment today, and Defendant has not had the opportunity to evaluate whether there are any disputed issues of material fact (such as the rationale for legislative enactments, the presumption of constitutionality of a state statute, and the necessity of complying with federal law, like the UOCAVA Act and the MOVE Act, as well as other intervening, superseding causes which support the State's changing of the filing deadline). Defendant anticipates that there may be disputed issues of material fact should Plaintiffs actually file a Motion for Summary Judgment, and that such disputes will set up the factual issues for trial.

**10.     Issues of Law expected to be contested**

  Whether Plaintiffs have standing as purported Independent Candidates.

  Whether Plaintiffs have standing as "voters" who can allege

no particularized harm to themselves as "voters."

Whether Plaintiffs are entitled to any relief at all upon the Complaint as filed.

Whether the Court has subject-matter jurisdiction.

Whether the matter is moot as to the relief sought for 2014.

Whether the matter is not ripe as to relief alleged in an Affidavit for 2018.

Whether Defendant is entitled to judgment as a matter of law on all issues.

Whether Plaintiffs are estopped to change their "as applied" challenge (set forth in their Response to Defendant's Motion to Dismiss), and revise it into a "facial" constitutional challenge, now that the 2014 election has ended and their "as applied" challenge has ended with it.

Whether Plaintiffs have met the prerequisites for injunctive relief.

Whether Plaintiffs have been diligent candidates as required by *Storer v. Brown*.

Whether Plaintiffs can show any harm, given the successful filings by Independent Candidate for White County Judge (Jackie Loucks), and the successful filing of Independent Candidate for Senate District 14 (George Pritchett).

Whether the Court should issue an advisory opinion as to an election nearly four years away.

Whether Plaintiffs are entitled to present evidence in the form of "expert witness testimony" on the ultimate legal issue before the Court.

Other legal issues set forth in Defendant's Motion for Summary Judgment.

11. **Witnesses.**

   A. <u>Witnesses/Affiants Defendant Expects to Present</u>

   1. Rob Hammons, Elections Director, Arkansas Secretary of State,
      State Capitol Room 256
      Little Rock, AR 72201
      (501) 682-1010

   2. Leslie Bellamy, Election Coordinator, Arkansas Secretary of State,
      State Capitol Room 256
      Little Rock, AR 72201
      (501) 682-1010

12. **Exhibits.**

   A. <u>Exhibits Defendant Expects to Offer</u>

   1. Ark. Code Ann. §§ 7-7-103(a), 7-7-203(c); and
      - 1a.   Act 1356 of 2013 – Acts of Arkansas
      - 1b.   Act 1185 of 2011 – Acts of Arkansas
      - 1c.   Act 1036 of 2011 – Acts of Arkansas

   2. Title IV, Subtitle H of H.R. 2647, Pub.L. 111-84 ("**MOVE Act**") of 2009,
            123 STAT 2318, *et seq.*,
       [Part of the National Defense Authorization Act
       For Fiscal Year 2010, formerly known as the
       **Military and Overseas Voter Empowerment Act**,
       42 U.S.C. § 1973ff, *et seq.*, now codified at
       52 U.S.C. §§ 20301, *et seq.*]; and

       **Uniformed and Overseas Citizens Absentee Voting Act
       (UOCAVA),** 52 U.S.C. §§ 20301, *et seq.*

3. Plaintiff Mark Moore's Answers to Request for Admissions.

4. Requests for Admissions to Plaintiff Michael Harrod, and proof of delivery by fax and certified mail to his counsel of record (no responses made).

5. Plaintiff Mark Moore's Acknowledgement by Independent Candidate Concerning Petition Signatures.

6. Plaintiff Mark Moore's Notice of Candidacy without a signature.

7. March 2013 Letter from Arkansas Secretary of State to Plaintiff Moore with notification of a failure to file (insufficient signature on Notice of Candidacy) by Plaintiff Mark Moore.

8. Official Tabulation of the 2014 General Election in the State of Arkansas.

9. Independent Candidate information for Independent Senate Candidate George Pritchett (from the Secretary of State).

10. Defendant's Arkansas 2014 Election Calendar.

11. Any and all exhibits, papers, records, or writings attached to, filed with, or referenced in Plaintiffs' prior filings in this case, as well as all exhibits attached to, filed with, or referred to in Defendant's prior filings in this case.

12. Historical Acts that changed Ark. Code Ann. Section 7-7-103, and any filing deadlines set forth therein.

**Defendant's Pretrial Disclosures, P.8**

13. Defendant reserves the right to use any exhibits listed by any other party.

14. Applicable Arkansas Statutes, Arkansas Codes, Arkansas Acts, Federal Statutes, and all applicable ordinances. In particular, any part of the Arkansas Code that becomes necessary to a discussion of the legal merits of the change in the single election law deadline that appears to be at issue.

15. All papers, records, and writings provided by Plaintiffs to Defendant in this case or attached by any party to any pleadings, papers, motions or other filings in this case.

16. Defendant reserves the right to supplement or amend this Exhibit List, in response to any filing by any Plaintiff.

17. Defendant reserves any and all objections to any and all exhibits listed by any other party in this action.

**13. Current Status of Discovery, Statement of the Remaining Discovery**

Defendant has conducted discovery (Requests for Admissions served on all parties), but has only received a summary of the proposed expert witness qualifications and his recitation of historical case law. Defendant objects to use of an Expert Witness as set forth in its Reply to the Response to Defendant's Motion for Summary Judgment. Defendant herewith supplements its initial disclosures as set forth hereinabove, and will provide copies to Plaintiffs' counsel separately.

**14.    Estimate Length of Trial.**

One day.

Dated: May 13, 2015

                        Respectfully submitted,

                        HONORABLE MARK MARTIN
                        SECRETARY OF STATE
                        In his Official Capacity, Defendant

                        By: _____
                        A.J. Kelly
                        Deputy Secretary of State
                        PO Box 251570
                        Little Rock, AR  72225-1570
                        (501) 682-3401
                        Fax: (501) 682-1213
                        Email: Kellylawfedecf@aol.com

                        *Attorney for Defendant*
                        *Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of May, 2015, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), and by fax to the following:

James C. Linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283


Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock AR 72201
Fax: (501) 376-0770

_____
A.J. Kelly