

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**MAY 27 2015**

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**MARK MOORE, MICHAEL HARROD,**
**and WILLIAM CHRIS JOHNSON**                                 **PLAINTIFFS**


**VS.**                                      **NO. 4:14-CV-65-JM**


**MARK MARTIN in his official capacity as**
**Arkansas Secretary of State**                               **DEFENDANT**

### <u>DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE</u>
### <u>IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS'</u>
### <u>MOTION FOR SUMMARY JUDGMENT</u>

Comes now Defendant, Honorable Mark Martin, Secretary of State, in his Official

Capacity, and respectfully comes before this Court pursuant to Rule 56 Fed. R. Civ. P. and for

his Statement of Material Facts Not in Dispute in Support of Defendant's Response to Plaintiffs'

Motion for Summary Judgment, and states as follows:

1.      Plaintiff Mark Moore did not at any time file any signature petitions with

Defendant Secretary of State in his attempt to be placed on the ballot as an Independent

Candidate for Lieutenant Governor for the General Election held on November 4, 2014.  Exhibit

1.

2.      Plaintiff Moore did not at any time attempt to file any signature petitions with

Defendant Secretary of State in his attempt to be placed on the ballot as an Independent

candidate for Lieutenant Governor for the General Election held November 4, 2014.  Exhibit 1.

3.     As of August 1, 2014, Plaintiff Moore did not have in his actual possession any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held on November 4, 2014.  Exhibit 1.

4.     As of August 1, 2014, Plaintiff Moore did not have constructive possession of any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election that was held on November 4, 2014.  Exhibit 1.

5.     As of August 1, 2014, Plaintiff Moore was not aware of any person gathering any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014.  Exhibit 1.

6.     As of August 1, 2014, Plaintiff Moore was not aware of any person possessing any signatures on any petition to place him on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014.  Exhibit 1.

7.     As of August 1, 2014, Plaintiff Moore had not gathered any signatures on any petition to place himself on the ballot as an Independent Candidate for Lieutenant Governor for the General Election held in Arkansas on November 4, 2014.  Exhibit 1.

8.     Plaintiff Moore received and signed a notification of his failure to submit petition signatures, titled "Acknowledgement by Independent Candidate Concerning Petition Signatures," dated March 3, 2014.  Exhibit 1.

9.     Attached Exhibit 5 is a true and correct copy of the "Acknowledgement by Independent Candidate Concerning Petition Signatures," which Plaintiff Moore signed. *See also* Exhibit 1.

10.     Plaintiff Moore's Notice of Candidacy was deficient for failure to sign his 2014 Notice of Candidacy.  Exhibit 4; Exhibit 6.

11.     Plaintiff Moore received a letter that was sent by Defendant Secretary in March of 2014 notifying Plaintiff Moore that the attempted filing for the office of Lieutenant Governor for the State of Arkansas for the November 2014 General Election in Arkansas was deficient for failure to sign the notice of Candidacy.  Exhibit 1; Exhibit 7.

12.     Plaintiff Moore received a letter that was sent by Defendant Secretary in March of 2014 notifying Plaintiff Moore that the attempted filing for the office of Lieutenant Governor for the State of Arkansas for the November 2014 General Election in Arkansas was deficient for failure to submit any petition signatures.  Exhibit 1; Exhibit 7.

13.     Plaintiff Moore did not file any petition signatures by March 3, 2014, the deadline for the filing period for all offices for the November 4, 2014 General Election.  Exhibit 1.

14.     As of August 1, 2014, Plaintiff Moore had not collected any signatures, was not aware of the existence of any signatures, and consequently Plaintiff Moore did not file any petition signatures by May 1, 2014, the date Plaintiffs claim to be the correct filing deadline. Exhibit 4.

15.     Plaintiff Moore's failure to meet multiple filing requirements is the reason his name was not certified to the County Boards of Election Commissioners for placement on the November 4, 2014 General Election ballot.  Exhibit 4.

16.     Plaintiff Moore received Defendant Secretary's Request for Admission by certified mail at the office of his counsel in Little Rock as shown on the return receipt for the cover letter received by Defendant Secretary on July 21, 2014.  Exhibit 2.

17.     Plaintiff Michael Harrod failed to respond to Defendant Secretary's July 15, 2014 Requests for Admission at any time prior to this date.

18.     Plaintiff Michael Harrod did not at any time file any signature petitions with Defendant Secretary of State concerning his attempt to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

19.     Plaintiff Harrod did not at any time attempt to file any signature petitions with Defendant, Arkansas Secretary of State, concerning his attempt to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

20.     Plaintiff Harrod, as of August 22, 2014, did not have in his actual possession any signatures on any petition to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

21.     Plaintiff Harrod, as of August 22, 2014, did not have in his constructive possession any signatures on any petition to be placed on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

22.     Plaintiff Harrod, August 22, 2014, was not aware of any person gathering any signatures on any petition to place Plaintiff Harrod on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

23.     Plaintiff Harrod, as of August 22, 2014, was not aware of any person possessing any signatures on any petition to place Plaintiff Harrod on the ballot as an Independent

Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

24.     Plaintiff Harrod, as of August 22, 2014, had not gathered any signatures on any petition to place him on the ballot as an Independent Candidate for State Representative for District 84 of the Arkansas House of Representatives for the General Election held November 4, 2014.  Exhibit 2.

25.     Plaintiff Harrod did not file, or attempt to file, a Notice of Candidacy with Defendant Secretary of State on or before noon March 3, 2014, central time concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election.  Exhibit 2

26.     Plaintiff Harrod did not file, or attempt to file, a Political Practices Pledge with Defendant Secretary of State, on or before noon on March 3, 2014, concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election. Exhibit 2.

27.     Plaintiff Harrod did not file, or attempt to file, an Affidavit of Eligibility with Defendant Arkansas Secretary of State, on or before March 3, 2014, concerning his attempt to become a candidate for State Representative for District 84 of the Arkansas House of Representatives, for the 2014 General Election. Exhibit 2.

28.     Plaintiff Harrod did not file any petition signatures with Defendant Secretary by March 3, 2014, the deadline for the filing period for all offices for the November 4, 2014, General Election. Exhibit 2.

29.     Plaintiff Harrod did not file, or attempt to file, any petition signatures with Defendant Secretary by May 1, 2014, the date that Plaintiffs claim is the correct filing deadline. Exhibit 2.

30.     Plaintiff Harrod's failure to meet filing requirements is the reason Defendant Secretary did not certify his name to the County Boards of Election Commissioners for placement on the November 4, 2014 General Election ballot.  Exhibit 4.

31.     Plaintiff William Chris Johnson did not file, nor did he attempt to file, any signature petitions with Defendant, Arkansas Secretary of State, concerning his attempt to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014.  Exhibit 3.

32.     Plaintiff Johnson did not file, nor did he attempt to file, any signature petitions with the County Clerk for White County, Arkansas, concerning his attempt to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014.  Exhibit 3.

33.     Plaintiff Johnson, as of July 31, 2014, did not have in his actual possession any signatures on any petition to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014.  Exhibit 3.

34.     Plaintiff Johnson, as of July 31, 2014, did not have constructive possession of any petition signatures on any petition to be placed on the ballot as an Independent Candidate for County Judge of White County for the General Election held November 4, 2014.  Exhibit 3.

35.     Plaintiff Johnson, as of July 31, 2014, was not aware of any person gathering any signatures on any petition to place Plaintiff Johnson on the ballot as an Independent Candidate

for County Judge of White County for the General Election held in Arkansas November 4, 2014.
Exhibit 3.

36.     Plaintiff Johnson, as of July 31, 2014, was not aware of any person possessing
any signatures on any petition to place Plaintiff Johnson on the ballot as an Independent
Candidate for County Judge for White County for the General Election held in Arkansas
November 4, 2014.  Exhibit 3

37.     Plaintiff Johnson did not gather any signatures on any petition to place himself on
the ballot as an Independent Candidate for County Judge for White County for the General
Election held in Arkansas November 4, 2014.  Exhibit 3.

38.     Plaintiff Johnson did not file, nor did he attempt to file, a Notice of Candidacy
with Defendant Arkansas Secretary of State concerning his attempt to become a candidate for
County Judge for White County, Arkansas, on or before noon on March 3, 2014, central time.
Exhibit 3.

39.     Plaintiff Johnson did not file, nor did he attempt to file, a Political Practices
Pledge with Defendant Secretary of State, on or before noon on March 3, 2014, concerning his
attempt to become a candidate for County Judge for White County, Arkansas for the 2014
General Election.  Exhibit 3.

40.     Plaintiff Johnson did not file, nor did he attempt to file, an Affidavit of Eligibility
with Defendant Arkansas Secretary of State, on or before noon on March 3, 2014, concerning his
attempt to become a candidate for County Judge for White County, Arkansas for the 2014
General Election. Exhibit 3.

41.     Plaintiff Johnson did not file, or attempt to file, any petition signatures by May 1,
2014, the date that Plaintiffs claim is the correct filing deadline.  Exhibit 3.

42.      Plaintiff Johnson's failure to meet filing requirements with the White County Clerk is the reason his name was not on the November 2014 General Election ballot for County Judge of White County. Exhibit 3; Exhibit 8.

43.      Jacky Louks, an Independent candidate for County Judge, met all the filing requirements and was placed on the ballot for White County as an Independent Candidate for the November 4, 2014 General Election, as shown on the certified results of the election from White County, Arkansas.  Exhibit 8.

44.      George Pritchett, an Independent candidate for Senate, met all the filing requirements and was placed on the ballot for State Senate District 14 as an Independent Candidate for the November 4, 2014 General Election, as shown on the certified results of the election from Defendant Secretary.  Exhibit 9.

45.      The filing period for all offices for the November 2014 General Election ended at noon on March 3, 2014, central time.  Exhibit 1; Exhibit 2; Exhibit 3.

46.      The General Primary Election date was May 20, 2014.  Exhibit 4.

47.      The General Primary Runoff election was June 10, 2014.  Exhibit 4.

48.      The "certification deadline" for Defendant Secretary to certify names of all candidates to the County Boards of Election Commissioners for all seventy-five (75) counties in the state was August 21, 2014. Exhibit 4.

49.      The "certification deadline" for the White County Clerk to certify names of candidates to the White County Board of Election Commissioners was August 21, 2014.

50.      The General Election for 2014 in the State of Arkansas began with absentee ballots being delivered to military and overseas citizen voters on September 19, 2014, by electronic delivery to meet federal requirements for UOCAVA voting.  Exhibit 4.

51.     The 2014 General Election was held in Arkansas on November 4, 2014.  Exhibit 4.

52.     The official election results for White County, Arkansas were certified on November 17, 2014.  Exhibit 8.

53.     The Official Tabulation of the Results of the 2014 General Election held in the State of Arkansas on November 4, 2014 was certified by Defendant Secretary on November 20, 2014.  Exhibit 9.

54.     The General Runoff election was November 25, 2014.  Exhibit 4.

55.     The deadline to certify results from the General Runoff Election is December 10, 2014.  Exhibit 4.

56.     Plaintiffs took no action between February 6, 2014, when they filed suit, and today, to advance this case on the Court's calendar for consideration of the issues.

57.     It is too late for Plaintiffs to obtain any relief they seek concerning the 2014 General Election ballot in the state of Arkansas.

58.     The relief Plaintiffs seek is no longer available for the 2014 General Election.

59. The total number of votes actually cast for candidates for Governor in 2010 (including write-in votes, but excluding under votes and over votes) was 781,333.  This is the number used for the calculation of petition signatures required for state-wide candidate petitions in the 2014 cycle.  Three percent (3%) of this number is 23,440, i.e., higher than the statutory maximum of **10,000 signatures** for a statewide independent candidate in 2014.  Hammons Affidavit, Exhibit 10.

60. As a result of redistricting, there are no comparable vote totals for Governor in the 2010 election for House District 84, since the districts were reconfigured in August of 2011 (effective for the 2012 and subsequent elections).  Using vote totals from 2012 in House District 84, and erring on the side of caution for independent candidates, the estimated vote total for calculation of the 2014 signature requirement was 13710 (number of votes cast for that House race):  from which three percent (3%) of the total is **411 signatures required** for an independent candidate for House District 84 in 2014.  This method of estimating was used throughout the state, without objection from any candidate, where districts were changed (making comparable 2010 vote totals in redrawn districts unavailable).  Hammons Affidavit, Exhibit 10.

61. As shown on the Secretary of State Election Night Reporting System (available on the internet at www.sos.arkansas.gov), the official number of registered voters available to vote in the State of Arkansas in the May, 2014, preferential primary election was: **1,624,187.**  This is the closest figure available to determine the number of registered voters who could sign an independent candidate petition for 2014. 10,000 signatures is 0.62 percent of that total number of registered voters.  Hammons Affidavit, Exhibit 10.

62. There was no primary race for House District 84 in the 2014 preferential primary election, and consequently no means for determining the actual number of registered voters on that date in that House District as of the primary date.  On June 1, 2014, the number of registered voters in House District 84 was 21,003.  411 signatures is 1.96 percent of registered voters.  Hammons Affidavit, Exhibit 10.

63. For both the 2012 and the 2014 Election cycles, both the Libertarian Party and the Green Party qualified to have their candidates listed on the ballot for the general election, by

submitting a sufficient number of petition signatures (at least 10,000) to the Secretary of State's Office for their party to qualify, within the respective statutory deadlines. Hammons Affidavit, Exhibit 10.

64. For the 2014 election cycle, Independent Candidate George Pritchett met the new statutory deadline, timely filed all required paperwork to become an Independent Candidate for Senate District 14, and timely submitted his petition signatures by the March 3, 2014, deadline, to qualify for placement on the 2014 General Election ballot in Senate District 14 (Garland and Saline Counties).  He submitted a total of 1,534 signatures, of which 1,006 were determined to be valid signatures of registered voters in the appropriate geographic locale.  The qualifying signatures were well within the required 852 valid signatures of registered voters (Three percent (3%) of the turnout in the governor's race in 2010, as calculated in paragraph 5, above:  28410).  Hammons Affidavit, Exhibit 10.

65. For the 2014 Election cycle, a record number of 92 nonpartisan (judicial and prosecutorial) candidates filed petition signatures with the Arkansas Secretary of State, in order to be placed on the nonpartisan general election ballot (held concurrently with the preferential primary in May of 2014).  The petition deadline for nonpartisan petition signatures was January 9, 2014.  Of the 92 nonpartisan candidates submitting signatures, 90 of the candidates qualified for the ballot by petition, in lieu of paying the statutory filing fee for nonpartisan offices.  Secretary of State processed a total of 103,578 signatures, finding a total of 67,608 valid signatures for the respective candidates in their jurisdictions.  The "start date" for nonpartisan candidates to begin collecting signatures in the 2014 cycle was November 10, 2014, i.e., sixty (60) days before the January 9, 2014

deadline for filing.  The deadline for filing signature petitions for nonpartisan candidates was also moved up by the 2013 Arkansas General Assembly in Act 1286 of 2013. Hammons Affidavit, Exhibit 10.

66. The deadlines for filing of petition signatures were moved for nonpartisan and independent candidates, and for new political parties, in 2013 based upon the election administration experiences of the 2010 election cycle (when MOVE had been enacted, but before the Arkansas General Assembly met in a general session), and the 2012 election cycle.  The deadlines for filing petition signatures was "moved up" on the calendar – to earlier in the year – in order to facilitate election administration necessities, including the processing of so many initiative petition signatures during the 2012 election cycle that it was nearly impossible to finish the process within the statutory and constitutional guidelines, resulting in preliminary certification of ballot titles that were later determined to be "stricken" from the ballot for one reason or another (after considerable litigation).  Given the constitutional deadline for submission of initiative petition signatures, and the necessities of UOCAVA and MOVE compliance, all other petition signature requirements were advanced to earlier in the year so as to clear the calendar of petition signature processing and subsequent litigation, in advance of the constitutional initiative petition signature deadlines (which normally fall just before or just after the July 4 holiday).  Hammons Affidavit, Exhibit 10.

67. The petition signature deadlines were also moved to earlier in the calendar year for the following election administration reasons:  to harmonize Arkansas law with applicable federal law; to improve election administration; to assist Independent Candidates in receiving timely review of their petition signatures in advance of other filing deadlines

(thereby allowing candidates attempting to run as independents to file for another non-state office should they have an insufficient number of valid signatures of registered voters on their petitions as submitted to Secretary of State); to allow time for litigation of any petition signature challenges in advance of the earlier deadline for certification of names to the general election ballot; to provide UOCAVA voters (military and overseas) with the correct ballot in a timely fashion, i.e, no later than forty-six (46) days prior to the general election, and further to allow Clerks to process certified candidate names for their respective election ballots; to avoid the "wait and see" attitude of candidates who tender insufficient documents to see who might win the primary as well as which "non-standard" candidates might be nominated (by convention) by minor parties that qualify for placement of all of their candidates on the ballot; to protect the integrity of the ballot process for the general election; to encourage compromise and political stability; to attempt to insure that the general election winner will represent a majority of the community; to attempt to avoid general election runoffs, given the complications that arise with a forty-six (46) day absentee ballot delivery requirement where the runoff is normally no more than twenty-one (21) days after the general election; and to provide the electorate with a ballot that will eliminate or reduce voter confusion.  Hammons Affidavit, Exhibit 10.

Respectfully submitted,

HONORABLE MARK MARTIN

SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: Kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*


## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of May, 2015, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), to the following:


James C. linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283


Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR 72201
Fax: (501) 376-0770

_____
A.J. Kelly