

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2015

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, MICHAEL HARROD,                                PLAINTIFFS
and WILLIAM CHRIS JOHNSON

VS.                         NO. 4:14-CV-65-JM

MARK MARTIN in his official capacity as
Arkansas Secretary of State                                 DEFENDANT

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLANITIFFS' STATEMENT OF MATERIAL FACTS

Comes now Honorable Mark Martin, Secretary of State, in his Official Capacity, Defendant, and for his Responses and Objections to Plaintiffs' Statement of Material Facts Not in Dispute states and objects as follows:

1. PLAINTIFFS ALLEGE: Plaintiff Mark Moore, while he did not successfully comply with the petition signature deadline of March 3, 2014, for Independent candidates for Lieutenant Governor of Arkansas in 2014, did successfully comply with the previously existing later deadline for Independent candidates for the Arkansas State Legislature in 2012, when he was an Independent candidate for the Arkansas State Legislature.

   RESPONSE: Defendant admits that Moore did not comply with the petition signature deadline of March 3, 2014, nor even make any attempt at doing so. Object to remainder as irrelevant.

2. PLAINTIFFS ALLEGE: It is Plaintiff Mark Moore's intention to be an Independent candidate for Lieutenant Governor of Arkansas in the General Election to be held in November of 2018. The current deadline to file petitions for an Independent candidacy for Lieutenant Governor in Arkansas in 2018 is March 1, 2018.

RESPONSE: Admit that the current deadline to file petitions for 2018 is March 1, 2018. Object to the remainder as irrelevant.

3. PLAINTIFFS ALLEGE: Independent petition deadlines in which the petition deadline is earlier than the primary date for the selection of political party candidates have overwhelmingly been struck down as unconstitutional or enjoined.

RESPONSE: OBJECTION. States a legal conclusion and does not provide a complete summary of applicable, relevant, Eighth Circuit case law involving the Arkansas Secretary of State.

4. PLAINTIFFS ALLEGE: Arkansas has had government printed ballots since 1891. Between 1891 and 1955, Arkansas Independent candidate procedures were very lenient, yet Arkansas never had a crowded general election ballot during that period.

RESPONSE: OBJECTION, irrelevant. Fails to address UOCAVA and MOVE issues.

5. PLAINTIFFS ALLEGE: Between 1891 and 1955, Independent candidates in Arkansas only needed 50 signatures, no matter what office they were running for, and the petition signature deadline for Independent candidates was 20 days before the General Election until 1953, when the deadline was moved to 45 days before the General Election.

RESPONSE: OBJECTION, irrelevant. Fails to address UOCAVA and MOVE issues.

6. PLAINTIFFS ALLEGE: In 1955, Arkansas increased the number of signatures required to 15 % of the last gubernatorial vote within the district or statewide, and moved the petition deadline to 60 days before the General Election.

RESPONSE: OBJECTION, irrelevant. Fails to address UOCAVA and MOVE issues.

7. PLAINTIFFS ALLEGE: In 1969 in Arkansas, the petition deadline was moved to the date on which candidates running in a political party primary must file, i.e., from September to March. These changes were not made for any election-administrative reason, but rather because legislature desired to reduce competition in elections.

RESPONSE: OJBECTION, speculative and not based upon personal knowledge, so inadmissible in Court at trial. Objection, this assertion is contrary to Eighth Circuit precedent involving the Arkansas Secretary of State (*Langguth*). Objection, speaks to ultimate legal issue for the Court to decide and is improper expert witness testimony.

8. PLAINTIFFS ALLEGE: While there have been a number of federal court decisions in Arkansas which have declared early petition deadlines for Independent candidates

unconstitutional, the Arkansas Legislature, after easing the petition deadline requirements, has a few years later, restored the old, invalid deadlines. After earlier deadlines were declared invalid by federal courts in Arkansas in 1975, 1976, and 1988, the Arkansas Legislature in 2013 moved the Independent deadline for the filing of petitions for Independent candidates to a date that had previously been struck down.

RESPONSE:   OJBECTION, speculative and not based upon personal knowledge, so inadmissible in Court at trial.  Objection, this assertion is contrary to Eighth Circuit precedent involving the Arkansas Secretary of State – and omitted entirely by the Affiant (*Langguth*).  Objection, speaks to ultimate legal issue for the Court to decide and is improper expert witness testimony.   Objection, fails to address UOCAVA and MOVE issues.

Respectfully submitted,

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock  AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: Kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*

**Defendant's Responses and Objections to Pl's Statement of Material Facts P.3**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of May, 2015, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), to the following:

James C. linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283


Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR 72201
Fax: (501) 376-0770

_____
A.J. Kelly