FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 02 2015

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

MARK MOORE, MICHAEL HARROD,                           PLAINTIFFS
and WILLIAM CHRIS JOHNSON

VS.                              NO. 4:14-CV-65-JM

MARK MARTIN in his official capacity as
Arkansas Secretary of State                          DEFENDANT

**DEFENDANT SECRETARY OF STATE MARK MARTIN'S
BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION TO RECONSIDER AND ALTER OR AMEND ORDER AND JUDGMENT**

The Court should deny the Motion. The Court's well-reasoned opinion reached the correct result on the merits of the constitutionality of the required date for filing independent candidate petitions for state-specific offices. U.S. Const. Art. I, § 4, cl 1. Both cases cited by Plaintiffs are distinguishable, as the District Court previously noted. Defendant's factual assertions, made by Affidavit on May 27, 2015 (ECF 31), and on November 26, 2014 (ECF 16), as well as the undisputed material facts (largely set forth in Docket No. 18, with two minor exceptions), were undisputed. Plaintiffs cite to no new facts; Plaintiffs cite to no new

intervening case law; Plaintiffs fail to provide any basis in law or in fact why this Court should overturn its cogent opinion dated mere weeks ago.

## THE COURT MADE THE CORRECT RULING ON THE MERITS OF THE CONSTITUTIONALITY OF THE NEWLY-REVISED FILING DATE FOR INDEPENDENT CANDIDATE PETITIONS

The Court made the correct decision. *U.S. Const. Art. I, § 4, cl 1; Green Party of Arkansas v. Martin, Secretary of State*, 649 F.3d 675, 680 (8th Cir. 2011); *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 451 (2008); *Munro v. Socialist Workers Party*, 479 U.S. 189, 193 (1986). This case is little different than the case previously cited by Defendant, cited by this Court, yet never distinguished in any way by Plaintiffs, *Langguth v. McCuen*, 30 F.3d 138 (8th Cir. 1994) (unpublished *per curiam*). The modest revision to the deadline, moving it from May 1 to March 1, is narrowly tailored to advance the State's interest in timely certifying independent candidate who wish to be placed on the ballot by petition, allowing time for those who seek to challenge those signatures through litigation, and providing additional time to those who seek to promote ballot initiatives to have signatures reviewed and litigation concluded prior to the new certification deadline in view of UOCAVA and MOVE. ECF 31, ECF 16.

This Court applied the well-established weighing of the competing interests at stake. *Green Party of Arkansas v. Martin, Secretary of State*, 649 F.3d 675, 680 and fn.8 (*citing, Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). As the Eighth Circuit said,

**Defendant's Brief in Support of Defendant's Response to Plaintiffs' Motion to Reconsider, P. 2**

the "Constitution does not require that [Arkansas] compromise the policy choices embodied in its ballot-access requirements to accommodate" an independent candidate's strategy. *Green Party of Arkansas*, 649 F.3d at 683, *quoting Timmons*, 520 U.S. at 365. "… Arkansas need not collapse every barrier to ballot access." *Green Party of Arkansas*, 649 F.3d at 683. When "Arkansas's electoral scheme is read in its entirety, achieving ballot access is far from an impossible task." *Green Party of Arkansas*, 649 F.3d at 684 (decision under prior law) (citations omitted). The United States Supreme Court and the Eighth Circuit have "repeatedly upheld reasonable, politically neutral regulations that have the effect of channeling expressive activity at the polls." *Green Party of Arkansas*, 649 F.3d at 685-86 (citations omitted). This case is no different.

Plaintiffs' cases are distinguishable, in multiple ways. First, *Anderson v. Celebrezze,* 460 U.S. 780 (1983), concerned an Ohio statute on independent candidates running for President of the United States, *i.e.*, a national election – not merely a federal election, with completely different time frames and analysis. On the face of the Constitution, *U.S. Const. Art. I, § 4, cl 1* had absolutely nothing to do with *Anderson*, nor with the result therein, unlike this case which involves questions of state law for state electoral office. Contrary to the undisputed facts herein, the State of Ohio "did not advance any administrative reasons" for their deadline; nor was the deadline necessary to count and verify petition signatures and allow time for signatures challenges through litigation. Id. at 783, 800. In addition, *Anderson* preceded both UOCAVA and MOVE.

*Tashjian v. Republican Party of Connecticut* does the Plaintiffs no good, either. In *Tashjian*, "appellant [Secretary of State] claim[ed] that the administration of the system contemplated by [appellee, the Republican Party] rule would simply cost the State too much." 479 U.S. 208, 218 (1986). That is not the basis of Defendant's undisputed factual assertions herein. To the contrary, there are competing First Amendment concerns, as set forth by this Court in its Order and by Defendant in their Response to the Motion for Summary Judgment and at oral argument. Plaintiffs have not disputed the factual assertions made by Defendant. This case was no mere matter of cost. This Court previously concluded that there is no single test for challenges to election laws, so prior cases cannot simply dictate a result. As the Court held in *Tashjian*, "Constitutional challenge[s] to specific provisions of a State's election laws . . . cannot be resolved by any litmus paper test . . ." *Tashjian*, 479 U.S. at 213 citing *Anderson,* 460 U.S. at 789. This Court's decision on the merits of the law is not inconsistent with *Tashjian* nor the result therein.

## PROCEDURAL BARRIERS TO RECONSIDERATION

Plaintiffs base their "Motion to Reconsider and Alter or Amend the Order" pursuant to Fed. R. Civ. P 59(e). Plaintiffs' motion should be denied. Rule 59(e) allows the district court to correct "its own mistake if it believes one has been made." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). These motions are successful only "(1) to accommodate an intervening change

in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id. see also Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *certiorari denied* 552 U.S. 1040. Such a motion is only appropriate when "a manifest error affects 'the correctness of the judgment.'" *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citations omitted).

Plaintiffs attach no new affidavit, and assert no new facts. Fed. R. Civ. P. 59(c). There is no new evidence meriting a change in this Court's decision. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

There is no new law meriting a change in this Court's decision. There is no alleged intervening change in the law. *See North River Ins. V. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1219 (3rd Cir. 1995). There is no clear error of law, and no alleged manifest injustice. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir. 2003).

Plaintiffs appear to use their motion to continue previous arguments after the matter has been decided. As opposed to offering evidence, Plaintiffs argue that the Court's Order purportedly runs afoul of precedent established by *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208. While newly-cited, a proper analysis of *Tashjian* does not change the results in this case, as discussed above.

The Motion and Brief citing to *Tashjian* appears to be the first time this case has been cited to by Plaintiffs. However, Rule 59(e) motions cannot normally be used for raising new arguments that "could, and should, have been made before the judgment issued." *Rosenzweig v.*

*Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003), *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.), cert. denied, 488 U.S. 820 (1988). Nor are motions for reconsideration appropriate for presenting new legal theories for the first time. *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993). They do "not provide a vehicle for a party to undo its own procedural failures." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Plaintiffs had ample time to make these arguments, as Supreme Court decisions from 1986 are not intervening changes in the controlling law. The Court should not entertain Plaintiffs' attempts to merely reargue their case; these arguments should have been made before entry of judgment.

This Court correctly decided the merits of the constitutional challenge to the modest change in the deadline for filing independent candidate petitions at issue. Plaintiffs' Motion to Reconsider and to Alter or Amend the Order and Judgment should be denied for the reasons discussed above and in Defendant's Response.

WHEREFORE, Defendant Secretary of State, Honorable Mark Martin, in his official capacity, asks the Court to deny the Motion for Reconsideration; to deny the request to Alter the Court's previous Order in this case; to deny the request to Amend the Order and Judgment in this case; and to grant Defendant Secretary such additional relief to which he is entitled under the circumstances.

Respectfully submitted,

**HONORABLE MARK MARTIN**

SECRETARY OF STATE
In his Official Capacity, **Defendant**

By: _____
A.J. Kelly
Deputy Secretary of State
And General Counsel
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 2d day of October, 2015, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283

Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR 72201
Fax: (501) 376-0770

_____
A.J. Kelly