IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MARK MOORE, et al., Plaintiffs, <br><br> v. <br><br> MARK MARTIN, in his official capacity as Secretary of State for the State of Arkansas, Defendant. | Case No. 4:14-cv-00065-JM |

**PLAINTIFF MARK MOORE'S PRETRIAL DISCLOSURE SHEET**

COMES now the Plaintiff, Mark Moore, through his counsel, and, pursuant to Rule 26.2 of the Local Rules of the United States District Court for the Eastern District of Arkansas, Western Division, Rule 26(a)(3) of the Federal Rules of Civil Procedure, the final Scheduling Order entered on October 30, 2017 [Doc. No. 57], and the email letter from Stacy Hatfield, law clerk to the Honorable James M. Moody, Jr., of November 15, 2017, and hereby sets forth the following disclosures:

1. **Identity of the party submitting information.**

    Plaintiff Mark Moore, through James C. Linger, Counsel for Plaintiff.

2. **The names, address, and telephone number of counsel for the party.**

    James C. Linger, 1710 South Boston Ave, Tulsa, OK 74119-4810, (918) 585-2797

    Jeff Rosenzweig, 300 Spring St., Ste. 310, Little Rock, AR 72201, (501) 372-5247

3. **A brief summary of claims and relief sought.**

    The Plaintiff Mark Moore, a registered Arkansas voter who was an unsuccessful Independent candidate for statewide office in the 2014 Arkansas General Election, is

challenging the early deadline for petition signatures for Independent candidates and asking for declaratory relief as to the unconstitutionality of said deadline laws as to Independent candidates along with injunctive relief as to future enforcement of said election laws. If such declaratory and injunctive relief is granted, the Arkansas Legislature will have sufficient time to respond by setting a new specific constitutional deadline for Independent candidates.

4. **Prospects for settlement.**

Since the case at bar involves a Constitutional question as to current Arkansas election law impacting potential Independent candidates and Arkansas voters, and the case has been remanded back to the District Court for trial as to certain questions which the Eighth Circuit has directed to be answered in the District Court, see *Moore v. Martin*, 854 F.3d 1021, at 1028 (8th Cir. 2017). The parties do not believe this case is an appropriate one for settlement. Please refer to numbered paragraphs 2 and 4 of the Joint Status Report filed herein on May 13, 2015 [Doc. No. 25].

5. **The basis for jurisdiction and objections to jurisdiction.**

This is an action for declaratory and injunctive relief. The basis on which the jurisdiction of the Court is envoked is pursuant to Title 28, U.S.C. §§ 1343(3), 1343(4), 2201, and 2202, and Title 42, U.S.C., § 1983. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution. Defendant continues to object to standing on the grounds that the Court lacks subject matter jurisdiction, there is no longer any live case or controversy, and that Plaintiff failed to make the requisite legally

required efforts to become an Independent candidate for the 2014 General Election, i.e., filed no petition signatures at all, failed to file petition signatures timely, and failed to complete other required paperwork (not involving petition signatures).  However, Plaintiff Moore notes that neither the District Court in its decision of August 25, 2015 [Doc. No. 37, pp. 5-8] nor the Eighth Circuit in its decision, *Moore v. Martin*, *Id.*, agreed with Defendant's position on mootness, standing, and ripeness.  Also see, Plaintiff Moore's argument in Propositions I and II, pages 6-13 of Plaintiffs' Response and Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment filed on December 29, 2014.  [Doc. No. 21].

    **6. A list of pending motions.**

There are no pending motions, since the decision of the U.S. Court of Appeals for the Eighth Circuit ruled that the District Court had correctly denied Plaintiff's Motion for Summary Judgment, but incorrectly granted Defendant's Motion for Summary Judgment because there were still factual issues as to certain questions which the two Judge majority decision of the Eighth Circuit wanted the District Court to decide on remand. *Moore v. Martin*, 854 F.3d at 1028.  Further, under the law of the case doctrine, the District Court is required to follow upon remand the instructions of the Eighth Circuit as to what to concentrate on as set forth in the Eighth Circuit's decision above.  *Id*.  *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995); *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-457 (8th Cir. 1990); and *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir. 1995). The "Doctrine of law of the case applies to issues decided by necessary implication as well as those decided explicitly . . . ."

**7. A concise summary of the facts.**

Plaintiff Mark Moore is a registered Arkansas voter, was unsuccessful in meeting petitioning requirements as an Independent candidate for the 2014 General Election in Arkansas, and is a potential future Independent candidate in Arkansas. Specifically, Plaintiff Mark Moore intends to be an Independent candidate for the position of Arkansas Lieutenant Governor in the General Election to be held in November of 2018. The complained of election laws in the instant case have been the subject of numerous decisions by the United States District Court for the Eastern District of Arkansas which have established precedent for this case. Because the deadline for filing petitions for Independent candidates is now March 1 of an election year (unless that date falls on a Saturday or Sunday), the Independent petition deadline is significantly before the primary election dates in Arkansas for political party candidates. Before March 1, of a General Election, political interest among the voting public is considerably less than it is after the major political parties have chosen their candidates. The questions which the Eighth Circuit wishes answered by the District Court will result in a showing that there is no conflict in verifying Petitioners for Independent candidates and Petitions for judicial candidates, nonpartisan candidates, or initiative petitions since verification for these other petitions are done either before or after the period of time when Independent petitions would be submitted for a deadline of May 1, or even May 29. Also, the Defendant has been able to verify significantly large numbers of petition signatures in 30 days or less. While Defendant believes the case is over because Plaintiff Moore failed to comply with

the law in 2014, Plaintiff Moore seeks only declaratory and injunctive relief as to future enforcement of the laws in question.

**8. All proposed stipulations.**

The parties' stipulation as to jurisdiction and venue pursuant to Title 28, U.S.C., § 1391. The parties have previously filed a joint stipulation of partial dismissal as to the Plaintiff William Chris Johnson [Doc. No. 24]. Plaintiff Michael Harrod did not appeal the District Court's decisions of August 25, 2015 [Doc. No. 37] and October 7, 2015 [Doc. No. 43].

**9. The issues of fact expected to be contested:**

As per the instructions of the Eighth Circuit in *Moore v. Martin*, 854 F.3d at 1028, and the requirements of the law of the case doctrine, the following issues of fact are to be decided by the District Court upon remand:

What periods of time, between the former May 1 deadline for Independent candidate petitions and the early July deadline for initiative petitions, were available for the state to process Independent candidate petitions?

When were Independent candidate petitions, in fact, processed in the past?

Whether during the 2014 election, following the move of the deadline from May 1 to March 1, Independent candidate petitions were processed between those two dates?

What is the amount of time required to process Independent candidate petitions?

What is the feasibility of temporarily hiring additional election workers?

**10. The issues of law expected to be contested:**

Whether the deadline for filing petitions for Independent candidates in Arkansas is unconstitutional because it is unnecessarily early in light of the primary and general elections.

Whether the previous precedent declaring an Independent petition deadline as late as the first Tuesday in April of an election year as unconstitutional. *Lendall v. Jernigan*, No. LR-76-C-184, *aff'd mem.*, 433 U.S. 901 (1977), also see *Lendall v. Jernigan*, 424 F.Supp. 951, 954 (E.D. Ark. 1977) has been overcome by a conflict in checking other petitions for judicial, nonpartisan, or initiative petitions so that it is necessary for the Independent petition deadline to be March 1 of the General Election year because the task of checking the Independent petitions is too great and it is not feasible to hire temporarily additional election workers.

Whether Plaintiffs have standing as Independent candidates.

Whether Plaintiffs are entitled to any relief upon the Complaint as filed.

Whether the Court has subject matter jurisdiction.

Whether the matter is moot as to the relief sought as to 2014.

Whether the matter is not ripe as to the relief alleged in an affidavit for the 2018 Arkansas election.

**11. A list and brief description of all exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.**

**Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

    A. Exhibits Plaintiff expects to offer:

    1. Chart by Plaintiff Mark Moore as to graphic representation of signature validation periods for the Secretary of State's office over time.

    2. Defendant Mark Martin's responses to Plaintiff's interrogatories and requests for production of documents; and Defendant's supplemental disclosures.

    3. Memorandum Opinion in the case of *Lendall v. McQuen*, Case No. LR-C-88-311, filed August 16, 1988, in the United States District Court for the Eastern District of Arkansas.

**12. The names, addresses, and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate of witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.**

    A. Plaintiff expects to call as witnesses:

    Mark Moore, 1272 Pace Lane, Pea Ridge, Arkansas 72751, Telephone No. (479) 372-8440.

    B. Plaintiff may call as a witness:

    Mark Martin, Secretary of State for the State of Arkansas, or Brandon Newell, Department Supervisor for the Arkansas Secretary of State, or a designated representative of Defendant Secretary of State's office.

**13. The current status of discovery, a precise statement of the remaining discovery, and an estimate of the time required to complete discovery.**

The parties have exchanged and answered additional interrogatories and requests for production of documents since the decision of the Eighth Circuit and denial of the Petition for Writ of Certiorari by the U.S. Supreme Court. Discovery has been completed and there is no remaining discovery to be completed.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Counsel for Plaintiff Mark Moore believes the trial on remand can be completed in two hours. Counsel for Defendant has indicated that the trial might take as much as one day, although Counsel for Plaintiff is skeptical of that suggestion in light of the law of the case doctrine and the fact that the Eighth Circuit was specific as to what questions it wanted resolved on remand to the District Court.

Respectfully submitted this 1st day of December, 2017.

                                  MARK MOORE, Plaintiff

                                  <u>/s/ James C. Linger</u>
                                  JAMES C. LINGER, OBA No. 5441
                                  1710 South Boston Avenue
                                  Tulsa, Oklahoma 74119-4810
                                  (918) 585-2797 Telephone
                                  (918) 583-8283 Facsimile
                                  bostonbarristers@tulsacoxmail.com

                                        JEFF ROSENZWEIG, AB No. 77115
                                        300 Spring Street, Suite 310
                                        Little Rock, Arkansas 72201
                                        (501) 372-5247 Telephone
                                        (501) 376-0770 Facsimile
                                        jrosenzweig@att.net
                                        *Counsel for Plaintiff*

## CERTIFICATE OF ELECTRONIC SERVICE

    I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 1st day of December, 2017.

                                        /s/ James C. Linger
                                        James C. Linger