**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 6 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                                  **PLAINTIFF**

v.                                         Case no. 4:14-CV-65-JM

**HONORABLE MARK MARTIN, in his official
capacity as Secretary of State
for the State of Arkansas**                                                    **DEFENDANT**

### DEFENDANT HONORABLE MARK MARTIN'S
### PRE-TRIAL DISCLOSURE SHEET

**COMES NOW**, Defendant, Honorable Mark Martin, in his official capacity as Secretary of State for the State of Arkansas, pursuant to Rule 26.2 of the Local Rules of the U.S. District Court for the Eastern District of Arkansas, Western Division, , and Rule 26(a)(3) of the Federal Rules of Civil Procedure, and hereby sets forth the following disclosures:

1. **Party Submitting Information**: Defendant Secretary of State, through counsel for Defendant Secretary of State.

2. **Name, address, and telephone number of counsel for Defendant**:

   AJ Kelly, PO Box 251570, Little Rock, AR 72225-1570. Phone: (501) 682-3401.

3. **Summary of Claims and Relief**: This is a ballot access case concerning Independent Candidate Signature Petitions in the State of Arkansas. Plaintiff Mark Moore challenges the change in the date of submission of signature petitions for independent candidates from May 1 to March 1 of the even-numbered (election) years and asks for declaratory and injunctive relief. It is too late in the year for legislative action to take place before the 2018 filing period, given that the Arkansas Legislature only meets in general session once every two (2) years, normally in odd-numbered years, while meeting for the constitutionally-limited purpose of fiscal legislation in even-numbered years for a two-week period.

4. **Prospects for settlement**: This is an election law case involving a challenge to the constitutionality of a state statute setting an election law deadline. The case has been appealed and affirmed in part (denying Plaintiff's Motion for Summary Judgment) and reversed in part (overturning summary judgment awarded to Defendant). A petition for writ of certiorari to the U.S. Supreme Court has been denied without prejudice. Consequently, there are no prospects of settlement.

5. **Basis for jurisdiction and objections to jurisdiction**: Defendant continues to object to subject-matter jurisdiction for lack of standing, where the District Court's ruling on the matter was not part of the previous appeal based upon the outcome from the summary judgment motions. Lack of subject matter jurisdiction can be raised at any time. Fed. R. Civ. P. 12(h)(3). There have been numerous developments in the law concerning standing since this case was initially decided in 2015; Plaintiff has the

initial burden to show that he has a concrete injury in fact, i.e., that the injury actually exists in a real sense, and not merely in an abstract sense. *Spokeo, Inc., v. Robins*, 578 U.S. ___, 136 S.Ct. 1540, 1547 (2016). Plaintiff erroneously asserts that the court has jurisdiction. 42 U.S.C. § 1983.

6. **List of all pending Motions:** None; we've been through all of those, appealed, and received a partial affirmance and partial reversal, setting the matter for trial.

7. **Concise summary of the facts:** Suit was filed prior to the 2014 "party filing period." After filing suit, Plaintiff attempted to file with Defendant Secretary as an independent candidate for Lt. Governor on the last day of the filing period on March 3, 2014. Plaintiff failed to sign a required form, and refused to submit any petition signatures in support of his filing for office. Defendant Secretary declined to list Plaintiff on the ballot in 2014 as a result of both. The 2014 election has taken place; Plaintiff's name was not on the ballot; election results were certified and not challenged in a timely manner by any person. Plaintiff moved for summary judgment in May of 2015. The District Court denied Plaintiff's Motion for Summary Judgment. The District Court's decision denying Plaintiff's Motion for Summary Judgment was affirmed on appeal. Plaintiff submitted an affidavit – and will probably testify at trial – that he intends to run as an independent candidate for Lt. Governor in the 2018 election cycle in the State of Arkansas in the hopes of revivifying his claims, without amending his Complaint. The deadline for filing for office in 2018 is March 1, 2018, with independent candidate petition signatures due

on that date after a statutory 90-day period in which to collect signatures. Both other plaintiffs in this matter have suffered judgment against them: Plaintiff Harrod declined to appeal the adverse decision and is now bound by this Court's summary judgment against him, as is Defendant Secretary. Plaintiff Johnson dismissed without prejudice his claim which should have been filed against the County Clerk for White County, Arkansas, as it did not involve Defendant Secretary at all. Fed. R. Civ. P. 41(a).

The law at issue was changed in 1989 (setting May 1 filing date for independent candidate signature petitions), and upheld in the Eighth Circuit on the grounds that the state actors (Secretary of State and County Clerks) needed that much time to process signatures on the petitions, and allow time for litigating the petition signatures and challenging other parts of the petition process. *Langguth v. McCuen*.

After the U.S. Congress passed the MOVE Act as part of the budget reconciliation process in 2009, the Arkansas legislature did not meet in general session until after the 2010 election. In 2011, the State of Arkansas significantly adjusted its election calendar to account for MOVE Act requirements in both the primary and general elections. Act 1185 of 2011, Acts of Arkansas (HB 2054). After the experience of the 2012 election cycle, additional election law deadlines were changed to account for the experiences of the 2012 election cycle. Act 1356 of 2013, Acts of Arkansas (HB 2036). These changes included moving the petition filing deadline for independent candidates, i.e., the issue of the subject lawsuit.

8. **All proposed stipulations**. The Court's scheduling order sets a later deadline for proposed stipulations. There are – undoubtedly – areas of agreement where the parties may narrow the contested issues. Defendant is working to meet the Court's Scheduling Order in this regard.

9. **The issues of fact expected to be contested**: Whether Mark Moore is a valid plaintiff. Whether Mark Moore has suffered the requisite harm required for federal court intervention. What is the nature of the harm Moore has suffered. Who will represent the interests of the County Clerks who have not been made party to this case, and what are their timelines and concerns in the petition process for independent candidates at the local level. What are the time issues presented by non-partisan judicial and prosecutorial petitions and the accompanying litigation? What are the time issues presented by the absentee ballot deadlines (60 days before election, 46 days before election, and 10 days after election). What are the time issues presented by early voting (2 weeks before preferential primary, 1 week before runoff primary, 2 weeks before general election, 1 week before general election runoff)? What are the time issues presented by the initiative and referendum process in the State? What issues are presented by ballot-draw deadlines? What issues are presented by vendor requirements for printing ballots and burning electronic media? What issues are presented when litigation extends beyond deadlines for burning media and printing ballots? What issues are presented when an independent candidate is included on an absentee ballot, a UOCAVA ballot, or an early voting electronic ballot, where the

independent candidate is later thrown off the ballot as a result of litigation. Whether Defendant Secretary has any control over the time it takes to litigate independent candidate petition signature challenges and other petition signature challenges. Whether the "default constitutional remedy" of simply "not counting the votes" of an independent candidate will have adverse consequences on the remaining candidates running for that office.

10. **Issues of law expected to be contested:** Subject matter jurisdiction. Plaintiff's standing. Whether the *Martin v. Moore* case overrules any part of the *Langguth v. McCuen* case. Mootness. Ripeness. Whether Plaintiff is entitled to any relief. Law of the case issues – too numerous to mention. Whether Plaintiff is entitled to anything more than *as applied* relief to his own personal circumstances after the other plaintiff failed to appeal and the Secretary is now bound by the Court's prior judgment. Whether Plaintiff is entitled to any injunctive relief when the other plaintiff failed to appeal and Defendant Secretary is now bound by the Court's prior judgment, which a general injunction would vacate. Whether Plaintiff has show that the change in the petition filing deadline has "seriously restricted the availability of political opportunity." Whether Plaintiff has met his initial burden to show that he has a concrete injury in fact, an injury that really exists in a real sense and not merely in an abstract sense. Whether Plaintiff has a personal interest in the outcome of the litigation; whether he had that interest at the time suit began; and whether he maintained that personal interest at all stages of the

litigation. Whether plaintiff's purported injury is "real, immediate, and direct." Whether the claimed harm is "certainly impending." Whether plaintiff's claim of harm has been shown objectively. Whether the relief plaintiff seeks for 2014 would remedy the purported injury.

Whether "hiring more temporary workers" would have any effect in changing the scheduling orders of any court in Arkansas that is considering a challenge to petition signatures. Whether other candidates – not parties to this matter – have their own First Amendment rights to have petition signature challenges decided by a court of competent jurisdiction in a manner designed to protect voters' rights to have their votes counted accurately for candidates who are validly on the ballot. Whether absentee voters and early voters are entitled to have petition signature challenges decided in a timely manner so as to protect their right to vote for candidates who are actually on the ballot. Whether the imposition of UOCAVA deadlines, and the "45-day" federal requirement in the MOVE Act (46 days as implemented in the State of Arkansas), require that independent candidate signature challenges be resolved before ballots are printed and electronic media is "burned." Whether Defendant Secretary has met the burden ascribed to him in the Eighth Circuit opinion, *Moore v. Martin*.

Other legal issues may be presented depending upon the proof submitted.

11. **List and description of exhibits, etc.**: This list depends upon any agreement of the parties on stipulations. Based upon the Eighth Circuit opinion in this matter, Defendant may have a substantial exhibit list, including exhibits produced by Plaintiff. A complete list will be produced in accordance with the Court's Scheduling Order prior to trial, numbered and pre-marked. In addition, Defendant has already notified Plaintiff that it will use a copy of Plaintiff's responses to requests for admissions made in discovery earlier in the case. Any exhibit identified by Plaintiff may also be an exhibit for Defendant.

12. **Witnesses**: Defendant will call Josh Bridges, Election Coordinator for the Secretary of State. Available as a state employee, c/o Secretary of State, 500 Woodlane Street, Suite 256, Little Rock, AR 72201, phone (501) 682-3401. Defendant may call Leslie Bellamy, Director of Elections; Peyton Murphy, Assistant Director of Elections; Brandon Newell, Election Coordinator; all available at the same address and phone number. Defendant may call Plaintiff, Mark Moore, if necessary.

13. **Current status of discovery**: Defendant is in the process of supplementing discovery responses with a few additional copies of Acts of Arkansas, a graphic timeline of an election year (such as 2018) deadlines. This should be completed in the next few days.

14. **Estimated length of trial**: No less than one full day, given previous experience with opposing counsel. Suggestions for expediting disposition: stipulating to admissibility of exhibits, and making other stipulations concerning various election-

related deadlines that constrain Defendant Secretary of State, the County Clerks who are not represented here, and absentee and early voters who have First Amendment rights as well.

Respectfully submitted this 5th day of December, 2017.

HONORABLE MARK MARTIN
SECRETARY OF STATE
In His Official Capacity, DEFENDANT

By: /s/ AJ Kelly
A.J. Kelly
General Counsel and
Deputy Secretary of State
P.O. Box 251570
Little Rock, AR 72225-1570
(501) 682-3401
Fax: (501) 682-1213

And

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
AB No. 2016037
500 Woodlane St., Ste 256
Little Rock, AR 72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that I have delivered a copy of the foregoing via fax and email on the 5th day of December, 2017 to the following:

James C. Linger
1710 South Boston Ave.
Tulsa, OK 74119-4810

Jeffrey M. Rosenzweig (fax only)
300 South Spring Street, Suite 310
Little Rock, AR 72201

/s/ AJ Kelly
_____
AJ Kelly