**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 3 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                       **PLAINTIFF**


**v.**                              **Case no. 4:14-CV-65-JM**


**HONORABLE MARK MARTIN, in his official
capacity as Secretary of State
for the State of Arkansas**                                          **DEFENDANT**


## DEFENDANT HONORABLE MARK MARTIN'S PRE-TRIAL BRIEF


**COMES NOW**, Defendant, Honorable Mark Martin, in his official capacity as Secretary of State for the State of Arkansas, for his Pre-Trial Brief in the matter of Mark Moore v. Honorable Mark Martin, Arkansas Secretary of State, corrected as discussed on-the-record at the trial on December 12, and states as follows:

This is an Independent Candidate ballot access case. Plaintiff Moore challenges A.C.A. §§ 7-7-101, 7-7-103, 7-7-203 as it applies to Plaintiff, specifically challenging the deadline for Independent Candidates to file petitions with signatures of registered voters (Petitions or petition signatures), i.e., moving the deadline for petitions from May 1 to March 1 (or the end of the party filing period).

This Court previously entered an Order and Judgment in favor of Defendant Secretary on his Motion for Summary Judgment (and his Response to Plaintiff's Motion for Summary Judgment), against Plaintiffs Michael Harrod and Mark Moore, after Plaintiff William Chris Johnson dismissed his complaint without prejudice.  Harrod did not appeal that ruling; Defendant Secretary is bound by this Court's earlier ruling, as it is a final judgment.  Johnson has not re-filed his complaint.

Plaintiff Moore appealed the adverse decisions against him, granting Defendant Secretary summary judgment, and denying Plaintiffs' Motion for Summary Judgment.  The Eighth Circuit affirmed in part and reversed in part, concluding that this Court's Order denying Plaintiffs' Motion for Summary Judgment was correct.  The Eighth Circuit remanded for trial, however, when it reversed in part the summary judgment in favor of Defendant Secretary.  The case proceeds to trial on the merits of the sole remaining Plaintiff, Mr. Moore.

This case has been briefed extensively in the District Court, in the Court of Appeals, and in the U.S. Supreme Court, where Defendant Secretary's Petition for Writ of Certiorari was very recently denied.  The case comes to trial at the request of Plaintiff, Mr. Moore, on an abbreviated scheduling order after remand.

Defendant attaches hereto, and has delivered separately, his Proposed Findings of Fact and Conclusions of Law, which set forth succinctly the known facts and legal issues in this case. The proposed Findings and Conclusions are incorporated herein, as part of Defendant Secretary's Pretrial Brief.

However, the matter is set for a full trial on the merits, after abbreviated discovery after remand. This Brief has only additional, essential facts and legal citations, previously cited, that may be necessary for an understanding of the case. Given the uncertainties of trial, and the evidence therein, it would be reasonable to request a modest amount of time after trial to supplement this Brief, give new or undisclosed facts that may be presented by the remaining parties.

Independent candidates for statewide office must submit petitions signed by the lesser of three percent of the qualified electors of the state or ten thousand qualified electors. A.C.A. § 7-7-103(b). Independent candidates must submit their petitions during the same period as political party candidate petitions during the "party filing period." A.C.A. §§ 7-7-103, 7-7-203(c)(1). The party filing period is defined by Act 1185 of the Regular Session of 2011, codified in § 7-7-203(c)(1), as a one-week period ending on the first day in March at noon, and beginning one week prior.

On April 16, 2013, the Arkansas General Assembly passed House Bill 2036, of the Regular Session of 2013. On April 18, 2013, House Bill 2036 became enrolled as Act 1356 of the Regular Session of 2013. Act 1356 of 2013, which amended A.C.A. § 7-7-103, changed the deadline for filing petition signatures from May 1 to the "party filing period." Due to the party filing period deadline falling on a weekend in 2014, the party filing period for the 2014 election cycle ran from noon on February 24, 2014 to noon on March 3, 2014.

Per A.C.A. § 7-7-103, Independent Candidates for office must file a Political Practices Pledge, an Affidavit of Eligibility, the required petition signatures, and a Notice of Candidacy by the end of the party filing period.

Plaintiff Mark Moore ("Moore") filed this suit on February 6, 2014. Mark Moore attempted to file as an Independent Candidate for Lieutenant Governor on March 3, 2014. Moore failed to file an executed Notice of Candidacy, signed an Acknowledgment that he did not tender petition signatures, and failed to file any candidate petition signatures.

Moore collected no signatures on candidate petitions, submitted no signatures on candidate petitions, and did not attempt to collect, or attempt to submit, signatures on candidate petitions, by the March 3, 2014 deadline, or even by the older, pre-Act 1356 of 2013 deadline of May 1. As part of Plaintiff's Motion for Summary Judgment, Moore signed an Affidavit on May 8, 2015 stating he "refused to comply with the petition signature deadline." Moore also stated by affidavit that he intends to run as an Independent Candidate for Lieutenant Governor in 2018.

Defendant Secretary of State notified Plaintiff on March 7, 2014, that his attempted filing was insufficient, that he failed to sign his Notice of Candidacy, and failed to tender any petition signatures, and would not be certified to the County Boards of Election Commissioners as a candidate for the November 2014 general election.

Plaintiff Mark Moore was not placed on the 2014 General Election ballot for the State of Arkansas.   The election is over and no remedy for 2014 is available.

George Pritchett, an Independent Candidate for State Senate District 14, met all filing requirements and was placed on the November 4, 2014 general election ballot. The proof will show that two additional candidates qualified in 2016.

The deadline for the Secretary of State to certify the names of all candidates to the County Boards of Election Commissioners for the November general election was August 21, 2014. Absentee Ballots were electronically delivered on or about September 19, 2014, to meet the requirements of the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA as modified by the MOVE Act). The General Election was held on November 4, 2014, and its results were certified on November 20, 2014.

The Court should deny Plaintiff the relief he seeks. Plaintiff failed to meet the requirements to run as an Independent Candidate.  Plaintiff lacks standing.  Plaintiff has not been reasonably diligent.  Plaintiff has not met the Supreme Court requirements for standing.

Defendant incorporates by reference his previously-submitted Brief in Support of his Motion for Summary Judgment, his Reply Brief in Support of the Motion for Summary Judgment, and his Brief in Opposition to Plaintiff's Motion for Summary Judgment.  Defendant incorporates by reference his Proposed Findings and Conclusions attached hereto, and previously submitted separately to the Court.

**WHEREFORE**, and for the foregoing reasons, Defendant State Mark Martin, in his official capacity, prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiff any of the relief he seeks; that the Court deny Plaintiff any injunctive relief; that

the Court deny Plaintiff his request for any costs, fees, or expenses; and that the Court grant

Defendant such additional relief to which he may be entitled under the circumstances.

Respectfully submitted, as corrected, this 13th day of December, 2017.


HONORABLE MARK MARTIN
SECRETARY OF STATE
In His Official Capacity, DEFENDANT


By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
P.O. Box 251570
Little Rock, AR 72225-1570
(501) 682-3401
Fax: (501) 682-1213

And

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
AB No. 2016037
500 Woodlane St., Ste 256
Little Rock, AR  72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that I have delivered a copy of the foregoing (Corrected Pre-trial Brief) (with attached and incorporated Proposed Findings and Conclusions) via the District Court's electronic filing system, to the following persons on this 13th day of December, 2017:

James C. Linger
1710 South Boston Ave.
Tulsa, OK 74119-4810

Jeffrey M. Rosenzweig
300 South Spring Street, Suite 310
Little Rock, AR 72201

_____
AJ Kelly

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF ARKANSAS
### WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                        **PLAINTIFF**

**VS.**                                **NO. 4:14-CV-65-JM**

**MARK MARTIN in his official capacity as**
**Arkansas Secretary of State**                                      **DEFENDANT**

### DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS

1. This case is on remand from one Plaintiff's appeal of this Court's Order granting
   Summary Judgment to Defendant Secretary and denying Summary Judgment to the
   original Plaintiffs. The Court of Appeals affirmed the denial of summary judgment to
   Plaintiffs, but reversed in part the summary judgment granted to Defendant and
   remanded this case for trial on the merits.

2. One Plaintiff, William Chris Johnson, voluntarily dismissed himself from this suit in
   2015, and has not refiled.

3. Another Plaintiff, Michael Harrod, a putative candidate for State House of
   Representatives, declined to appeal from this Court's summary judgment order, and is
   now bound by that Order, as is Defendant Secretary of State.

4. Plaintiff Michael Moore claimed to be running for Lt. Governor in 2014 in the original Complaint, but failed to complete the unchallenged pre-filing paperwork necessary in order to run for that office in a timely manner prior to the close of the filing period, as the Secretary of State told him by letter..

5. Plaintiff Michael Moore in 2014 refused to attempt to collect any signatures for his putative run for the office of Lt. Governor in 2014.

6. Plaintiff Michael Moore did not file, or attempt to file, any petition signatures at all for his putative independent candidacy for Lt. Governor in the State of Arkansas in 2014.

7. Plaintiffs have not joined any of the 75 Arkansas County Clerks as co-defendants in this action.

8. The law at issue, concerning the timing of the filing of petition signatures for independent candidates for political office, applies equally to the seventy-five (75) county clerks, as it does to the Secretary of State.

9. At least three (3) other candidates timely filed independent candidate petitions with the Arkansas Secretary of State for State House and State Senate, in the 2014 and 2016 election cycles.

10. Numerous nonpartisan judicial and nonpartisan prosecutorial candidates file for office by petition to the Arkansas Secretary of State each election cycle, including 2014 and 2016.

11. Litigation involving nonpartisan judicial candidates, nonpartisan prosecutorial candidates, and independent candidates can, and has in the past, interfered with the deadlines for submitting candidate information to the outside contractors who "burn" media and prepare ballots for printing for the election, given the UOCAVA and MOVE Act deadlines for distributing ballots to military and overseas citizens.

12. Litigation involving nonpartisan petitions has increased given the change in the filing location to Defendant Secretary's office, and the increase in the number of offices on the nonpartisan ballot.

13. Litigation involving nonpartisan petitions in 2014 would have interfered with the processing of independent candidate signature petitions under the old (May 1) deadline.

14. The filing deadline for independent candidate petitions was May 1 from the change set forth in Act 591 of 1989, including the period of time described in *Langguth v. McCuen*, until the legislative change in Act 1356 of 2013, which came about after the 2010 MOVE Act amendments to UOCAVA, and the experiences of the 2012 election cycle.

15. There has been an increase in the number of initiative petitions to the Secretary of State since 2011.

16. Initiative petitions may be filed at any time before the constitutional deadline (4 months before the general election).

17. Initiative petition processing would interfere with independent candidate signature processing.

18. Litigation of independent candidate signature petitions would interfere with initiative petition processing.

19. Defendant Secretary of State has no control over the time it takes to litigate matters concerning independent candidate petitions, nonpartisan candidate petitions, and initiative petitions.

20. Failure to resolve petition litigation in a timely manner results in the constitutional default remedy that candidate names, or initiative ballot titles, must be placed on the ballot for purposes of printing and burning media, in order to meet the UOCAVA and MOVE delivery deadlines; adverse resolution (i.e., removal of a candidate name or initiative ballot title) can then only result in one remedy:  not counting the votes for the stricken candidate or initiative.

21. Not counting votes cannot remedy the loss of time it takes for all voters to see, and vote on, the futile candidate, nor the cost of printing and burning media for, the futile candidate or initiative.

22. Arkansas has had to modify its substantive law concerning names on the ballot, omitting entirely "uncontested" or undisputed races, because the time it took to display those names electronically had the cumulative effect of lines at the polling locations during early voting and election day, even using the most modern and up to date electronic voting equipment available to the State of Arkansas.

## CONCLUSIONS

1. The Court is constrained by its earlier ruling in this case, i.e., a ruling which was not appealed. The Court is likewise constrained by the opinion of the Court of Appeals to the extent that it expressed its opinion on matters of law.

2. Plaintiff proceeds in this matter individually, on his *as applied* challenge to his own circumstances as set forth in the Complaint, given the disposition of the other plaintiffs in this matter. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008); *Crawford v. Marion County Election Board,* 553 U.S. 181, 182 (2008); *see, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (particularization requirement).

3. Plaintiff has the burden of showing that he has met the requirements of standing, including reasonable diligence under the circumstances. *Storer v. Brown*, 415 U.S. 724, 742 (1974); *Anderson v. Celebrezze*, 460 U.S. 780 (1983); *New York State Bd. Of Elections v. Lopez Torres*, 552 U.S. 196, 210 (2008) (Kennedy, J., concurring in the judgment); *Nader v. Brewer,* 521 F.3d 1028, 1035 (9th Cir. 2008); *Swanson v. Worley*, 490 F.3d 893, 902 (11th Cir. 2007); *Timmons v. Twin Cities Area New Party,*

520 U.S. 351, 367 (1997); *McLain v. Meier*, 851 F.2d 1045, 1050 (8ᵗʰ Cir. 1988);

*Libertarian Party of North Dakota v. Jaeger*, 659 F.3d 687, 694 (8ᵗʰ Cir. 2011).

4.  Plaintiff has the initial burden to show that the state's ballot access requirements seriously restrict the availability of political opportunity. *Arizona Green Party v. Reagan*, 838 F.3d 983 (9ᵗʰ Cir. 2016); *Libertarian Party of Wash. v. Munro*, 31 F.3d 759 (9ᵗʰ Cir. 1994).

5.  Plaintiff has the initial burden to show that he has a concrete injury in fact, i.e., that the injury actually exists in a real sense, and not merely in an abstract sense. *Spokeo, Inc., v. Robins*, 578 U.S. ____, 136 S.Ct. 1540, 1547 (2016).

6.  Plaintiff must have that "personal interest" in the outcome of the suit at the commencement of the litigation. *Friends of the Earth, Inc., v. Laidlaw Enviro. Svcs (TOC), Inc.,* 528 U.S. 167, 189 (2000); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 473 (1982).

7.  Plaintiff must show that he has had that same personal interest at all stages of the litigation, not merely at the time the complaint was filed. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 473 (1982).

8.  Standing is not dispensed in gross. *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).

9.  Hypothetical future harm that is not certainly impending does not confer standing. *Clapper v. Amnesty International, USA*, 133 S.Ct. 1138, 1143 (2013).

10. The proof required to establish standing increases as the suit proceeds.  *Friends of the Earth*, 528 U.S. at 180.

11. A party facing prospective injury has standing to sue only when the injury is real, immediate, and direct.  *See, Los Angeles v. Lyons*, 461 U.S. 95, 102 1983); *Davis v. Federal Election Commission,* 554 U.S. 724, 725 (2008).

12. A subjective chilling effect of a law in general is insufficient for standing because the feared harm is not certainly impending. *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972); *Clapper*, 133 S.Ct. at 1152; *Davis v. N.Y. State Bd of Elections, Peter S. Kosinski, Comm'r*, ___ Fed. Appx. ___, slip. op. at 5, No. 16-3822-cv (2nd Cir. May 3, 2017)

13. A First Amendment challenge to a statute does not obviate the requirement that a plaintiff articulate some concrete, real-world harm – and legal protection from that harm – to establish an injury-in-fact as a prerequisite to Article III standing.  *Spokeo*, 136 S.Ct. 1t 1548.

14. It is plaintiff's burden to make an objective showing of harm.  *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

15. In this era of frequent litigation, the courts must be more careful to insist on the formal rules of standing, not less so. *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 146 (2011).

16. The issue of standing is a question of subject matter jurisdiction which can be raised at any time, at any stage of the litigation, and is never waived.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

17. Acts of the Arkansas State Legislature are entitled to a presumption of constitutionality. *Fitz v. Dolyak*, 712 F.2d 330, 333 (8ᵗʰ Cir. 1983); *Branson v. O.F. Mossberg & Sons, Inc.,* 221 F.3d 1064, 1065 n.4 (8ᵗʰ Cir. 2000).

18. States have broad power to prescribe the time, place, and manner of holding elections. U.S. Const. Art. 1, §4, cl. 1; *Green Party of Arkansas v. Martin*, 649 F.3d 675, 680 (8ᵗʰ Cir. 2011).

19. First and Fourteenth Amendment association rights for access to the ballot are not absolute and are necessarily subject to qualifications if elections are to be run fairly and effectively. *Munro v. Socialist Workers Party*, 479 U.S. 189, 193 (1986).

20. The Court must weigh the character and magnitude of the rights asserted by Plaintiff against the precise interests put forward by Defendant as justification for imposing the minor change in the ballot deadline, taking into consideration the extent to which Defendant's interests make it necessary to burden plaintiff's rights. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 359 (1997). This is not a bright-line test. *Id.*

21. Relief that does not remedy the purported injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement of standing. *U.S. v. Geranis*, 808 F.3d 723 (8ᵗʰ Cir. 2015) *citing, Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003 (1998).

22. A constitutional ratchet effect resulting from previous litigation is an unacceptable outcome because it will create arbitrary differences among the states. *Hall v. Simcox,*

Defendant's Proposed Findings and Conclusions, P. 8

766 F.2d 1171, 1175 (7th Cir. 1985); *Arutunoff v. Oklahoma State Election Bd.*, 687 F.2d 1375, 1380 (10th Cir. 1982).

23. Based upon the Eighth Circuit's previous opinion in *Lannguth v. McCuen*, the opinion remanding this case for trial of a single plaintiff on the merits, and the evidence presented at trial, the Court concludes that it must dismiss this case and enter judgment in favor of Defendant Secretary of State.

Dated: December 1, 2017.

Respectfully submitted,

**HONORABLE MARK MARTIN**
SECRETARY OF STATE
In his Official Capacity, **Defendant**

By: _____
A.J. Kelly
Deputy Secretary of State
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
Email: Kellylawfedecf@aol.com

*Attorney for Defendant*
*Secretary of State*

**Defendant's Proposed Findings and Conclusions, P. 9**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 1st day of December, 2017, I have served the foregoing Proposed Findings and Conclusions via email to:


James C. Linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283


Jeff Rosenzweig
300 Spring St, Suite 310
Little Rock  AR 72201
Fax: (501) 376-0770

A.J. Kelly