## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

MARK MOORE and MICHAEL HARROD                    PLAINTIFFS

V.                                   4:14CV00065 JM

MARK MARTIN in his official capacity as
Arkansas Secretary of State                          DEFENDANT

## ORDER

The Court held a bench trial on December 12, 2017. The parties stipulated to the

admission of the July 27, 2015 transcript from the summary judgment motion hearing. After

review of the record, transcript, the witnesses' testimony and exhibits presented at trial, along

with the arguments of counsel, and the decision of the United States Court of Appeals for the

Eighth Circuit in *Moore v. Martin,* 854 F.3d 1029 (8th Cir. 2017), the Court makes the following

findings of fact and conclusions of law.

1.       Plaintiffs filed suit on February 6, 2014, seeking a declaratory judgment from the

Court that Arkansas Code Ann §§ 7-7-101, 7-7-103, and 7-7-203(c)(1) are

unconstitutional because the statutes violate the First and Fourteenth Amendments to the

United States Constitution by way of 42 U.S.C. § 1983. Plaintiffs also seek injunctive

relief.

2.       This case is before the Court on remand from the Court of Appeals for the Eighth

Circuit. Plaintiff Mark Moore appealed this Court's Order granting summary judgment to

Defendant Secretary of State and denying summary judgment to the original Plaintiffs.

The Court of Appeals affirmed the denial of summary judgment to Plaintiffs, but reversed

the summary judgment granted to Defendant and remanded this case for trial on the

merits.

3.      Plaintiff Moore was a candidate for Lieutenant Governor of Arkansas in 2014, but did not successfully petition for ballot access.

4.      Plaintiff William Chris Johnson voluntarily dismissed himself from this suit in 2015, and has not refiled.

5.      Plaintiff Michael Harrod, a putative candidate for State House of Representatives, declined to appeal from this Court's summary judgment order.

6.      Plaintiff Moore intends to be an independent candidate for Lieutenant Governor of Arkansas in the November 2018 general election.

7.      Plaintiff Moore is not asking the Court to order any names printed on the Arkansas ballot for a future General Election. Plaintiff is asking for injunctive relief against enforcement of the current independent petition deadline as to future elections.

8.      Arkansas Code § 7-7-103 provides the specific requirements for filing as an independent. An independent candidate must file a political practices pledge, an affidavit of eligibility, a petition signed by 3% of qualified electors of the place where the person is seeking office, and a notice of candidacy stating the name and title of the elective office the candidate seeks. The statute also provides that "[p]etitions shall be circulated not earlier than ninety (90) calendar days before the deadline for filing petitions. . . ." Ark. Code Ann. § 7-7-103(b)(3)(B) (West).

9.      Specifically, Arkansas Code § 7-7-203(c)(1) provides that the filing period is a "one-week period ending at 12:00 noon on the first day in March and beginning at 12:00 noon one (1) week prior to the first day in March." Ark. Code Ann. § 7-7-203(c)(1) (West). The March deadline is the same for party candidates and independent candidates.

10.     The current deadline to file petitions to run for statewide office as an independent candidate is March 1, 2018. Therefore, the deadline for filing a petition to run as an independent candidate for Lieutenant Governor in Arkansas is March 1, 2018.

11.     Arkansas's filing deadline for independent candidates in partisan elections was changed in 2013 from May 1st to March 1st of election years.

12.     The Secretary of State contends that the March 1st deadline for filing independent petitions is necessary because there has been an increase in the number of initiative petitions filed with the Secretary of State since 2011. The processing of, and the litigation involving, initiative petitions interferes with the independent candidate signature processing.

13.     The Secretary states that the March 1st deadline for filing independent petitions is necessary because numerous nonpartisan judicial and nonpartisan prosecutorial candidates file for office by petition with the Secretary of State.

14.     The Secretary contends that litigation involving nonpartisan petitions in 2014 would have interfered with the processing of independent candidate signature petitions under the May 1st filing deadline.

15.     The current deadline for filing initiative petitions is July 6, 2018.

16.     The current deadline for filing nonpartisan petitions is March 1, 2018.

17.     The Secretary of State must finish the review of all the nonpartisan candidates' signatures before the independent candidate filing period begins.

18.     The next preferential primary election is on May 22, 2018. Independent candidates do not appear on the ballot in the preferential primary election. Nonpartisan candidates appear on the ballot in the preferential primary election.

19.     The next general election and non-partisan runoff election will be held on

November 6, 2018. Independent candidates appear on the general election ballot.

20.     Independent candidate petitions have been timely processed when the

independent petition deadline was either May 1st or May 29th of the election year.

21.     At the state level, there are generally no conflicting petition filing deadlines

between May 1st and July 6th.

22.     The number of independent candidates who filed petitions to run for office in

Arkansas were as follows: 2006: 10 independent candidates filed documents, only 6

candidates were processed, none for a statewide office; 2008: 10 independent candidates

filed documents, only 6 were processed, none for statewide office; 2010: 22 independent

candidates filed documents, only 10 were processed, one for statewide office; 2012: 12

independent candidates filed documents, only 8 were processed, none for statewide

office; 2014: 1 independent candidate filed documents, 1 was processed, none for

statewide office; 2016: 2 independent candidates were processed, none for statewide

office.

23.     The number of signatures required for an independent petitioning to run for

statewide office is at least 10,000. The number of signatures required for an independent

candidate running for state office is generally several hundred.

24.     There have been no independent candidates for statewide office since the

independent petition filing deadline was changed in 2013.

25.     The number of initiative petition signatures which were processed and verified for

sufficiency by the Arkansas Secretary of State from the initiative deadline in early July to

late August of the election year were as follows: 2010: no petitions were submitted; 2012:

four petitions were processed, 424,293 signatures were submitted and 391,184 were

reviewed for sufficiency; one petition was void for want of initiation for failure to meet

the constitutional fifteen county requirement; 2014: two petitions were processed,

257,281 signatures were submitted and reviewed for sufficiency; 2016: four petitions

were processed; approximately 511,322 signatures were submitted and reviewed for

sufficiency.

26.     Between the March 1st deadline for independent candidate petition filing and the

early July deadline for initiative petitions, the Secretary of State presides over early

voting in the preferential primary, the preferential primary election, early voting runoff,

and the runoff election.

27.     The Secretary of State can and has hired, trained, and used temporary workers to

verify petition signatures when needed.

28.     A trained worker can generally verify 4-5 petition signatures per minute.

29.     Plaintiff Moore has standing under Article III of the United States Constitution.

The case constitutes a case and controversy that impacts Plaintiff's petition deadline as a

future independent candidate in Arkansas and his rights as an Arkansas voter to cast his

vote effectively. "Ballot access restrictions implicate not only the rights of potential

candidates for public office, but also the First and Fourteenth Amendment rights of voters

to cast their ballots for a candidate of their choice and to associate for the purpose of

advancing their political beliefs." *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017)

(citing *Anderson v. Celebrezze*, 460 U.S. 780, 786-88, 103 S.Ct. 1564, 75 L.Ed.2d 547

(1983)).

30.     The case is not moot because the relief requested can be granted as applied to the

current election cycle.

31.     The Court has reviewed the statute "under a form of strict scrutiny referred to as

the 'compelling state interest test' by first determining whether the challenged statute

causes a burden of some substance on a plaintiff's rights, and if so, upholding the statute

only if it is 'narrowly drawn to serve a compelling state interest.' " *Moore,* 854 F.3d at

1026 (quoting *Libertarian Party of N.D. v. Jaeger*, 659 F.3d 687, 693 (8th Cir. 2011);

(*McLain v. Meier*, 851 F.2d 1045, 1049 (8th Cir. 1988)).

32.     "[T]he State bears the burden of showing that the challenged statute is narrowly

drawn to serve the State's compelling interest." *Moore,* 854 F.3d at 1026.

33.     The Court finds the March 1st filing deadline to be a substantial burden on an

independent candidate's right to ballot access and a voter's right to support a candidate of

their choice.

34.     The Court also finds that the State of Arkansas has a compelling interest in timely

certifying independent candidates for inclusion on the general election ballot.

35.     Even considering the federal election law deadlines of the Uniformed and

Overseas Citizens Absentee Voting Act, the Military Overseas Voter Empowerment Act,

potential litigation, and various other election deadline burdens, the Secretary of State has

failed to show why a March 1st petition deadline rather than a May 1st petition deadline

for independent candidates is necessary to process independent candidate petitions.

36.     The Court finds that the Arkansas election laws in question are unconstitutional as

a violation of the First and Fourteenth Amendments to the United States Constitution and

to 42 U.S.C. § 1983 to the extent they set an unnecessary March 1st deadline which is not

narrowly drawn to serve a compelling state interest.

37.    The case is dismissed and judgment is entered in favor of the Plaintiff.

38.    Plaintiff may file his petition to run for office as an independent candidate on or before May 1, 2018.

IT IS SO ORDERED this 25th day of January, 2018.

James M. Moody Jr.
United States District Judge