IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., | Plaintiffs, | ) |
| | | ) |
| v. | | ) Case No. 4:14-CV-65-JM |
| | | ) |
| MARK MARTIN, in his official capacity as Arkansas Secretary of State, | Defendant. | ) |
| | | ) |

### PLAINTIFF MOORE'S MEMORANDUM BRIEF IN SUPPORT OF HIS MOTION TO SET AMOUNT OF REASONABLE ATTORNEY'S FEES WITH AFFIDAVITS IN SUPPORT THEREOF

Judgment was entered in the above-referenced case on January 25, 2018. Plaintiff Moore has filed a Motion for the award of his reasonable attorney's fees and non-taxable costs and expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and L.R. 54.1. In support of Plaintiff Moore's aforesaid Motion, Plaintiff Moore now files this Brief with attached Affidavits in support of his fee request.

Plaintiff Moore's attorney's fees motion requests fee awards in the following amounts:

| | | |
|---|---|---|
| 1. | James C. Linger attorney's fee | $49,820.00 |
| 2. | Non-taxable costs and expenses Expended by attorney Linger | $     963.82 |
| 3. | Jeff Rosenzweig attorney's fee | $  4,550.00 |
| | Total | $55,333.82 |

The above figures represent 141.5 hours at $300.00 per hour, 24.2 hours at $250.00, and 8.8 hours at $150.00, for James C. Linger, and 18.2 hours at $250.00 per hour for Jeff Rosenzweig. James C. Linger is requesting his non-taxable expenses and

costs in the amount of an additional $963.82 as set forth in his Affidavit attached hereto. In considering Plaintiff Moore's aforesaid Motion, Plaintiff Moore would request the Court to consider those twelve factors approved by the United States Court of Appeals for the Eighth Circuit in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981); and *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000); as set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); and *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983), to-wit:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly

(4) The preclusion of other employment by the attorney due to the acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorney.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

As the decision of the Eighth Circuit in both *Ladies Center, Nebraska, Inc. v. Thone, Id.*, and *Keslar v. Bartu, Id.*, makes clear, the Federal Courts in the various states

in the Eighth Circuit have specific guidelines to follow in setting reasonable attorney's fees in civil rights cases. See also: *Hensley v. Eckerhart, Id.*; *Farrar v. Hobby*, 506 U.S. 103 (1992). Further, the Eighth Circuit Court of Appeals has stated that plaintiffs that are considered prevailing parties in litigation should be awarded reasonable attorney fees and the 1976 Civil Rights Attorney Fee Act is designed to encourage private enforcement of the public interest and should be liberally construed to achieve the public purposes involved in the congressional enactment. *Keup v. Hopkins*, 596 F.3d 899 (8th Cir. 2010); *Warnock v. Archer*, 380 F.3d 1076 (8th Cir. 2004); *Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002); and *Jacobson v. City of Coates*, 171 F.3d 1163 (8th Cir. 1999).

"The Supreme Court has held that a 'prevailing' party is one that receives at least some relief on the merits of its claim." [citing, *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)] [and] "[o]nly 'when a party has prevailed on the merits of at least *some* of his claims . . . has there been a determination of the 'substantial' rights of the parties'"). The United States Supreme Court has noted that a plaintiff is a prevailing party where he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefits the parties sought in bringing suit.'" *State Teachers Asn'n. v. Garland Indep. Sch. Dist*, 489 U.S. 782, 791-792 (1989), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Also see, *Hensley v. Eckerhart*, 461 U.S. at 433. In the instant case, after the partial reversal in the Eighth Circuit, the Eighth Circuit's decision to deny the Defendant Secretary's Motion to Stay and Recall the Eighth Circuit's decision, and then the denial by the U.S. Supreme Court of the Defendant Secretary's Petition for Writ of Certiorari, the Plaintiff Moore prevailed after the trial on remand because the District Court declared

3

the election laws in question unconstitutional as to setting and unnecessary March 1 deadline for Independent candidate petitions and granted Plaintiff Moore the injunctive relief he requested. Therefore, Plaintiff Moore should be awarded his attorney fees and costs for work done by his attorneys in the District Court both before and after the appeal, as well as his attorney fees for the work done by his attorney before the Eighth Circuit and the Supreme Court of the United States since Plaintiff Moore is now the prevailing party. In the Supreme Court's decision in *Hanrahan v. Hanrahan*, 446 U.S. at 756, the Supreme Court indicated that an award of attorney fees attributable to an appeal would be appropriate ". . . only if, by reason of obtaining a partial reversal of the trial court's judgment, they 'prevailed' within the meaning of Sec. 1988." While the Eighth Circuit remanded the case back for trial to the District Court in the case at bar, Plaintiff Moore should be entitled to his attorney fees for work done on appeal now that he is the prevailing party.

As stated above, Plaintiff Moore should be considered the prevailing party inasmuch as the District Court entered its order on January 25, 2018, as amended on January 31, 2018, declaring that the Arkansas petition deadline of March 1 for ballot access for Independent candidates, as set forth in Ark. Code Ann., §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), to be unconstitutional as applied to the Plaintiff Mark Moore. Further, the Court granted Mr. Moore injunctive relief allowing him until May 1, 2018, within which to file his petitions for Independent candidacy. Because the Court granted a declaratory judgment and declared these laws unconstitutional and granted injunctive relief to Plaintiff Moore, Plaintiff Moore is the prevailing party herein. Further, Plaintiff

4

Moore was able to enter into a number of stipulations with the Defendant which reduced time spent on the case and simplified presentation of the issues to the Trial Court.

Since, Plaintiff Moore should be considered the prevailing party under the applicable law, Plaintiff Moore would further call the Court's attention to the following facts which are of significance: (1) that the instant case involved the Plaintiff Moore's fundamental rights of political association and speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983; (2) that the case at bar affected individuals other than the Plaintiff Moore such that the Court's decision resulted in benefits not only to the individual Plaintiff and his voter supporters, but also to the voters of Arkansas and future Independent candidates in Arkansas; (3) that the case at bar affected the State of Arkansas, its citizens, and other potential Independent candidates and their supporters by granting a judgment which frames the problem presented for Independent candidates for elections in Arkansas—so as to give guidance to the Arkansas General Assembly as to an existing problem which should be addressed by future Legislative amendment of Arkansas' election law; (4) that Plaintiff Moore's counsel, James C. Linger, has previously been counsel in other cases involving ballot access and related election laws in several other states—including another case in the Eastern District of Arkansas, and therefore had an advantage as opposed to a counsel who had no prior experience in the constitutional area in question; (5) Plaintiff Moore's counsel, with the exception of a $1,750.00 attorney fees and cost retainer, plus the reimbursement from his client of his air fare and hotel bill for going to St. Louis to argue before the Eighth Circuit, had in effect a contingency fee arrangement with his client

based on 42 U.S.C. §1988; (6) the hourly rate charged by Mr. Linger is compatible with the hourly rate customarily charged by Counsel in the Little Rock area; (7) Plaintiff was able to enter into a number of stipulations with the Defendant—including stipulating that the transcript of the hearing held on July 27, 2015, could be used in the non-jury trial—which reduced time spent on the case and simplified presentation of the issues to the trial Court, and (8) Plaintiff Moore's counsel, James C. Linger, did most of the work on the instant case and was assisted by a Little Rock counsel (Jeff Rosenzweig) so as to have the bulk of the work done by a single attorney.

WHEREFORE, Plaintiff Moore respectfully requests the relief prayed for in his Motion to Set Amount of Reasonable Attorney's Fees.

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
Telephone (501) 372-5247
Facsimile (501) 376-0770
jrosenzweig@att.net
*Counsel for Plaintiff Moore*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 7th day of February, 2018.

/s/ James C. Linger
James C. Linger