IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MARK MOORE, et al., ) | |
| ...Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-65-JM |
| ) | |
| MARK MARTIN, in his official ) | |
| capacity as Secretary of State ) | |
| for the State of Arkansas, ...Defendant. ) | |
| ) | |

# ATTACHMENT

# PLAINTIFF MOORE'S EXHIBIT "3"

# AFFIDAVIT OF JAMES C. LINGER

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:14-CV-65-JM |
| MARK MARTIN, in his official capacity as Arkansas Secretary of State, Defendant. | ) ) ) ) | |

## AFFIDAVIT OF JAMES C. LINGER

James C. Linger, of legal age, being first duly sworn upon oath, deposes and states:

1. I am a resident of Tulsa, Oklahoma, and make this Affidavit with the knowledge that it is to be used for the purpose of evaluating a motion to obtain attorney fees on behalf of Jeff Rosenzweig and myself, counsel for the Plaintiff Mark Moore in the above-referenced case.

2. I practice law and have an office in Tulsa, Oklahoma, and am a member of the Bar of the State of Oklahoma, the Cherokee Nation, the United States District Court for the Northern District of Texas, Northern, Eastern, and Western Districts of Oklahoma, and the United States Court of Appeals for the 5th Circuit, 6th Circuit, 8th Circuit, and 10th Circuit, and the Supreme Court of the United States. I was admitted *pro hac vice* to the United States District Court for the Eastern District of Arkansas for the instant case. I have been a practicing lawyer since April of 1977, and have since that time been in the continuous practice of law, with extensive trial and appellate experience in both state and federal courts. The bulk of my experience and specialization has been in the areas of constitutional and civil rights litigation, legal malpractice, probate, personal injury, business contract and tort law, and criminal defense law. I have represented and advised various political parties, Independent candidates, and political groups in regard to ballot access law, voter registration laws, ballot format laws, related Title 42, U.S.

Code, § 1983 cases thereon, First Amendment civil rights cases, and cases involving litigation concerning challenges to what is known as the Fully Informed Voter Amendment as it relates to the attempt to have a constitutional amendment approving term limits added to the United States Constitution. Among my former election law clients are Ralph Nader, Dr. Benjamin Spock, former Senator Eugene McCarthy, Dr. Lenora Fulani, former Congressman Ron Paul, former Governor Gary Johnson, former Congressman Bob Barr, Dr. Jill Stein, and minor political parties such as the Libertarian, Constitution, Green, Reform, Populist, Prohibition, Socialist Workers, New Alliance, Natural Law, Socialist, and Rainbow Coalition.

3. I was first contacted in December of 2013, about challenging the ballot access laws of Arkansas as they relate to Independent candidate petitions and a March 1 deadline--which is several months prior to the preferential primary election for the major political parties. The deadline had previously been May 1 of the election year and had been moved around several times in the previous decades and found to be unconstitutional as to various earlier dates. However, after a law was declared unconstitutional, the General Assembly of Arkansas would correct the law and then, at some time in the future, would move the Petition deadline to an earlier date, resulting in a new Constitutional challenge. Although the Independent candidates were unable to obtain an Arkansas lawyer to handle the case without assistance of out of state counsel, I was told that they would be able to assist me in obtaining an attorney experienced in Federal practice in Little Rock who would be willing to serve as local counsel for the case if I would do most of the work. After review of the Arkansas election laws as they relate to Independent candidates, petition deadlines, and the requirements for candidate filings and related matters, I determined that a challenge under 42 U.S.C. § 1983 to Arkansas's aforesaid election laws as same relate to Independent candidates and the Independent petition deadline several

months before the preferential primary for the Republican and Democratic parties would probably be successful.

4. My client, Mark Moore, had obtained the necessary services of local counsel in Little Rock, Arkansas, namely: Jeff Rosenzweig, for the purpose of serving as local counsel and assisting me in the presentation of a § 1983 civil rights action challenging the Arkansas election laws for Independent candidates, the March 1 petition deadline, and other related requirements. I made contact with Mr. Rosenzweig and discussed the case and his respective duties with him. The individuals supporting the challenge to the Arkansas election laws in question were Independent candidates, although most of my interaction was with Mark Moore. Mr. Harrod and Mr. Johnson were not as actively involved in dealing with me as was Mr. Moore. Mr. Johnson would eventually be dismissed from the case because he moved out of the State of Arkansas and was no longer an Arkansas voter. Mr. Harrod did not pursue an appeal to the Eighth Circuit after the District Court's initial ruling.

5. The supporters of the instant lawsuit were able to provide $1,750.00 for a retainer for attorney fees and costs, plus Mr. Moore was able to pay my expenses for plane fare, transportation from the airport to the hotel, and hotel bill for my trip to St. Louis, Missouri, to argue on appeal before the Eighth Circuit Court of Appeals. However, I am not requesting any reimbursement for my transportation and hotel expenses for arguing before the Eighth Circuit because my past experience with the Eighth Circuit is that such expenses are not allowed as recoverable costs. I agreed to represent the Plaintiffs on the aforementioned basis with a contract that would reimburse them the $1,750.00 if we were successful and recovered attorney fees and costs pursuant to 42 U.S.C. § 1988, and 28 U.S.C. § 1920, but would not charge them further for any attorney fees, costs, or expenses if we were unsuccessful in the case. It is my practice to

require significant legal retainers only on those civil rights cases which I feel are either long shots or where the clients are financially well off. In most cases, civil rights litigation under 42 U.S.C. § 1983 is analogous to contingency fees in personal injury litigation, wherein the lawyer must prevail for his client in order to receive remuneration.

6. I am attaching a copy of my time sheets for the instant case to this Affidavit of mine, marking it as Exhibit "4", and incorporating it in this Affidavit as though fully set forth herein. These time sheets are taken from my time records which were kept by me contemporaneously with the work performed in this case and maintained in my office's billing records.

7. I have deleted those hours spent on the case which related to nonproductive matters as well as not listing most of the extensive work assistance I received from my legal assistant. I have not requested any fees in regard to non-charged work, but have represented it in my time sheets by the notation N/C for no charge with the time performed by me set forth after the description of the work done for comparison by the Court. Further, I have requested $300.00 an hour for my work in the instant case, except as to travel time between Tulsa, Oklahoma, and Little Rock, Arkansas, or St. Louis, Missouri, for which I am requesting $250.00 an hour--and which I have noted in my time sheets by a single asterisk (*). Additionally, I only charged at the rate of $150.00 per hour for my work on Plaintiffs' Motion for Summary Judgment, the various briefs and other pleadings both for and against Plaintiffs' Motion for Summary Judgment and certain related pleadings—and which I have noted in my time sheets by a double asterisk (**). I have done this because neither the District Court nor the two-to-one majority of the Eighth Circuit thought that Plaintiffs' Motion for Summary Judgment should have been granted. However, I do feel this work was helpful in other aspects of the case (i.e., at the first hearing, on appeal, and at the trial on remand) and, therefore, I feel that it should be compensated at 50%

because it was useful and productive as to the overall result in the case. My normal office hourly rate for non-election law cases was $250.00 per hour for cases begun in 2013 through 2016, but has since been increased to $300.00 per hour.

8. My time sheets for the instant case (Plaintiffs' Exhibit "4") reflect a total of 199.7 hours worked by myself (minus 25.2 hours for which I am not charging or requesting compensation herein). Therefore, I am requesting 174.5 hours in compensatable time for my work in this case. The rate of compensation I am requesting is as follows: 141.5 hours at $300.00 per hour for work done from December 11, 2013, to February 7, 2018, 24.2 hours at $250.00 per hour for travel time between Tulsa, Oklahoma and Little Rock, Arkansas, or Tulsa, Oklahoma and St. Louis, Missouri, and 8.8 hours at $150.00 per hour for work done relating to Plaintiffs' Motion for Summary Judgment, Briefs, and related matters and pleadings, for a total attorney fee of $49,820.00. My normal hourly rate for office work performed by myself was $250.00 per hour for cases begun in 2013 through 2016, but went to $300.00 per hour in 2017, and was regularly billed and paid by my clients. I sometimes charge a higher hourly rate when I am required to set aside other work and do an expedited case or in an area where I believe I have a great deal of experience and specialization such as is done in an election law case. In the instant case, while unsuccessful in obtaining summary judgment, I did find the granting of declaratory relief and injunctive relief as to the unconstitutionality of the laws in question of importance because of its impact on the election for the Plaintiff Mark Moore and other potential Independent candidates.

9. I found Counsel for the Defendant to be professional and helpful in reaching stipulations and agreements so that the case could be presented in an orderly and concise manner

so as to save time and be clearly understood as to the issues involved. I do feel that this saved some time and resulted in a good presentation to the Court.

10. In regard to my costs and expenses in the instant case, attached to this Affidavit are my costs and expense statements for the instant case, which are marked Plaintiff Moore's Exhibit "5", and incorporated in this Affidavit as though fully set forth herein. This statement reflects the following: (1) Certificate of Good Standing for James Carter Linger from the U.S. District Court for the Northern District of Oklahoma, which was necessary to support my *pro hac vice* motion, $18.00; (2) Fed-Ex to Jeff Rosenzweig, 2/5/2014, $29.10; (3) Cockle Legal Briefs, printing of Respondent's Brief in Opposition in Supreme Court, 8/30/2017, $743.62; (4) LaQuinta Inn, Little Rock, 7/26-27/2015, $96.05; and (5) LaQuinta Inn, Little Rock, 12/11-12/2017, $77.05; for a total of non-taxable costs in the amount of $963.82. The above expenses all represent items which I normally bill my clients and which they pay. While I am not requesting reimbursement for copying expenses and long distance telephone call expenses herein, because that is not my normal practice; I have in the past billed some of my corporate clients for such expenses when they have reached a substantial level. I have, however, listed in my time sheet certain costs relating to the Appellate Briefs and Joint Appendix paid for and filed in the Eighth Circuit appeal in the instant case. These costs were not awarded by the Eighth Circuit, nor am I seeking reimbursement, because at the time of the Eighth Circuit's decision, Mr. Moore was not then a prevailing party and the Eighth Circuit has discretion in awarding such costs when a case is affirmed in part and reversed in part. However, now that Mr. Moore is the prevailing party, attorney fees are sought as to the Eighth Circuit appeal which was necessary in order to obtain a favorable result in the case at bar.

11. Also, I am requesting my time spent on appeal in the Eighth Circuit as to its decision, further work in the Eighth Circuit opposing the Defendant Secretary of State's Motion to Stay and Recall the Mandate, and in opposing Secretary Martin's Petition for Writ of Certiorari. This work was required by me in order to respond to pleadings filed by Secretary Martin and for all of which Plaintiff/Appellant/Respondent Mark Moore was successful.

12. In regard to my time sheets as reflected in Plaintiff Moore's Exhibit "4" herein, I feel that they are self-explanatory and are understandable when compared with my Affidavit and the Affidavit filed contemporaneously herein by attorney Jeff Rosenzweig (Plaintiff Moore's Exhibit "1"). Mr. Rosenzweig and myself reviewed our time records for the purpose of discussing potential duplication and unnecessary work, reduced compensation rate charged because of the lack of success on the Plaintiff Moore's Motion for Summary Judgment, the use of the transcript of the hearing of July 27, 2015, in the non-jury trial conducted on December 12, 2017, and the extent of necessary and significant work in the case at bar. I feel the 25.2 no charge hours of myself, and other adjustments and reductions to our fee requests are reasonable and justified. I further note that Mr. Rosenzweig did not include in his fee request many of the numerous hours that were spent by him in receiving and reviewing pleadings and briefs in the instant case electronically, along with other work that I note in my time records that he was involved in.

13. It is my belief that the hours reflected on my time sheets (Plaintiff Moore's Exhibit "4") were reasonably expended on behalf of my client, Mr. Moore. Further, I believe the hours expended by Mr. Rosenzweig were reasonably expended on behalf of our client and were necessary for the presentation of the instant case and did not involve unnecessary duplication of work. I note that Mr. Rosenzweig is only requesting $250.00 per hour for his work rather than his usual $300.00 per hour rate. I feel this hourly rate is more than reasonable. I found Mr.

Rosenzweig to be an excellent attorney who was very helpful in his role as local Counsel. I am requesting from December 11, 2013, to the date of the filing of my Application for Attorney Fees, $300.00 per hour for my election law work, $250.00 per hour for my chargeable travel time between Tulsa, Oklahoma, and Little Rock, Arkansas, and Tulsa, Oklahoma and St. Louis, Missouri, and $150.00 an hour for my chargeable time relating to Plaintiff's pleadings and briefs concerning the Plaintiffs' Motion for Summary Judgment. My opinion is based on my experience in my law practice and other civil rights and federal cases I have handled, as well as the guidelines laid down in the cases of *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Farrar v. Hobby*, 506 U.S. 103 (1992); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983); *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981); *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000); and *Warnock v. Archer*, 380 F.3d 1076 (8th Cir. 2004).

Further Affiant sayeth not.

/s/ James C. Linger
James C. Linger

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

### OATH

Before me, the undersigned, a Notary Public in and for the State and County aforesaid, personally appeared James C. Linger, who, upon his oath, acknowledged that he has read the foregoing Affidavit and the statements therein are true to the best of his knowledge, information and belief.

Witness my hand and official seal on this 7th day of February, 2018.

/s/ Vickie L. Caudle
Notary Public

Commission (and Expiration):

(SEAL)

VICKIE L. CAUDLE
Notary Public
State of Oklahoma
Commission # 03012535 Expires 10/06/19

8