

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 08 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                                **PLAINTIFF**

VS.                                      NO. 4:14-CV-65-JM

**HONORABLE MARK MARTIN**
in his official capacity as
Arkansas Secretary of State                                          **DEFENDANT**

## DEFENDANT'S BRIEF IN SUPPORT OF OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

The Court should deny reimbursement for the cost of the transcript previously obtained for purposes of the previous appeal and the *pro hac vice* fees in the Bill of Costs. The Eighth Circuit denied a recovery of costs in the previous appeal. The Eighth Circuit currently allows recover of *pro hac vice* fees; however, a number of Circuit Courts of Appeal do not allow *pro hac vice* fees to be reimbursed as part of the allowable costs because they are not enumerated in 28 U.S.C. § 1920.

Pursuant to Federal Rule of Civil Procedure 54, District Courts may award costs to a prevailing party. Fed. R. Civ. P. 54(d). Allowable costs must be set out in 28 U.S.C. § 1920 or other statutory authorization. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987) (superseded in part by statute on other grounds).

District Courts have discretion in awarding costs to prevailing parties. *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992). However, The United States Supreme Court has stated: "We do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax

costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer vs. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). In the same opinion, the Supreme Court continued: "Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Id.* The discretion set forth in Rule 54(d) "is solely a power to decline to tax, as costs, the items enumerated in [28 U.S.C.] § 1920." *Crawford Fitting Co.*, 482 U.S. at 439; *accord, In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007).

      Plaintiff seeks to recover the costs of the July 2015 hearing transcript, previously used as part of the record, and Joint Appendix, in the appeal. This is not a recoverable cost in the District Court, because it was not "necessarily obtained for use in the case" in the District Court. 28 U.S.C. § 1920(2). The transcript was neither accepted into evidence, nor proffered as an exhibit at the trial of the matter in December, 2017. Moreover, the Eighth Circuit denied appellant Moore's motion for costs on May 23, 2017 (Exhibit A). This Court is precluded from returning to this issue by *res judicata* and *collateral estoppel*. Like *res judicata, collateral estoppel* precludes re-litigation of this issue. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (See also, *Montana v. United States*, 440 U.S. 147 (1979)). The Trial Court's use of the transcript as part of its review was neither aided, nor impeded, by Plaintiff obtaining a copy of the transcript, since the electronic transcript is immediately available to the Court without anyone having to pay for it.

      Plaintiff also seeks to recover Jim Linger's *pro hac vice* filing fee. As of now, the Eighth Circuit holds that *pro hac vice* fees are recoverable as fees of the Clerk under 28 U.S.C. § 1920. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). Other Circuit

Court of Appeal do not allow recover of *pro hac vice* fees. See e.g. *Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998) (aff'd on other grounds, 529 U.S. 494 (2000) (holding without analysis that district court did not abuse its discretion by denying taxation of *pro hac vice* fees); Likewise, the Ninth Circuit has expressly held that *pro hac vice* fees are not taxable as costs. *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955, 958 (9th Cir. 2013).

The better conclusion is that *pro hac vice* fees are not recoverable "because [s]uch fees are an expense of counsel for the privilege of practicing law ... [and] are not normally charged to a fee-paying client." *Romero v. United States*, 865 F.Supp. 585, 594 (E.D. Mo. 1994) (citations omitted). As the Ninth Circuit in the majority observes, [the Eighth Circuit] is without any clear explanation of their reasons for [allowing *pro hac vice* fees to be taxable as costs]. *Kalitta*, 741 F.3d 955, 958 (9th Cir. 2013).

Consequently, Defendant Secretary respectfully requests the Court use its discretion and weigh the majority position on the applicability of *pro hac vice* fees under 28 U.S.C. § 1920, and deny Plaintiff his request for reimbursement of that filing fee.

**WHEREFORE**, premises considered, Defendant Secretary prays that the Court grant the relief he seeks herein: that the Court deny Plaintiff's request to recover the cost of the July 2015 transcript; that the Court deny Plaintiff's request to recover the cost of the *pro hac vice* filing fee; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted this 8th day of February, 2018.

          HONORABLE MARK MARTIN
          ARKANSAS SECRETARY OF STATE
          In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

*Attorney for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8th day of February, 2018, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), to the following:

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

Jeff Rosenzweig
300 Spring Street, Suite 310
Little Rock, AR 72201
Fax: (501) 376-0770

_____
AJ Kelly