IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al.,    Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-65-JM |
| | ) | |
| MARK MARTIN, in his official capacity as | ) | |
| Arkansas Secretary of State,    Defendant. | ) | |

<u>PLAINTIFF MARK MOORE'S MEMORANDUM REPLY BRIEF
IN SUPPORT OF HIS VERIFIED BILL OF COSTS</u>

Plaintiff Mark Moore received an order and a judgment against Defendant entered by the Trial Court in the instant case on January 25, 2018 [Doc. Nos. 65 and 66], and as corrected in an Amended Order on January 31, 2018 [Doc. No. 67]. Pursuant to 28 U.S.C. § 1920, the Plaintiff Moore filed a verified Bill of Costs [Doc. No. 68], supported by a Memorandum Brief on February 2, 2018 [Doc. No. 69], for his $400.00 filing fee, for his $100.00 *pro hac vice* filing fee for James C. Linger, and $189.80 for the transcript of the oral argument of July 27, 2015, which was used by stipulation of the parties at the trial on remand in the instant case on December 12, 2017.

On February 8, 2018, Defendant filed an Objection to Plaintiff's Bill of Costs [Doc. No. 72] and a Brief in Support of Objections to Plaintiff's Bill of Costs [Doc. No. 73]. Defendant does not seem to object to the $400.00 filing fee requested in Plaintiff Moore's Bill of Costs, but does object to the $100.00 *pro hac vice* filing fee for James C. Linger and the $189.80 transcript fee of the oral argument before the trial Court of July 27, 2015. Defendant's aforesaid two objections are without merit.

In regard to Defendant's objection to the $100.00 *pro hac vice* filing fee for James C. Linger, Defendant admits that Eighth Circuit precedent allows recovery of *pro hac vice fees*, pursuant to 28 U.S.C. § 1920 and *Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). However, Defendant invites the District Court to disregard this Eighth Circuit precedent and, instead, follow decisions of other courts outside the Eighth Circuit. The District Court should reject this bad argument by Defendant and allow Plaintiff Moore his *pro hac vice* costs of $100.00.

In regard to Defendant's objection to the $189.80 transcript fee of the oral argument before the trial Court of July 27, 2015, Defendant argues that the costs of said transcript ". . . was used in the previous appeal, but was not used at the December [12,] 201[7] trial on the merits as an exhibit." This is an equally bad argument. Defendant first states that the Eighth Circuit denied costs on appeal on May 23, 2017, but fails to mention that Plaintiff Moore did not request costs paid by him for the transcript of the aforesaid hearing of July 27, 2015, but rather for the printing and binding costs only of Appellant's Opening Brief and Addendum, the Joint Appendix, and Appellant's Reply Brief. Because the Eighth Circuit in its decision of April 26, 2017, affirmed in part, reversed in part, and remanded the case for further proceedings to the District Court, *Moore v. Martin*, 854 F.3d 1021 (8th Cir. 2017), Plaintiff/Appellant Mark Moore could request his printing and binding costs for a discretionary decision of the Eighth Circuit, pursuant to Fed. R. App. P. 39(a)(4), which holds that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Considering that the Plaintiff Moore was not at that time a prevailing party, the Eighth

Circuit exercised its discretion on May 23, 2017, and denied Appellant's Motion for Costs as to the printing and binding of Moore's Appellate Briefs and the Joint Appendix, and ordered the parties to bear their own costs. Now, however, the Plaintiff Moore is the prevailing party and should be allowed his costs of the transcript of the hearing on July 27, 2015, which was received by the District Court pursuant to stipulated admission of the parties on December 12, 2017. Further, the aforesaid May 23rd order of the Eighth Circuit is not a bar to the granting by the District Court of Plaintiff Moore's aforesaid transcript costs because they were not requested of the Eighth Circuit at that time as noted above and Plaintiff Moore was not then a prevailing party before the Eighth Circuit Court of Appeals.

Defendant secondly states in his objection that the aforesaid transcript was not used as an exhibit at the trial on the merits. This is a distinction without significance. The second sentence of both the District Court's order of January 25, 2018, and the Amended Order of January 31, 2018, both state that: "The parties stipulated to the admission of the July 27, 2015 transcript from the summary judgment motion hearing." Since the parties stipulated to its admission, and since Plaintiff Moore obviously had to have a copy of the transcript to review before stipulating, this transcript fee of $189.80 was, as noted in Plaintiff Moore's Bill of Costs, ". . . for printed or electronically recorded transcripts necessarily obtained for use in the case." See also, 28 U.S.C. § 1920(4). Therefore, Plaintiff Moore should be entitled to his transcript fee costs of $189.80.

Wherefore, premises considered, Plaintiff Moore requests the Court grant his Bill of Costs in the amount of $689.80.

Respectfully submitted this 9th day of February, 2018.

        Mark Moore, Plaintiff

        /s/ James C. Linger
        James C. Linger, OBA No. 5441
        1710 South Boston Avenue
        Tulsa, OK 74119-4810
        (918) 585-2797 Telephone
        (918) 583-8283 Facsimile
        bostonbarristers@tulsacoxmail.com

        Jeff Rosenzweig, AB No. 77115
        300 Spring Street, Suite 310
        Little Rock, Arkansas 72201
        (501) 372-5247 Telephone
        (501) 376-0770 Facsimile
        jrosenzweig@att.net
        *Counsel for Plaintiff Mark Moore*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 9th day of February, 2018.

        /s/ James C. Linger
        James C. Linger