


FEB 21 2018

JAMES W. McCORMACK, CLERK
By: ________ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN (LITTLE ROCK) DIVISION**

**MARK MOORE** **PLAINTIFF**

**VS.** **NO. 4:14-CV-65-JM**

**HONORABLE MARK MARTIN**
**in his official capacity as**
**Arkansas Secretary of State** **DEFENDANT**

**<u>DEFENDANT SECRETARY OF STATE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR ATTORNEY FEES</u>**

**COMES NOW**, Defendant, Honorable Mark Martin, ("Defendant Secretary"), in his official capacity as Arkansas Secretary of State, for his Objections and Response to Plaintiff's Request for Attorney's Fees, states as follows:

1. That Defendant Secretary denies each and every material allegation made in the "Motion to Set Amount of Reasonable Attorney's Fees" unless specifically admitted herein.
2. That Plaintiff's fee petition includes hours that are not reasonably expended, including, *inter alia*:
   a. Rosenzweig: 12-10-17, Rev. of discovery materials and prep (0.5 hours);
   b. Rosenzweig: 12-11-17, Rev. of discovery materials and prep (1.7 hours);
   c. Rosenzweig: 12-12-17, Pretrial conf. and trial (5.1 hours);

d. Linger: 1-9-14, Research re pro hac vice Admission and local rules of E.D. Ark. (.6 hours);

e. Linger: 1-10-14, Email from Rosenzweig re: bar number (.1 hours);

f. Linger: 1-10-14, email to Moore re local counsel, expert witness, additional Plainitffs (.1 hours);

g. Linger: 2-5-14, Email from Rosenzweig as to representation of SOS (.1 hours);

h. Linger: 2-13-14, Email from Moore re remedy (.1 hours) (and potentially duplicative);

i. Linger: 2-20-14, TC w/Moore re case status, remedy, etc. (.3 hours);

j. Linger: 4-23-14, TC w/ Jeff Rosensweig (.2 hours) (and inadequate explanation);

k. Linger: 4-23-14, Email to Moore of Reply Brief in Support of Motion to Dismiss (.1 hours);

l. Linger: 7-16-14, Email to Moore re Requests for Admissions (.2 hours);

m. Linger: 8-7-14, Mailing of Plaintiff Moore's Answers to Defendant's Requests for Admissions and Plaintiff Johnson's Answers, etc., to Kelly (.2 hours).

n. Linger: 8-14-14, Rec & rev. of fax w/ Defendant's Answer to Complaint from Kelly (.2 hours) (and potentially duplicative of same entry following day);

o. Linger: 5-6-15, Email to Moore re TC (.1 hours);

p. Linger: 5-12-15, TC w/ Rosenzweig re case status (.2 hours) (and duplicative as well);

q. Linger: 5-28-15, Rev. of legislative changes sent by Mark Moore (.2 hours);

r. Linger: 7-25-15, Email re hrg, to Rosenzweig (.1 hours);

s. Linger: 7-25-15, Email re hrg from Rosenzweig (.1 hours);

t. Linger: 7-27-15, Mtg w/ Jeff Rosenzweig (.8 hours) (on date of hearing that Rosenzweig did not attend, and where Rosenzweig, below, claimed that the meeting lasted a full hour);

u. Linger: 1-8-16, Prep. of cover letter to Eighth Circuit to accompany Brief (.7 hours);

v. Linger: 3-14-16, prep & mlg of 10 copies of Appellant's Reply Brief and ltr. To Michael Gans, Clerk (.7 hours);

w. Linger: 7-10-17, Prep and filing of Moore's Response to Appellee's Motion to Stay, etc. (1.0 hours) *when this was a consent Motion, to which Appellant Moore agreed, as set forth in the preceding entry at 6-28-17;*

x. Linger: 10-10-17, check Sup. Ct. docket re decision (.3 hours);

y. Linger: 10-18-17, Email to Moore, Winger, and Rosenzweig of our discovery (.2 hours);

z. Linger: 11-16-17, Prep, mlg, and email w/o PDR to Kelly and Fincher of discovery response to Defendant's interrogatory and requests for production of documents (.6 hours);

aa. Linger: 11-17-17, Email to Moore and Winger of Defendant's Responses to Interrogatories and Requests for Production (.2 hours);

bb. Linger: 11-20-17, Email to Moore and Winger of Defendant's Interrogatory Responses (.2 hours); and

cc. Linger: 1-12-18, TC w/ Moore re pending court decision (.3 hours).

3. That Plaintiff's fee petition includes hours that are inadequately explained, including, *inter alia*:

a. Rosenzweig: 2-6-14, "Review of Complaint and discuss with Linger" (1.1 hours, concerning Complaint prepared and sent via FedEx the day before);

b. Rosenzweig: 7-18-14, "Review Req. for Admission and Def.'s Supp. Brf., etc. (0.4 hours);

c. Rosenzweig: 7-27-15, "Meeting with Linger re case" (on date of hearing that Rosenzweig did not attend) (1.0 hours) [Linger claimed this meeting was .8 hours, above];

d. Linger: 1-9-14, Leg. Res. Re SOS of Ark and current and future election dates for Ark. (.4 hours);

e. Linger: 9-8-14, TC w/ Moore re case status and strategy (.4 hours); and

f. Linger: 7-25-16, Legal research re attorney fees § 1988, prevailing party status, partial victory, and standing (2.7 hours) [while case was on appeal, after having been fully briefed, and before oral argument was even set].

4. That Plaintiff's fee request is not reasonable in relation to the overall results obtained by this individual Plaintiff.
5. That Plaintiff has only obtained limited success, on a single date, after filing a three-party challenge to the entire statutory array of election law in this State, and so a downward adjustment to the lodestar is appropriate. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014); *see also Phelps-Roper v. Koster*, 815 F.3d 393 (8th Cir. 2016).
6. That the original Plaintiffs advanced discrete and unrelated claims – including a wholly unsupported claim concerning the County Judge's race for White County (a partisan office for the county executive) - upon which they did not prevail, and this incomplete success requires a downward departure from the requested fee.
7. That Plaintiff has the burden of showing what the prevailing market rate is in the City of Little Rock, i.e., the locality where suit was filed, and have failed entirely as making such a showing. *Simmons v. New York City Transit Authority*, 575 F.3d 170, 177 (2nd Cir. 2009) (Defendant "should not be required to pay for a limousine when a sedan could have done the job");
8. That Plaintiff's attorney has not shown that the "rate" of $300.00 per hour in Oklahoma is the prevailing market rate in Little Rock, Arkansas.
9. That Plaintiff's counsel has failed to exercise the required "billing judgment" and has included hours not reasonably expended, including excessive, redundant, and otherwise unnecessary work, as set forth herein.

10. That Plaintiff's Motion for Summary Judgment was properly denied – as affirmed by the Eighth Circuit Court of Appeals – yet Plaintiff still bills for this work as he were the prevailing party on the issue; he wasn't, as the Eighth Circuit affirmed; *Res Judicata* and *collateral estoppel* preclude him from seeking these fees now. Moreover, Plaintiff failed to include Linger's 6-3-15 entry, "Prep & filing of Plaintiff's Reply and Memorandum Brief in Support of Plaintiff's Motion for Summary Judgment" as part of his "reduced fee request" of $150.00 per hour (1.5 hours billed).

11. That Plaintiff's fee petition includes duplication of services, excessive time billed for particular tasks, given Plaintiff's own claims that the case lacks difficulty, and given the use of too many attorneys, including the following, *inter alia*:

    a. Linger: 1-9-14, Email from Moore re Plaintiffs and filing of suit (.1 hours);

    b. Linger: 1-10-14, Legal Research re Arkansas election laws, local court rules for E.D. Ark. And prep. of Complaint (1.5 hours) [duplicates previous day entry of nearly identical research].

    c. Linger: 1-11-14, Legal Research of Ark statutes and legal cases (2.1 hours);

    d. Linger: 1-14-14, Legal Research re Arkansas election laws, election cases, and prep. of Complaint (1.2 hours);

    e. Linger: 7-6-14, Email from Winger [expert witness who did not appear at trial] re Draft of Declaration and revisions thereto (.1 hours);

f. Linger: 7-10-14, Email to Moore re Winger CV, Rule 26 report requirements and case status (.1 hours);

g. Linger: 7-17-14, rec. and rev. of ltr. From Kelly w/ three Requests for Admissions (.2 hours) (duplicates identical item from 7-15-14);

h. Linger: 8-15-14, rec. and rev. of Answer of Defendant (.4 hours) (duplicates identical information from previous day, but charges twice the time);

i. Linger: 12-22-14, email to R. Winger re curricula vitae (.1 hours) (same as 7-10-14, above);

j. Linger: 12-22-14, emails from Winger re Affidavit, chart, revisions (.2 hours);

k. Linger: 5-12-15, TC w/ Jeff Rosenzweig re case status (.2 hours) (also inadequately explained in billing detail);

l. Linger: 7-25-15, Email re hrg to Jeff Rosenzweig (.1 hours);

m. Linger: 7-25-15, Email re Hrg from Jeff Rosenzweig (.1 hours);

n. Linger: 7-25-15, Rev. of file, legal research, and prep for hrg before Judge Moody (2.3 hours);

o. Linger: 7-26-15, Rev. of file and prep for hrg (2.0 hours);

p. Linger: 7-27-15, prep for hrg before Judge Moody (1.1 hours);

q. Linger: 11-12-15 email to Karen Baker re: transcript Order w/ prepared form (.2 hours);

r. Linger: 11-19-15, prep of transcript request and email to Karen Baker (.2 hours) (duplicate above);

s. Linger: 1-13-16, Rec. and rev. of email from Moore re Brief and Addendum on appeal and SOS capacity to verify signatures (.1 hours);
t. Linger: 1-13-16, email from Moore re cases status, other independent candidates, and validation of petition signatures (.1 hours);
u. Linger: 11-29-17, Prep of Moore's pretrial disclosure sheet (.8 hours);
v. Linger: 12-1-17, Prep and filing of Moore's pretrial disclosure sheet (.8 hours);
w. Linger: 12-12-17, Mid-conf. w/ Moore during trial recess (.3 hours).

12. That while Plaintiff's counsels' logs show that out of state counsel was not only lead counsel for Plaintiffs, but was also responsible for the vast majority of the work in this case, there is substantial billing by Local Counsel. Accordingly, Local Counsel's attorney's fees should be reduced to reflect his limited involvement in the case as well as to reduce the likelihood of duplicative attorney's fees. *A.J. ex rel. L.B. v. Kierst*, 56 F.3d 849 (8th Cir. 1995).
13. That Plaintiff's counsel claims to be an expert on election law – and so asks for an enhanced hourly rate of $300.00 per hour – yet also billed for all of his research on Arkansas election law as if he had never read or understood any of it, and also bills for his travel time to and from the court; that is both having your cake and eating it too: the enhanced hourly fee for an out of state attorney – and all of his pro hac vice fees, good standing, etc. – are more than sufficient to compensate him.

14. That, in an excess of caution, Defendant Secretary objects to any award of attorney's fees, costs, and expenses, since Plaintiff Moore should not have been a prevailing party, failed to meet his burden of proof at trial, failed to show any harm, and failed to show that he had standing to proceed to trial; consequently, any attorney's fee award should be vacated in the event that Defendant Secretary files and succeeds in getting the case reversed on appeal. *Harris v. Pirch*, 677 F.2d 681, 689 (8th Cir. 1982).
15. That Plaintiff lacked standing and the Court lacked subject matter jurisdiction of this case, and so Plaintiff lacks standing to collect attorney's fees. *See*, *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).
16. That the Eighth Circuit Order denying Plaintiff Moore's petition for costs to the Eighth Circuit, is *res judicata,* and that Plaintiff Moore is estopped from claiming additional costs for the previous appeal, in which the Eighth Circuit "sua sponte" found a material issue of fact for trial – i.e., something that Plaintiff Moore's counsel did not raise in the U.S. District Court prior to remand. Defendant SOS Exhibit 1, attached hereto.
17. That Defendant Secretary asks that any award of attorney's fees be reduced in light of Plaintiff's limited success at trial in accordance with the *lodestar* approach for calculation of reasonable attorney's fees. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014); *See also Phelps-Roper v. Koster*, 815 F.3d 393 (8th Cir. 2016).

18. That the non-taxable costs raised by Out of State Counsel be reduced due to Plaintiff's limited success at Trial. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014); *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983).
19. That Defendant Secretary asks for such additional relief to which he is entitled, under the circumstances.

**WHEREFORE**, premises considered, Defendant Secretary prays that the Court grant the relief he seeks herein; that the Court deny Plaintiffs' request to recover fees, costs, or expenses; that each of the parties bear their own fees, costs, and expenses; in the alternative, Defendant Secretary asks the Court to reduce substantially the fee petitions given the limited success shown by Plaintiffs; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted this 21st day of February, 2018

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: ______________________________
A.J. Kelly
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR 72225-1570
(501) 682-3401
Fax: (501) 682-1213
**kellylawfedecf@aol.com**

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 21st day of February, 2018, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), to the following:

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810

Jeff Rosenzweig
300 Spring Street, Suite 310
Little Rock, AR 72201

AJ Kelly

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

No: 15-3558

Mark Moore

Appellant

Michael Harrod and William C. Johnson

v.

Mark Martin, in his official capacity as Secretary of State for the State of Arkansas

Appellee

---

Appeal from U.S. District Court for the Eastern District of Arkansas - Little Rock
(4:14-cv-00065-JM)

---

**ORDER**

The appellant's motion for costs is denied. The parties are to bear their own costs.

May 23, 2017

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Michael E. Gans

**DEFENDANT SOS EXHIBIT 1**