**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                   **PLAINTIFF**

VS.                              NO. 4:14-CV-65-JM

**HONORABLE MARK MARTIN**
**in his official capacity as**
**Arkansas Secretary of State**                               **DEFENDANT**

### DEFENDANT SECRETARY OF STATE'S BRIEF IN SUPPORT TO HIS OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

The Court should reduce the fee award requested. This is a Section 1983 case, which, after years of litigation, has been reduced to a challenge to one single statutory deadline, i.e., the deadline for independent candidates in the State of Arkansas to file their petition signatures after filing for office. The Court has held that the statutory deadline of March 1 is 60 days too early, and that May 1 is the appropriate day. Defendant Secretary continues to object to Plaintiff's standing, and the complete failure of Plaintiff to make any showing of harm at trial, for which Defendant Secretary also asks the Court to deny attorney's fees entirely, in an excess of caution.

This case began in February of 2014 as a challenge to application of a 2013 change in the law, moving the date petitions were due for the 2014 election cycle. Plaintiff Moore claimed to be running for Lt. Governor in 2014, and, after filing the lawsuit, filed for the office of Lt.

1

Governor on the last day of the filing period, March 1, 2014, in the last hour of the office being opened for filing. Neither Moore, nor either of the other two Plaintiffs, took any further action to advance this case on the Court's calendar until the scheduling Order deadline for filing a Motion for Summary Judgment in May of 2015. Moore did not make the 2014 ballot and did not receive any votes in 2014.

There were cross-motions for summary judgment pending on the hearing date of July 27, 2015. In his response, Moore did not raise any objection to Defendant's Motion for Summary Judgment that there were disputed issues of material fact. At the July 27 hearing, Plaintiff's counsel initially purported to raise such an issue; but, when questioned by the Court, indicated that Plaintiff's counsel believed that the entire matter could be resolved as a question of law. In the Eighth Circuit, Plaintiff raised anew the argument he had waived in the District Court, that there were disputed issues of material fact. Instead of concluding that Plaintiff's counsel newly revivified argument had merit – and allowing him effectively to change his response to the District Court, made on July 27, 2015 – the Eighth Circuit, *sua sponte* concluded that there were disputed issues of material fact, that the Eighth Circuit itself found - and assigned the burden of proof on remand to Respondent Secretary.

A petition for writ of certiorari was filed and denied.

It is from these proceedings that the matter was returned to the U.S. District Court for trial on the merits. At trial, and again, *sua sponte*, without any prior notice, the District Court changed the Order of Proof, and asked Defendant Secretary to put on its affirmative case as to

why the change in the law was necessary. After Defendant Secretary's proof, Plaintiff testified for something around two minutes, and was cross-examined for something less than ten minutes.

No depositions were taken in this matter. Defendant Secretary initiated discovery by seeking Requests for Admissions, and, on remand, by asking for some basic Interrogatories and Requests for Production. Only after remand, and only after receiving Defendant's discovery requests did Plaintiff serve Interrogatories and Requests for Production.

At trial, Plaintiff Mark Moore showed no injury. Moore collected no signatures on candidate petitions, submitted no signatures on candidate petitions, and did not attempt to collect, or attempt to submit, signatures on candidate petitions, at any time. In fact, according to his own affidavit, Moore "refused to comply with the petition signature deadline." At trial, Moore did not put on any proof of harm, and in particular made no showing of any harm as to the signature gathering period for 2018, which began on December 1, 2017.

From the filing of a multi-party suit, challenging the entirety of Arkansas election law as it relates to Independent Candidates, the case has been reduced to the change of one deadline, for a single one of the three original Plaintiffs. The Court entered a limited injunction as to one candidate, as well as declaratory relief as to the single date change (May 1 due date to March 1 due date for petitions).

At no point in this matter has either one of Plaintiff's counsels acknowledged, discussed, or identified the controlling Eighth Circuit case, *Langguth v. McCuen,* 30 F.3d 138 (8th Cir. 1994) (unpublished *per curiam*), *cert. denied,* 513 U.S. 1147 (1995). Although unpublished, it is freely available on the internet, and has been produced in this matter to opposing counsel.

3

Without waiving its objections to standing, failure of proof of harm, and sufficiency of the evidence at trial, *see, Astrue v. Ratliff,* 130 S.Ct 2521, 2524 (2010), Defendant Secretary acknowledges that the declaratory judgment affects the behavior of Defendant Secretary towards Plaintiff, which is sufficient to serve as a basis for an award of fees. *See Rhodes v. Steward*, 488 U.S. 1, 4 (1988) (*per curiam*). The decision to award attorney's fees under 42 U.S.C. § 1988 "rests with the broad discretion of the District Court." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159 (8th Cir. 2014) (quoting *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 329 (8th Cir. 1999)). The limited success of the single Plaintiff warrants a reduction in the fee request.

District Courts calculate the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rates. *Snider*, 752 F.3d at 1159 (citing *Farmer's Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009)). District Courts then adjust attorney's fees upward or downward based on the "degree of success obtained" by Plaintiff, which is the most critical factor in determining the fee award. *Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 436). This Court should grant no more than a partial fee award to reflect Plaintiffs' partial success. *Koster*, 815 F.3d at 398 (citing *Wal–Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000)); *Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014).

The single change in deadline is not a significant legal issue and does not serve a significant public purpose. There are very few persons who will benefit by this 60-day change in

the required date of filing petition signatures. There will be even fewer who succeed at the ballot box because of it.

The Court should exclude hours from the fee request that represent work that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Court should also reduce the loadstar amount in light of the limited success of the plaintiff. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 434-37. Likewise, local counsel's attorney's fees should be reduced to reflect his limited involvement as well as to reduce the likelihood of duplicative attorney's fees. *A.J. ex rel. L.B. v. Kierst*, 56 F.3d 894 (8th Cir. 1995).

The party seeking the award bears the burden of documenting the hours spent in preparing the case in a form that will enable the district court to make the relevant determinations. *Carson v. Billings Police Dept.*, 470 F.3d 889, 891-92 (9th Cir. 2006); *Stewart v. Gates*, 987 F.2d 1450, 1452-53 (9th Cir. 1993). "Where the documentation of the hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Plaintiff also has the burden of showing what the prevailing market rate is. *Simmons v. New York City Transit Authority*, 575 F.3d 170, 177 (2nd Cir. 2009); *Stewart*, 987 F.2d at 1453 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A reasonable hourly rate is usually the ordinary rate for similar work in the community where the parties litigate the case. *Little Rock Sch. Dist. v. Arkansas*, 674 F.3d 990, 995 (8th Cir. 2012).

Costs –including fees - incurred in the Court of Appeals should not be recoverable now. The Eighth Circuit denied appellant Moore's motion for costs on May 23, 2017 (Defendant SOS Exhibit 1), and stated that each party would bear their own costs. This Court is precluded from

returning to these issues by *res judicata* and *collateral estoppel*. Like *res judicata, collateral estoppel* precludes re-litigation of the issues here, which could have – and should have - been raised in the Court of Appeals. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) (See also, *Montana v. United States*, 440 U.S. 147 (1979)).

Defendant Secretary, in his Response, has set forth a number of problems with the current fee petition. Among the problems identified, there are repeated communications and correspondence with a purported "expert witness" who never testified at trial in this matter, and for which Plaintiff is not entitled to recover anything; the analysis presented by Affidavit failed entirely to discuss *Langguth*, the prevailing precedent on this precise issue, and so intentionally mislead both the district court and the court of appeals.

There also appear to be a number of instances of double billing, although the time entries are not themselves identical. Given the narrowness of this case, and the limited applicability of the Court's declaratory judgment, this case is the quintessential example of where a downward adjustment from the loadstar amount is fully justified. *See, Milton v. Des Moines, Iowa*, 47 F.3d 944, 946 (8th Cir. 1995); *Gilbert v. Little Rock*, 867 F.2d 1063, 1066-67 (8th Cir. 1989) (upholding downward adjustment of fee award where plaintiffs lost on most claims and most individual plaintiffs received no relief).

Defendant Secretary objects to the fee award on the basis of lack of standing, lack of proof of injury, and insufficiency of the evidence at trial, in an excess of caution. Defendant Secretary further objects as set forth specifically in his Objections and Response, and asks this Court to adjust the requested fees, downward, by an appropriate percentage. Defendant

6

Secretary further objects to local counsel's fee request, as it is unsupported by adequate explanation, is duplicative, and appears to have been wholly unnecessary; indeed, in his time at trial, local counsel made no argument, examined no witnesses, and took no part in the case other than to observe.

**WHEREFORE**, premises considered, Defendant Secretary prays that the Court grant the relief he seeks herein; that the Court deny Plaintiff's request to recover fees, costs, or expenses; that each of the parties bear their own fees, costs, and expenses; in the alternative, Defendant Secretary asks the Court to reduce substantially the fee petitions given the limited success shown by Plaintiffs; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted this 21st day of February, 2018

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR 72225-1570
(501) 682-3401
Fax: (501) 682-1213
**kellylawfedecf@aol.com**

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 21st day of February, 2018, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF), to the following:

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810

Jeff Rosenzweig
300 Spring Street, Suite 310
Little Rock, AR 72201

_____
AJ Kelly