IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, et al.,          Plaintiffs,   )
                                           )
v.                                         )   Case No. 4:14-CV-65-JM
                                           )
MARK MARTIN, in his official capacity as   )
Arkansas Secretary of State,   Defendant.  )

<u>PLAINTIFF MARK MOORE'S MEMORANDUM REPLY BRIEF
IN SUPPORT OF HIS MOTION TO SET AMOUNT
OF REASONABLE ATTORNEY'S FEES</u>

Plaintiff Mark Moore received an order and a judgment against Defendant entered by the Trial Court in the instant case on January 25, 2018 [Doc. Nos. 65 and 66], and as corrected in an Amended Order on January 31, 2018 [Doc. No. 67]. On February 7, 2018, Plaintiff Moore filed a Motion to Set Amount of Reasonable Attorney's Fees [Doc. No. 70] and a Memorandum Brief in Support of his Motion to Set Amount of Reasonable Attorney's Fees with Affidavits and Exhibits in support thereof [Doc. No. 71].

On February 21, 2018, Defendant filed Objections and Response to Plaintiff's Request for Attorney Fees [Doc. No. 75] and a Brief in Support of Objections and Response to Plaintiff's Request for Attorney Fees [Doc. No. 76]. Defendant's aforesaid objections and supporting Brief raise certain points that deserve a reply so that these matters can be properly addressed by the Court.

Many of Defendant's objections are simply conclusions. However, Plaintiff Moore would address the following objections specifically: (1) On page 3, ¶ u, of Defendant's aforesaid Objections and Response [Doc. No. 75], Defendant objects to an entry of 1-8-16, which he characterizes as "Prep. of cover letter to Eighth Circuit to

accompany Brief (.7 hours)". This objection is misleading because the full entry for 1-8-16, as set forth in Plaintiff Moore's Exhibit "4" to the aforesaid Brief, reads "Prep. of ltr and 10 copies of Appellant's opening Brief w/ attached Addendum to Michael Gans, Clerk of 8th Cir., and copy to A.J. Kelley (postage to St. Louis and Little Rock, $12.65 and $5.85 and Litgistix, $101.12) .7". In other words, it wasn't just preparing and sending a cover letter, but the printing, binding, and mailing of multiple copies of Appellant's opening Brief with attached Addendum. Thus, Defendant's objection is misleading because of its incompleteness; (2) On page 3, ¶ w, of Defendant's aforesaid Objections and Response, Defendant complains about 1.0 hours of work done in the Eighth Circuit for the "Prep and filing of Moore's Response to Appellee's Motion to Stay, etc." . . . when this was a consent Motion to which Appellant Moore agreed . . . ." This objection is also misleading. Attached to this pleading is Plaintiff Moore's Exhibit "6", Plaintiff-Appellant's Response to Appellee's Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari. This pleading is provided for the convenience of the Court so that the Court can see the reason why the aforesaid response had to be filed in the Eighth Circuit on July 10, 2017. Thereafter, the Eighth Circuit then denied the Appellee's aforesaid Motion to Stay, etc. on July 11, 2017 (Plaintiff Moore's Exhibit "7" hereto, Order Denying Appellee's Motion to Recall Mandate); (3) On page 4, ¶ c, of Defendant's aforesaid Objections and Response, Defendant complains that a meeting between Mr. Linger and Mr. Rosenzweig shows .8 hours on Mr. Linger's time records, but 1.0 hours on Mr. Rosenzweig's time records. What is not mentioned here is that Mr. Rosenzweig had to be excused from the hearing on 7-27-15 because of a hearing

2

in a murder case and had to travel to and from Mr. Linger's hotel for the meeting with Mr. Linger before the hearing before the Court. Thus, the slight difference in time since Mr. Linger did not have to travel anywhere to meet Mr. Rosenzweig; (4) On page 4, ¶ f, of Defendant's aforesaid Objections and Response, Defendant questions an entry for Mr. Linger on 7-25-16. However, this date is a computer entry/scrivener's error as to the year and is properly 7-25-17. Otherwise, the entry is correct; (5) On page 6, ¶ 10, of Defendant's aforesaid Objections and Response, Defendant complains that Mr. Linger's entry for 6-3-15 as to the preparation and filing of Plaintiff's Reply and Memorandum Brief in Support of Plaintiff's Motion for Summary Judgment was not part of his "reduced fee request" of $150.00 per hour (1.5 hours billed). Actually, it was. A look at page 31 of Plaintiff Moore's Exhibit "4", Time Sheet of James C. Linger, shows that the number of reduced fee requests at $150.00 an hour relating to Plaintiff's Motion for Summary Judgment, is 8.8 hours. The entries on said time sheet composing the 8.8 hours are found on the dates of 5-12-15 (2.6 hrs.), 5-13-15 (1.5 hrs.), 5-27-15 (2.8 hrs.), 5-27-15 (.2 hrs.), and 7-16-15 (.2 hrs.), for a total of 7.3 hours all of which are noted by a double asterisk (**). However, the entry of 6-3-15 for 1.5 hours as to the preparation and filing of Plaintiff's Reply and Memorandum Brief in support of Plaintiff's Motion for Summary Judgment does not have the double asterisk (**). However, since the total reduced fee request hours on page 31 are 8.8 hours, and the 7.3 hours with the double asterisks (**) plus the 1.5 hours without the double asterisks (**) equals 8.8 hours, it is obvious that the 8.8 hours is accounted for as to Plaintiff's Summary Judgment motion work and there was simply a computer entry/scrivener's error in the double asterisks (**) not appearing

3

for the 1.5 hour entry of 6-3-15. However, since the reduction to $150.00 an hour was obviously made for the total 8.8 hours, Defendant's objection is without merit; (6) On page 7, ¶ h, of Defendant's aforesaid Objections and Response, Defendant objects to entries for Mr. Linger for 8-14-14 (.2 hrs.) and 8-15-14 (.4 hrs.) because they are alleged to be a duplication as to Defendant's answer. Actually, the .2 entry is for the first review of the faxed answer on 8-14-14, while the .4 entry on 8-15-14 is for a more extended review the next day of another copy of the answer sent by Defendant. There was no duplication; (7) On page 7, ¶¶ q and r, of Defendant's aforesaid Objections and Response, Defendant objects to alleged duplication of separate emails for 11-12-15 and 11-19-15 as to the transcript order form and later preparation and delivery of it through two separate emails on separate days to the court reporter. Once again, this is not a duplication; and (8) On page 8, ¶¶ u and v, of Defendant's aforesaid Objections and Response, Defendant objects to work done on 11-29-17 and 12-1-17 as to preparing Moore's pretrial disclosure sheet on 11-29-17 and continuing work on it and in filing it on 12-1-17. This matter was worked on on two separate days before filing on the second day, and was, therefore, not a duplication.

In regard to Defendant's objections to Mr. Linger's $300.00 per hour rate requested for most of his work, and $250.00 per hour rate for travel time, Plaintiff Moore would point the Court to this Court's decision on September 12, 2016, in the case of *Libertarian Party of Arkansas v. Martin*, Case No. 4:15-cv-00635-JM, which found the aforesaid $300.00 per hour and $250.00 per hour rates appropriate and reasonable. Of further note, this Court's aforesaid decision was affirmed 3-0 by a panel of the United

4

States Court of Appeals for the Eighth Circuit on November 30, 2017, in a case it ordered published. *Libertarian Party of Arkansas v. Martin*, __ F.3d __ (8th Cir. Case No. 16-3794, Nov. 30, 2017). Additionally, on December 29, 2017, the Eighth Circuit in the aforesaid *Libertarian Party of Arkansas* case ordered Appellee's Motion for Costs and Attorney Fees granted in the respective amounts of $166.22 and $14,040.00 (see Plaintiff's Exhibit "8" attached hereto of the aforesaid Order of the Eighth Circuit in the *Libertarian Party of Arkansas* case). The aforesaid attorney fee was also requested at the $300.00 per hour rate amount.

As to Mr. Rosenzweig's hours complained of, it is obvious from the time records that Mr. Rosenzweig did not claim numerous hours reviewing documents and pleadings, and only partially claimed certain time spent on the phone, email, etc. Of greater significance is the fact that despite having a normal hourly rate of $300.00 an hour, Mr. Rosenzweig only requested the reduced hourly rate of $250.00 an hour, despite having been an attorney for approximately 41 years and having experience in other election cases. Mr. Rosenzweig said on page 2, ¶ 6, of his Affidavit (Plaintiff Moore's Exhibit "1" of the aforesaid Brief), that he did so ". . . because of my inferior and assisting status on this case . . . ." However, because of his reduction in his hourly rate and the non-inclusion of much time he was required to spend in his duties as local counsel, Mr. Rosenzweig's request for attorney fees is reasonable.

Additionally, Defendant continues to argue numerous issues on which he was unsuccessful in the District Court before the appeal and unsuccessful before the Eighth Circuit on appeal. *Moore v. Martin*, 854 F.3d 1029 (8th Cir. 2017). The Eighth Circuit

5

was very specific in its decision as to what questions it wanted answered on remand. *Moore v. Martin*, 854 F.3d at 1028. At the trial on December 12, 2017, the evidence presented on the material issues was overwhelmingly in favor of the Plaintiff and against the Defendant's argument that the March 1 Independent petition deadline was necessary. The Defendant's own witness basically admitted that a May 1 deadline could be met, that the March 1 deadline wasn't necessary, that temporary workers had been hired before, and that the rate of verifying petition signatures (4-5 per minute per worker) could handle the petitions submitted and get the job done. However, Defendant continues to argue previously unsuccessful issues as to standing, ripeness, mootness, and injury. All of these issues have previously been decided against Defendant in both the District Court and in the Eighth Circuit. Defendant does not appear to understand the law of the case doctrine and its application to the instant case. These continued and repeated arguments are barred by the law of the case doctrine. By seeking to relitigate these arguments, which Defendant raised and lost before the District Court and the Eighth Circuit (and with the Petition for Writ of Certiorari denied by the U.S. Supreme Court), Defendant is acting contrary to the law of the case doctrine. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (citing *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-457 (8th Cir. 1990).

Finally, on page 9, ¶ 16, of Defendant's aforesaid Objections and Response, Defendant makes reference to the Eighth Circuit Order denying costs to Plaintiff Moore and, thus, argues that because the Eighth Circuit denied costs on appeal on May 23, 2017, that this should be a bar to Plaintiff Moore asking for costs herein. Actually, Plaintiff Moore asked for his costs on appeal only for the printing and binding costs of Appellant's Opening Brief and Addendum, the Joint Appendix, and Appellant's Reply Brief (see Plaintiff Moore's Exhibit "9" attached hereto, Bill of Costs of Appellant on appeal). None of the costs requested in Plaintiff Moore's Exhibit "9" are requested herein. Because the Eighth Circuit in its decision of April 26, 2017, affirmed in part, reversed in part, and remanded the case for further proceedings to the District Court, *Moore v. Martin*, 854 F.3d 1021 (8th Cir. 2017), Plaintiff/Appellant Moore could request his printing and binding costs for a discretionary decision of the Eighth Circuit, pursuant to Fed. R. App. P. 39(a)(4), which holds that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Considering that the Plaintiff Moore was not at that time (i.e., May 23, 2017) a prevailing party, the Eighth Circuit exercised its discretion on May 23, 2017, and denied Appellant's Motion for Costs as to the printing and binding of Moore's Appellate Briefs and the Joint Appendix, and ordered the parties to bear their own costs. Now, however, the Plaintiff Moore is the prevailing party. Further, the aforesaid May 23rd order of the Eighth Circuit is not a bar to the granting by the District Court of Plaintiff Moore's fees and costs requested herein because they were not requested of the Eighth Circuit at that time as noted above and

7

Plaintiff Moore was not then a prevailing party before the Eighth Circuit Court of Appeals.

Wherefore, premises considered, Plaintiff Moore requests the Court grant his Motion to Set Amount of Reasonable Attorney's Fees.

Respectfully submitted this 22nd day of February, 2018.

Mark Moore, Plaintiff

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
(501) 372-5247 Telephone
(501) 376-0770 Facsimile
jrosenzweig@att.net
*Counsel for Plaintiff Mark Moore*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 22nd day of February, 2018.

/s/ James C. Linger
James C. Linger