IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., | Plaintiffs, | ) |
| | | ) |
| v. | | )    Case No. 4:14-CV-65-JM |
| | | ) |
| MARK MARTIN, in his official capacity as | | ) |
| Arkansas Secretary of State, | Defendant. | ) |

---

# ATTACHMENT

# PLAINTIFF MOORE'S EXHIBIT "6"

# PLAINTIFF-APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO RECALL AND STAY THE MANDATE PENDING FILING OF PETITION FOR A WRIT OF CERTIORARI

---

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 07/10/2017

    **Case Name:**    Mark Moore, et al v. Mark Martin
    **Case Number:**  <u>15-3558</u>
    **Document(s):**  <u>Document(s)</u>

**Docket Text:**
RESPONSE with no opposition to motion [4553512-2], motion [4553512-3] filed by Attorney Mr. James Carter Linger for Appellant Mark Moore , w/service 07/10/2017. [4555496] [15-3558] (JCL)

**Notice will be electronically mailed to:**

Mr. AJ Kelly: kellylawfedecf@aol.com
Mr. James Carter Linger: bostonbarristers@tulsacoxmail.com
Mr. Jeffrey M. Rosenzweig: jrosenzweig@att.net, jeffrosenzweig@sbcglobal.net, leejoshr@gmail.com, smwbraden@gmail.com
Mr. Andres Fernando Rhodes, Associate General Counsel: andres.rhodes.law@gmail.com


The following document(s) are associated with this transaction:
**Document Description:** Plaintiff-Appellant's Response to Appellee's Motion to Recall and Stay the Manda
**Original Filename:** Plaintiff-Appellant's Response 7_10_2017.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/10/2017] [FileNumber=4555496-0]
[37723ea77070587b87b9be7ce29f95434a3b715d6d8d8534f3d7442173dfa6b32cbaffda281f1563fc39db309e6fd761b45b15c0b58891e593c82fe18a4fac05]]

Case No. 15-3558

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

MARK MOORE,
Plaintiff-Appellant

MICHAEL HARROD; WILLIAM CHRIS JOHNSON,
Plaintiffs

v.

MARK MARTIN, in his official capacity as
Secretary of State for the State of Arkansas,
Defendant-Appellee

**PLAINTIFF-APPELLANT'S RESPONSE TO
APPELLEE'S MOTION TO RECALL AND STAY THE MANDATE
PENDING FILING OF PETITION FOR A WRIT OF CERTIORARI**

COMES NOW the Plaintiff-Appellant Mark Moore, by and through his Counsel of record, and, for his Response to Appellee's Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari, would show the Court as follows:

Defendant-Appellee Mark Martin (hereinafter "Secretary of State") filed a Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari on July 3, 2017, in which he correctly stated that Counsel for Plaintiff-Appellant Mark Moore agrees to a stay of the mandate until July 25, 2017. The decision of the United States Court of Appeals for the Eighth Circuit in the instant case was filed on April 26, 2017, with the reported decision to be found at *Moore*

*v. Martin*, 854 F.3d 1021 (8th Cir. 2017). The mandate was issued by the Eighth Circuit on May 17, 2017. However, because of some of the statements in the Secretary of State's aforesaid motion, Plaintiff-Appellant Moore feels it necessary to make further response.

The Secretary of State in his aforesaid motion states on page 5 of the motion that "Here, Appellant Moore, like his co-Plaintiffs, proffered no evidence in support of his allegations and failed to rebut the Secretary's affidavit." On page 6 of his aforesaid motion, the Secretary of State further states: "Like Appellant-Plaintiff, the Arizona Green Party 'did not submit any supporting evidence with its motion for summary judgment.'" Additionally, on pages 6 and 7 of the Secretary of State's aforesaid motion, he states: "Without any evidence regarding the practical consequences of the [new deadline], we find ourselves in the position of Lady Justice: blindfolded and stuck holding empty scales . . . . Without evidence, the burdens identified in the Green Party's complaint are purely speculative." The foregoing three assertions are all untrue.

The reason the Secretary of State's aforesaid three assertions are not correct and accurate is because Plaintiff-Appellant Moore attached four Exhibits to his Concise Statement of the Material Facts as to which the Plaintiffs Contend a Genuine Dispute Exists to be Tried (Joint App., pp. 185-199). Further, Plaintiff-Appellant Moore attached two Exhibits to his Motion for Summary Judgment

(Joint App., pp. 218-233). Finally, because Plaintiff-Appellant Moore relied also on exhibits produced by the Secretary of State, this Court should consider the Secretary of State's Exhibits 4, 8, and 9, Affidavit of Leslie Bellamy, ¶¶ 11, 14, 15, and 17, White County Certified Election Results and Official Tabulation of the Results of the General Election held in the State of Arkansas on November 4, 2014, respectively (Joint App., pp. 75-76, 80-174). Therefore, the "practical consequences of the [new deadline]" was the total elimination of statewide Independent candidates in Arkansas for the 2014 General Election.

Since the Arkansas election laws were changed in 2013 to move the petitioning deadline for Independent candidates in partisan elections from May 1 to March 1 of the election year, there were no statewide Independent candidates that qualified for a partisan election in 2014, and only one legislative Independent candidate in a small State Senate District and one county Judge Independent candidate in a small county to successfully petition for the 2014 Arkansas General Election. Because the two-Judge majority opinion in *Moore v. Martin, Id.*, thought that the processing of initiative petition signatures "might conflict" with the processing of Independent candidate petition signatures, but didn't think there was enough evidence to that effect in the record (as opposed to Chief Judge Smith's dissent which held that there was no conflict in the processing of initiative petition signatures and Independent candidate petition signatures due by the old May 1

3

deadline, *Moore v. Martin*, 854 F.3d at 1029), the question of whether the Secretary of State can show a conflict so as to make a March 1 deadline necessary to achieve a compelling state interest was to be weighed and analyzed upon remand by the trial court.

WHEREFORE, because parts of the Secretary of State's aforesaid motion were inaccurate and incorrect, Plaintiff-Appellant thought it appropriate to file this response to the Secretary of State's aforesaid motion.

Respectfully submitted this 10th day of July, 2017.

MARK MOORE, Plaintiff-Appellant

s/ James C. Linger
JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 10th day of July, 2017.

s/ James C. Linger
James C. Linger

4

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Pursuant to Fed. R. App. P. 27 (d) (2), the undersigned certifies this Response complies with the type-volume limitations of same because:

1. Exclusive of the exempted portions in Fed. R. Civ. P. 32(a)(7)(B)(iii), the Response contains:

A. [685] words, or

B. _____ lines of text in monospaced typeface.

2. Software Name and Version: <u>Word 13</u>

A. In (Typeface and Font Size): <u>Times Now Roman 14 pt.</u>, or

B. In proportionally spaced typeface using: _____; typeface name and number of Characters per inch: _____ cpi.

3. Pursuant to Eighth Circuit Rule 28A(h)(2), the electronic version of this Response has been scanned for viruses and is virus-free.

<u>s/ James C. Linger</u>
James C. Linger
