UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                          **PLAINTIFF**

v.                             Case No. 4:14-CV-65-JM

**HONORABLE MARK MARTIN,**
**in his official capacity as**
**Secretary of State for the**
**State of Arkansas**                                                    **DEFENDANT**

### DEFENDANT HONORABLE MARK MARTIN'S BRIEF IN SUPPORT OF HIS MOTION TO VACATE INJUNCTION AS MOOT AND ALTERNATIVE MOTION TO STAY INJUNCTION PENDING APPEAL

The Court should grant the Motion. Fed. R. Civ. P. 60(b)(5). Moore failed to file for office by March 1, 2018; he is not qualified to file candidate petitions by May 1, 2018 (or at any time before then). Moore, by his own inaction, has mooted this case. The Court lacks subject matter jurisdiction to enforce the injunction; Moore lacks standing to proceed pursuant to the injunction he obtained.

On January 31, 2018, the Court issued its Amended Order *nunc pro tunc* January 25, 2018. As part of the order, the Court ruled that the "Plaintiff may file his petition to run for

office as an independent candidate on or before May 1, 2018." Docket # 67, Par. 38. This corresponds to a similar statement in the January 25 Judgment.

Plaintiff failed to file to run for office. The party filing period for the 2018 election cycle ran from noon on February 22 to noon on March 1, 2018. As required by A.C.A. § 7-7-103, an independent candidate must file his political practices pledge, affidavit of eligibility, and a notice of candidacy during the party filing period (A.C.A. § 7-7-203(c)). Plaintiff Mark Moore did not file *any* of the required paperwork to run as an Independent Candidate for Lieutenant Governor, or for *any other* position, by the deadline of noon on March 1, 2018. Affidavit of Peyton Manning (attached to Motion).

Relief from the Judgment is proper under Fed. R. Civ. P. 60(b)(5). Rule 60(b) allows a district court "on motion and just terms" to "relieve a party from the obligations of a final judgment, order, or proceeding. *City of Duluth v. Fond Du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir., 2013).

Federal Rule of Civil Procedure 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
\* \* \*
(5) the judgment has been satisfied, released, or discharged; **it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.** . . .

Plaintiff Moore lacks standing; Plaintiff is no longer entitled to keep the injunctive relief. The Court's previous Judgment and Order granting him an injunction in this matter is

inequitable and unjust. Fed. R. Civ. P. 60(b)(5).

Plaintiff challenged the petition filing deadline for Independent Candidates, asking that the *petitions* containing the required signatures be due by May 1, rather than during the Party Filing Period. *See* Plaintiff's Complaint p. 3-4. Plaintiff claimed that changes in the law in 2013 (Act 1356 of 2013) changed the petition filing period.

Moore has lost any claim to standing for injunctive relief. Plaintiff Moore's initial assertions of standing were based on his desire to run for office in 2014. The only evidence supporting his standing presented at trial was Moore's affidavit stating that he intended to run for Lt. Governor in 2018. Now, Moore has failed to file the necessary documents by the end of the Party Filing Period, which ended at noon on March 1, 2018. Affidavit of Peyton Murphy, attached to Motion.

Plaintiff Moore's failure to file a political practices pledge, an affidavit of eligibility, and a notice of candidacy is a new development in the factual circumstances of this case. Defendant Secretary did not know, and could not know, that at the time of the Trial, Plaintiff Moore would not file the necessary supporting documents required to run as an Independent Candidate in the 2018 election cycle. Plaintiff Moore's failure to file required documents by the end of the party filing period would have changed the result were a new trial to be granted. *Daniels v. Agin*, 736 F.3d 70, 86 (1st Cir. 2013); *see also Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009); *Feature Rlty., Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2013).

Plaintiff's failure to file is a significant change in factual events that warrant relief from

the judgment pursuant to FRCP 60(b)(5). *Agostini v. Felton*, 521 U.S. 203, 215 (1997). "A court errs when it refuses to modify an injunction or consent decree in light of such changes." *Id.* Notwithstanding the spurious claims made in Plaintiff's Affidavit, Plaintiff did not take the necessary steps to run for office in 2018.

Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); U.S. Const. Art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) As the Eighth Circuit has said: "If an issue is moot in the Article III sense, we have no discretion and must dismiss" for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, *3 (8th Cir. 2005) *citing Powell v. McCormack*, 395 U.S. 486, 496 n.1 (1969); *see Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000).

Moore has lost his standing for injunctive relief. The Article III jurisdictional "requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Eighth Circuit will dismiss a case as moot when "changed circumstances" have "eliminate[d] the need for court action." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013) (quoting *City of Mesquite v. Aladdin's*

*Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (internal quotation marks omitted)). *See Libertarian Party of Arkansas v. Martin, Secretary*, No. 16-3794 (Eighth Cir. Nov. 30, 2017), slip op. at 5. When he failed to file for office, Murphy Affidavit, Moore lost his standing to continue to claim injunctive relief.

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993). The injunction should be vacated, dissolved, set aside, and held for naught. *Tapper v. Hearn*, 833 F.3d 166, 169 (2nd Cir. 2016); *Horne v. Flores*, 557 U.S. 433, 447 (2009); *see Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383-84 (1992).

Injunctive relief for Plaintiff at this point is improper. The court should vacate the injunction and judgment, pursuant to Fed. R. Civ. P. 60(b)(5). This matter is first submitted to the U.S. District Court. Fed. R. App. 8(a). Notwithstanding the pending appeal, the Court should provide an "indicative ruling" that the Court would grant the motion but for the pendency of the appeal, Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1, so that Defendant Secretary may request a remand from the Eighth Circuit for purposes of entry of this Court's Order.

Alternatively, the Court should stay its injunction pending appeal, given Defendant Secretary's likelihood of success on this issue. Fed. R. App. P. 8(a)(1). A four-part test governs stays pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Defendant Secretary has made a strong showing that he is likely to succeed on the merits, *see* Affidavit of Peyton Murphy. There will be no harm to Moore, since he failed to file for office. No other parties are affected by the injunction. The public interest will be served by vacating, dissolving, setting aside, and holding for naught the Court's injunction, since Moore has not filed to run for office this year.

**WHEREFORE,** and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that the Court grant Defendant's Motion to Vacate the Injunction as Moot; that, alternatively, the Court stay the injunction pending appeal; that, alternatively, the Court indicate on the record that it would grant this Motion, but for the pendency of the appeal, in accordance with FRCP 62.1; that the Court vacate, dissolve, set aside, and hold for naught its Order and Judgment granting Plaintiff, personally, an injunction giving him a deadline of May 1, 2018, in which to file his petitions for office with the Arkansas Secretary of State; that the Court deny any of Plaintiff's requests for fees, costs, or expenses; that the Court provide an indicative note in the docket that it would rule in favor of Defendant Secretary but for the pendency of the appeal; and that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances.

Respectfully submitted this 7th day of March, 2018.

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity,
Defendant

By: /s/ A.J. Kelly
AJ Kelly
General Counsel and
Deputy Secretary of State
Arkansas Secretary of State
P.O. Box 251570
Little Rock, AR 72225
Phone: (501) 682-3401
Fax: (501) 682-1213

And

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
Suite 256 – State Capitol
500 Woodlane Avenue
Little Rock, AR 72201

*Attorneys for Defendant
Secretary of State*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the date set forth below, I electronically filed the foregoing Brief with the District Court Clerk using the electronic filing system in the Federal District Court Clerk's Office so that the attorneys of record can be served electronically using the Court's filing system (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

Jeffrey M. Rosenzweig
300 South Spring Street, Suite 310
Little Rock, AR 72201

**Dated this 7th day of March, 2018.**

                                                                                         /s/ A.J. Kelly
                                                                                         AJ Kelly