IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, et al.,              Plaintiffs,    )
                                                )
  v.                                            )        Case No. 4:14-CV-65-JM
                                                )
MARK MARTIN, in his official capacity as        )
Arkansas Secretary of State,        Defendant.  )

PLAINTIFF MOORE'S RESPONSE AND MEMORANDUM BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO
VACATE INJUNCTION AS MOOT; AND ALTERNATIVE MOTION
TO STAY INJUNCTION PENDING APPEAL

An order and a judgment against Defendant was entered by the District Court in

the instant case on January 25, 2018 [Doc. Nos. 65 and 66], as corrected in an Amended

Order on January 31, 2018 [Doc. No. 67] granting declaratory and injunctive relief.  The

Court's decision was appealed by the Defendant to the United States Court of Appeals for

the Eighth Circuit on February 22, 2018.  There are currently three matters pending

before the District Court, the first two of which the District Court has jurisdiction to

decide without remand from the Eighth Circuit.

Firstly, on February 2, 2018, Plaintiff Moore filed a verified Bill of Costs [Doc.

No. 68], supported by a Memorandum Brief [Doc. No. 69].  Defendant filed an Objection

and Brief in support of objections to Plaintiff's Bill of Costs on February 8, 2018 [Doc.

Nos. 72 and 73].  On February 9, 2018, Plaintiff Moore filed a Memorandum Reply Brief

in support of his verified Bill of Costs [Doc. No. 74].  Plaintiff Moore's Bill of Costs is

currently pending.

Secondly, on February 7, 2018, Plaintiff Moore filed a Motion to Set Amount of Reasonable Attorney's Fees [Doc. No. 70] and a Memorandum Brief in Support of his Motion to Set Amount of Reasonable Attorney's Fees with Affidavits and Exhibits in support thereof [Doc. No. 71].  On February 21, 2018, Defendant filed objections and response to Plaintiff's Request for Attorney's Fees and a Brief in Support of Objections and Response to Plaintiff's Request for Attorney's Fees [Doc. Nos. 75 and 76].  On February 22, 2018, Plaintiff Moore filed a Memorandum Reply Brief in Support of his Motion to Set Amount of Reasonable Attorney's Fees with additional exhibits [Doc. No. 79].  Plaintiff Moore's Motion to Set Amount of Reasonable Attorney's Fees is also currently pending.

Thirdly, on February 22, 2018, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit [Doc. No. 77].  Thereafter, On March 7, 2018, Defendant Mark Martin filed a Motion to Vacate Injunction as Moot; and Alternative Motion to Stay Injunction Pending Appeal [Doc. No. 83] and a Brief in Support of his Motion to Vacate Injunction as Moot and Alternative Motion to Stay Injunction Pending Appeal [Doc. No. 84].  Defendant's aforesaid Motion to Vacate Injunction and Alternative Motion to Stay Injunction Pending Appeal are—for a number of reasons--without merit and should be denied.

<u>ARGUMENT</u>

The first thing wrong with Defendant's motions is the fact that once a notice of appeal is filed, the District Court does not usually have jurisdiction to consider Fed. R. Civ. Proc. 60(b) motions unless the District Court decides to deny the motions. While the

District Court still has jurisdiction to decide timely filed motions to tax costs and grant

attorney fees after a notice of appeal is filed—especially where the motions to tax costs

and for attorney's fees were filed before the notice of appeal was filed, a motion filed

under Fed. R. Civ. P. ". . . 60(b) operates to relieve a party from judgment only upon such

terms as are just.  It is an extraordinary procedure that permits a court which rendered

judgment to grant relief from the judgment upon a showing of good cause within the rule.

It is clearly not a substitute for appeal and must be considered with the obvious need for

the finality of judgments." *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). In a

case involving a Rule 60(b) motion decided prior to an appeal being filed, the Eighth

Circuit recognized that Fed. R. Civ. Proc. 60(b) allows a District Court "[o]n motion and

just terms" to relieve a party from the obligations of a final judgment, order, or

proceeding, and that "[a] district court's Rule 60(b) decision to grant relief is reviewed

for abuse of discretion."  *City of Duluth v. Fond Du Lac Band of Lake Superior*

*Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013), citing *Atkinson v. Prudential Prop. Co*.,

43 F.3d 367, 371 (8th Cir. 1994).

> A court abuses its discretion when a relevant factor that should have been
> given significant weight is not considered; when an irrelevant or improper
> factor is considered and given significant weight; or when all proper factors
> and no improper ones are considered, but the court commits a clear error of
> judgment in weighing those factors. *Thatcher v. Hanover Ins. Group, Inc*.,
> 659 F.3d 1212, 1213 (8th Cir. 2011).  An error of law is necessarily an abuse
> of discretion. *Menz v. New Holland N. Am., Inc*., 440 F.3d 1002, 1005-06
> (8th Cir. 2006).  *City of Duluth*, 702 F.3d at 1152.

Since this case involves a Rule 60(b) motion filed after an appeal has been

initiated, it is important to note that several Circuits have held that a District Court has

jurisdiction and may consider and deny a Fed. R. Civ. Proc. 60(b) motion during

pendency of appeal, but may grant such motion only upon expressing its inclination to do so and the parties obtaining remand from the Circuit Court of Appeals. *Chicago Downs Ass'n. v. Chase*, 944 F.2d 366 (7th Cir. 1991); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004); *Selletti v. Carey*, 173 F.3d 104 (2nd Cir. 1999). In that regard, Fed. R. Civ. Proc. 62.1(a) does give the District Court authority to defer considering the motion, deny the motion, or state either that it would grant the motion if the Court of Appeals remands for that purpose, or that the motion raises a substantial issue. However, Fed. R. Civ. Proc. 62.1(b) would require the movant to properly notify the Circuit Clerk under Fed. R. App. Proc. 12.1 if the District Court states that it would grant the motion or that the motion raises a substantial issue. Since it is not necessary to grant the motion because of the argument set forth hereinbelow, the District Court should deny Defendant's motions. Either the injunctive relief granted to Plaintiff is not yet moot or the denying of the Motion to Stay Pending Appeal is totally unnecessary at this time.

In its decision of January 25, 2018, as amended on January 31, 2018 [Doc. Nos. 65 and 67], this Court found that ". . . the Arkansas election laws in question are unconstitutional as a violation of the First and Fourteenth Amendments to the United States Constitution and to 42 U.S.C., § 1983 to the extent they set an unnecessary March 1st deadline which is not narrowly drawn to serve a compelling state interest." [Doc. No. 67, Amended Order, ¶ 36]. The Arkansas election laws in question held unconstitutional as to Independent candidates are Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1). The most significant section of the foregoing Arkansas election laws is found at Ark. Code Ann. § 7-7-103(a)(1) which states that an Independent candidate ". . . shall file,

during the party filing period for the year in which the election is to be held, a political

practices pledge, an affidavit of eligibility, the petition under this section, and a notice of

candidacy . . . ." Since the foregoing four requirements are to be filed during the party

filing period for the year in which the election is to be held (i.e., by March 1), it is

interesting to note that all of the aforesaid requirements—viz.: political practices pledge,

affidavit, petition, and notice of candidacy are due at the same time. The State of

Arkansas obviously did not find it necessary to require the political practices pledge,

affidavit, and notice of candidacy to be filed two or three months or even one day before

the Independent petition. Since this is obviously not necessary under the laws in question

for an Independent candidate, the proper interpretation of this Court's decision allowing

the Plaintiff to file his petition to run for office as an Independent candidate on or before

May 1, 2018 [Doc. No. 67, Amended Order, ¶ 38], by logical extension under the

election law in question would be to allow Plaintiff to file his political practices pledge,

affidavit, and notice of candidacy at the same time as the Independent candidate petitions.

Defendant's interpretation that now the political practices pledge, affidavit, and notice of

candidacy must be filed 61 days (i.e. by March 1, 2018) before the petition for Plaintiff is

due is not only Constitutionally unnecessary, but is contrary to what was required under

Ark. Code Ann. § 7-7-103(a)(1) when all four required items could be filed at the same

time. Defendant proposes significant burdens before the Court's deadline of May 1st

which were not even required under the law in question to be done 61 days before the

petition was due. If it was not necessary at the time of the challenge to the March 1

deadline, it is not necessary now. "It is clear that the Supreme Court has consistently

required a showing of necessity for significant burdens on ballot access." *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); and *Storer v. Brown*, 415 U.S. 724, 743 (1974).

It should be remembered that the District Court's decision and judgment in question herein [Doc. Nos. 65, 66, and 67] was the result of a specific remand from the Eighth Circuit as to five questions to be answered: (1) what periods of time between the former May 1 deadline for Independent candidate petitions and the early July deadline for initiative petitions were available for Arkansas to process Independent candidate petitions; (2) when Independent candidate petitions were, in fact, processed in the past; (3) during the 2014 election cycle, after the move of the deadline from May 1 to March 1, whether Independent candidate petitions were processed between those two dates; (4) the amount of time required to process Independent candidate petitions; and (5) the feasibility of temporarily hiring additional election workers. *Moore v. Martin*, 854 F.3d 1021, 1028 (8th Cir. 2017). The evidence at the trial on December 12, 2017, was overwhelmingly indicative that the March 1st deadline for Independent candidates was not necessary. Because the laws in question allowed the political practices pledge, an affidavit of eligibility, notice of candidacy, and the petition to be filed at the same time, it cannot be necessary now that everything but the petition be filed a couple of months earlier than the May 1st deadline set by the Court. After all, Independent candidates will not have their names appear on the ballot unless they are successful in their petitioning. Major party candidates and new party candidates are different in that their filings during the party filing period which ends on March 1st will result in their names appearing on a preferential primary ballot for the major parties (Republican and Democratic) or on the

ballot at the political parties' nominating convention for new political parties

(Libertarian).  While the law in question allowed up to 90 days for petitioning for

Independent candidates, Ark. Code Ann. § 7-7-103(b)(3)(B), it did not require the

political practices pledge, affidavit of eligibility, and notice of candidacy to be filed 90

days before the Independent petitions were due.  It is Plaintiff's understanding that the

Court in setting a May 1, 2018, deadline for filing his petition to run for office as an

Independent candidate, Plaintiff would also be able to file his political practices pledge,

affidavit of eligibility, and notice of candidacy at the same time—just as was allowed in

2014 and 2016 for all the foregoing requirements at the same time pursuant to Ark. Code

Ann. § 7-7-103(a)(1).

Further, Defendant continues to argue the standing issue on which he was

unsuccessful in the District Court before the first appeal [Order of August 25, 2015, Doc.

No. 37, pp. 5-7] and unsuccessful before the Eighth Circuit on appeal.  *Moore v. Martin*,

*Id*.  The Eighth Circuit was very specific in its decision as to what questions it wanted

answered on remand.  *Moore v. Martin*, 854 F.3d at 1028.  At the trial on December 12,

2017, the evidence presented on the material issues was overwhelmingly in favor of the

Plaintiff and against the Defendant's argument that the March 1 Independent petition

deadline was necessary.  The Defendant's own witness basically admitted that a May 1

deadline could be met, that the March 1 deadline wasn't necessary, that temporary

workers had been hired before, and that the rate of verifying petition signatures (4-5 per

minute per worker) could handle the petitions submitted and get the job done.  However,

Defendant continues to argue previously unsuccessful issues as to standing, mootness,

and injury.  Election law cases are different in that the issues raised therein are capable of repetition yet evading review—as this Court noted in its order of August 25, 2015 [Doc. No. 37, pp. 5-6].  The Eighth Circuit has been clear that a voter has a right to challenge ballot access laws, even if the voter is ineligible and cannot be a candidate, because the voter has a right to cast his vote effectively and have the ability to challenge laws which restrict his ability to vote for the candidate of his choice or dilute the effect of his vote if his chosen candidate were not fairly presented to the voting public.  *McLain v. Meier*, 851 F.2d 1045, 1047-1048 (8th Cir. 1988); see also, *Green Party of Ark. v. Martin*, 649 F.3d 675 (8th Cir. 2011); *Williams v. Rhodes*, 393 U.S. 23, 45-46, 66 (1968).  Standing has been decided as to declaratory relief in the case at bar because "[t]he law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy."  *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (citing *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-457 (8th Cir. 1990).  As to the injunctive relief granted to Plaintiff, Defendant's motions are speculative at this time and too early.

CONCLUSION

The Defendant's motions raise questions and issues which are not even before the Court from the standpoint of ripeness because the May 1 deadline has not yet come with Plaintiff having submitted a sufficient number of petition signatures under the law.  In other words, Defendant is jumping the gun.  Therefore, it is not an issue that has to be addressed at this time from the standpoint of injunctive relief.  Additionally, there is no

harm to Defendant by leaving the injunctive relief in place. If Defendant really thinks his disjointed and inconsistent interpretation is correct, he can bring it up at such time as Plaintiff submits his petition signatures in sufficient numbers, or not at all, if Plaintiff fails to submit a sufficient number of petition signatures by May 1, 2018. The foregoing result is dictated by considerations of judicial economy, ripeness, and common sense. If Plaintiff Moore is right in his interpretation that the Independent petition signatures and other requirements are all due on May 1, 2018, then the injunctive relief granted by the Court is not moot and no stay need be granted. However, if Defendant is correct, no stay of the Court's injunctive relief is necessary and the issue of mootness as to injunctive relief can be taken up and submitted to the Eighth Circuit by a Fed. R. App. Proc. 28(j) letter. After all, the injunctive relief granted to Plaintiff Moore by the Court was not that he was to be put on the ballot as an Independent candidate, but only that he have an opportunity to obtain ballot access.

Wherefore, premises considered, Plaintiff Moore requests the Court deny Defendant's aforesaid motions and leave further consideration of these matters to the Court of Appeals.

Respectfully submitted this 14th day of March, 2018.

Mark Moore, Plaintiff

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
(501) 372-5247 Telephone
(501) 376-0770 Facsimile
jrosenzweig@att.net
*Counsel for Plaintiff Mark Moore*

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been served on all

counsel of record via the Court's CM/ECF e-mail notification system on the 14th day of

March, 2018.

<u>/s/ James C. Linger</u>
James C. Linger