UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                                                                **PLAINTIFF**

v.                                              Case no. 4:14-CV-65-JM

**HONORABLE MARK MARTIN,**
**In his official capacity as**
**Secretary of State for the**
**State of Arkansas**                                                                                        **DEFENDANT**

### DEFENDANT HONORABLE MARK MARTIN'S
### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION TO VACATE THE INJUNCTION
### AND MEMORANDUM BRIEF IN SUPPORT

**COMES NOW**, Defendant, Honorable Mark Martin, in his official capacity as Secretary of State for the State of Arkansas, for his Reply to Plaintiff's Response to Defendant's Motion to Vacate the Injunction, and states that:

1. Defendant denies each and every material allegation made in the Response, unless specifically admitted herein.

2. The Motion to Vacate Injunction as Moot is timely filed in the District Court, as required by the Federal Rules of Appellate Procedure, FRAP 8(a).

3. Plaintiff is estopped from newly arguing "additional" merits of his case not previously argued, not plead, and not tried to the District Court by judicial estoppel.

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 1**

4. Plaintiff is estopped from newly arguing "additional" merits of his case not previously argued, not plead, and not tried to the District Court by *collateral estoppel* and *res judicata*.

5. Plaintiff is precluded from newly arguing "additional" merits of his case not previously argued, not plead, not tried to the District Court, and contrary to the arguments made to the Eighth Circuit Court of Appeals in the prior appeal by the "law of the case" doctrine.

6. Plaintiff does not dispute the essential facts made evident in the Motion, and its supporting Affidavit of Peyton Murphy, that is: Mark Moore attempted to file all of his necessary paperwork in 2014 during the party filing period, *except* the petition signatures; Moore failed to file in 2014 by omitting a necessary signature when he waited until the last minute to file; Moore maintained his standing by asserting by way of Affidavit (only) that he "intended" to be a candidate in 2018; but Moore **failed to file the requisite paperwork, political practices pledge, affidavit of eligibility, and notice of candidacy stating the name and title of the elective office the candidate seeks, required by Ark. Code Ann. § 7-7-103, and as set forth in the Court's Order of January 25 at paragraph 8.**

7. Plaintiff did not challenge the filing deadline for the political practices pledge, the affidavit of eligibility, and the Notice of Candidacy; rather, he challenged only the deadline for filing of petition signatures, that is, the only independent candidate deadline changed by Arkansas Act 1356 of 2013. *See par. 7 of Court's Orders:*

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 2**

> *"Plaintiff is asking for injunctive relief against enforcement of the current independent candidate petition deadline as to future elections."*

8. In the previous appeal, Plaintiff did not challenge the filing deadline for the political practices pledge, the affidavit of eligibility, and the Notice of Candidacy; rather, he challenged only the deadline for filing of petition signatures, that is, the only independent candidate deadline changed by Arkansas Act 1356 of 2013.

9. Throughout this case, Plaintiff has contended that he had "no problem" meeting the requirements for independent candidates in 2012, that is, requirements not changed since then, with the exception of the filing deadline for independent candidate petitions.

10. Plaintiff has not, at any time in this case, ever made out a *prima facie* case that the filing deadline for the political practices pledge, affidavit of eligibility, and notice of candidacy caused him any harm. The March 1 deadlines for those filings are unchanged since 2012, and are uniform for all candidates. *See Libertarian Party of Arkansas v. Martin, Secretary of State*, 4:15-CV-635-JM, Docket No. 49, Order at pp.6-7 (par. 13) (July 15, 2016), (a portion of the Order from which Plaintiff Libertarian Party of Arkansas did not appeal).

11. Defendant has shown that the facts have changed during the course of the pending appeal; Defendant is entitled to the relief requested: vacating the injunction where Plaintiff Moore's relief is moot due to his failure to file required paperwork not challenged at trial; alternatively for a stay of the injunction pending appeal;

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 3**

alternatively that the Court indicate in the record, and in the docket sheet, that it would grant the Motion but for the pendency of the appeal; for vacation, dissolution, setting aside, and holding for naught the injunction issued in this matter; that the Court deny Plaintiff his attorney's fees, costs, or expenses for responding to this Motion; and for such additional relief to which he may be entitled under the circumstances.

**WHEREFORE,** and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that the Court grant Defendant's Motion to Vacate the Injunction as Moot; that, alternatively, the Court stay the injunction pending appeal; that, alternatively, the Court indicate on the record, and in the docket sheet, that it would grant this Motion, but for the pendency of the appeal, in accordance with FRCP 62.1; that the Court vacate, dissolve, set aside, and hold for naught its Order and Judgment granting Plaintiff, personally, an injunction giving him a deadline of May 1, 2018, in which to file his petitions for office with the Arkansas Secretary of State; that the Court deny any of Plaintiff's requests for fees, costs, or expenses; and that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances.

### MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S REPLY

The Court should grant the Motion to vacate the injunction. Plaintiff Moore's claims are moot, since he has not filed to run for office in 2018. Moore does not dispute this. He only attempts to evade the consequences by changing his argument on appeal. The Court lacks

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 4**

subject matter jurisdiction given that Plaintiff can no longer qualify to run for office in 2018. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3) (lack of subject matter jurisdiction can be raised at any time); Fed. R. Civ. P. 60(b)(5); *Horne v. Flores*, 557 U.S. 433, 453, 454 (2009) (defendant may obtain relief if prospective enforcement of order 'is no longer equitable.'); *Agostini v. Felton*, 521 U.S. 203, 215 (1997). Plaintiff lacks standing for injunctive relief; the Court shouldn't "wait and see" if he tries to get it back at some future date. Plaintiff filed no affidavit with the Response and so does not dispute the essential facts: he is not a candidate and is not entitled to injunctive relief.

Plaintiff now erroneously seeks to change his legal arguments, taking a contrary position from that which he took at trial. Plaintiff failed to make it part of his *prima facie* case that the filing deadline for the affidavit of eligibility, notice of candidacy, and political practices pledge caused him any harm. Plaintiff is estopped from making the legal arguments in his Response to Defendant's Motion to Vacate. Plaintiff has maintained throughout this litigation that the sole issue is the change in the filing date for independent candidate *petitions*, nothing more. Further, it is undisputed that the filing deadline for the political practices pledge, the affidavit of eligibility, and the notice of candidacy were not challenged in this action, as they were not changed in the 2013 Act. Mr. Moore has specifically agreed to meet those deadlines in 2012 and 2014. Indeed, this Court approved of those deadlines for all candidates, after extensive litigation and trial on the merits. *Libertarian Party of Arkansas et al. v. Martin, Secretary of State,* 4:15-CV-635-JM, Docket No. 49, Order at pp.6-7 (par. 13) (July 15, 2016), (a portion of the Order from which Plaintiff Libertarian Party of Arkansas did not appeal).

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 5**

Plaintiff is estopped from pursuing his new line of argument. Judicial Estoppel is a doctrine that:

> generally prevents a party from making a claim at *one phase of a case* or in an earlier proceeding and then making an *inconsistent, incompatible, or contrary claim during a later phase* or proceeding 'according to the exigencies of the moment.'

*Life Investors Ins. Co. of Am. v. Corrado*, 804 F.3d 908, 914 (8th Cir. 2015) (emphasis added) (*citing New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). Under prevailing precedent, judicial estoppel applies here.

The three factors the Eighth Circuit considers in applying judicial estoppel are: (1) that a party's later position is clearly inconsistent with an earlier position; (2) that the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) that the party asserting an inconsistent position would derive unfair advantage or impose unfair detriments on the opposing party. *Id. citing* 532 U.S. at 750-51; *See Also Jones v. Bob Evan Farms*, 811 F.3d 1030,1033 (8th Cir. 2016) and *Van Horn v. Martin*, 812 F.3d 1180, 1182 (8th Cir. 2016). All three factors apply to Plaintiff.

Plaintiff's new position is clearly inconsistent with his assertions in the case to date. Plaintiff set out to challenge the revision to the filing deadline for Independent Candidate Petitions, the one date that changed from May 1 to March 1 in Act 1356. The evidence at trial showed that Plaintiff tried to meet the deadline for other documentation

in 2014, but "refused" to gather petition signatures due to the change in the petition signature submission deadline. Plaintiff did not challenge the March 1 deadline for the additional required documentation. Plaintiff makes this argument for the first time in pages 4-5 of his Response to Defendant's Post- Trial Motion.

Throughout the course of litigation, Plaintiff made the *petition filing deadline* the focus and single issue of this litigation. See the following documents:

- Plaintiff's Complaint. 6-8, ECF No. 1.
- Plaintiff's Pretrial Disclosure Sheet. 4, 5 ("Issues of Fact Expected to be Contested"), & 6 ("The Issues of Law Expected to be Contested"), ECF No. 59
- Plaintiff's Trial Brief. 1, 3-4, 6, 14, (December 1, 2017)
- Plaintiff Mark Moore's Testimony at Trial.
- Plaintiff Moore's "affidavit" indicating his refusal to comply with the new petition signature filing deadline of March 1.
- Order. ¶¶ 29, 35, 38, ECF No. 65 & 67. (Docket Text for No. 65 states: "Plaintiff may file his *petition* to run for office as an independent candidate on or before 5/1/2018.") (emphasis added).

Plaintiff succeeded in convincing this Court in 2015, the Eighth Circuit in the first appeal, and this Court, at trial in December of 2017, that the only issue in dispute was the petition filing deadline. This allowed Plaintiff to focus all of his attention, and the Court's attention, on the 2013 change in the law, Act 1356, and to avoid having to try other issues related to having all candidates file political practices pledges at the same time. In other words, Plaintiff succeeded in

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 7**

convincing this Court and the Eighth Circuit, that the other documents required to be filed on March 1 were not at issue.

It would be unfair to Defendant Secretary to now have to defend something never previously disputed in this case: i.e., the requirement that all candidates file political practices pledges, notices of candidacy, and affidavits of eligibility, at the same time. This is particularly so where this Court previously concluded that such a filing deadline was necessary to meet the State's interests. *Libertarian Party of Arkansas, id.*

Plaintiff cannot shift his legal positions left and right at this point, and contradict his pleadings and testimony. Plaintiff is estopped from making alternate legal arguments at this juncture: he has not made these arguments in any other pleading, and the case is now post-trial. Judicial Estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Cover v. J.C. Penney Corp., Inc.*, 187 F.Supp.3d 1079, 1087 (D. Minn. 2016) (citing *Van Horn v. Martin*, 812 F.3d 1180, 1182 (8th Cir. 2016); *see also Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006)).

The Court relied on Plaintiff's arguments, and in its Order, allowed Plaintiff to file only his *Petition* on or before May 1, 2018, not any other required documents.

Plaintiff's new assertions that "all four documents" were required to be filed at the same time, prior to Act 1356, is simply false. Act 1356 of 2013 changed one deadline for Independent Candidates: the required filing date for the petitions. The other filing dates have been the same since before 2012.

The law of the case doctrine also precludes Plaintiff from changing his argument at this juncture. *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 994, 1005 (8th Cir. 2010) (discussing "law of the case doctrine"). The questions set forth by the Eighth Circuit concerned questions directly related to the one issue on appeal: what was the state's justifications for a March 1 date for submission of Independent Candidate Petitions. *Moore v. Martin*, 854 F.3d 1021, 1028 (8th Cir. 2017). Moore is not entitled to reopen his case and attempt another back door *sub silentio* amendment to his pleadings at this juncture.

*Res Judicata* and *collateral estoppel* also preclude Plaintiff from reigniting in litigation the issues which he decided to forego at trial, and in the previous appeal. As the Eighth Circuit has said: "a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. . . ." *In Re: Marlar, Williams v. Marlar*, 267 F.3d 749, 754 (8th Cir. 2001) *citing Robinson v. Buie, 307 Ark. 112, 817 S.W.2d 431, 432-33 (Ark.1991).* Plaintiff prevailed under a different theory of this case. He cannot have his cake and eat it too; it is simply too late to change his argument post-trial.

## Conclusion

The injunction should be vacated, set aside, dissolved, and held for naught. Plaintiff Mark Moore failed to file his notice of candidacy, political practices pledge, and affidavit by the end of the Party Filing Period in 2018. He does not deny this. Plaintiff Moore cannot be placed on the ballot as an Independent Candidate in 2018 at this point. As a result, the Court lacks

subject matter jurisdiction to enforce the injunction; Plaintiff Moore has no standing to continue to seek the injunction. Plaintiff Moore has suffered no injury.

The Court should vacate the injunction as moot.

**WHEREFORE,** and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that the Court grant Defendant's Motion to Vacate the Injunction as Moot; that, alternatively, the Court stay the injunction pending appeal; that, alternatively, the Court indicate on the record, and in the docket sheet, that it would grant this Motion, but for the pendency of the appeal, in accordance with FRCP 62.1; that the Court vacate, dissolve, set aside, and hold for naught its Order and Judgment granting Plaintiff, personally, an injunction giving him a deadline of May 1, 2018, in which to file his petitions for office with the Arkansas Secretary of State; that the Court deny any of Plaintiff's requests for fees, costs, or expenses concerning this Motion; and that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances.

Respectfully submitted this 21st day of March, 2018.

        HONORABLE MARK MARTIN
        SECRETARY OF STATE
        In his Official Capacity,
        Defendant

        By:   /s/ A.J. Kelly
        AJ Kelly
        Deputy Secretary of State
        & General Counsel
        Arkansas Secretary of State
        P.O. Box 251570
        Little Rock, AR 72225
        Phone: (501) 682-3401

Fax: (501) 682-1213

And

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
Suite 256 – State Capitol
500 Woodlane Avenue
Little Rock, AR 72201

*Attorneys for Defendant Secretary of State*

**SOS Reply to Resp. to Motion to Vacate Injunction as Moot, p. 11**

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth below, I electronically served the foregoing REPLY to Response to Motion with the District Court Clerk using the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810


Jeffrey M. Rosenzweig
300 South Spring Street, Suite 310
Little Rock, AR 72201

Dated this 21st day of March, 2018.

/s/ AJ Kelly
_____
AJ Kelly