IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, et al.,        Plaintiffs,   )
                              )
v.                             )    Case No. 4:14-CV-65-JM
                              )
MARK MARTIN, in his official capacity as   )
Arkansas Secretary of State,      Defendant.   )

### PLAINTIFF MOORE'S RESPONSE AND MEMORANDUM BRIEF TO DEFENDANT MARTIN'S RENEWED MOTION TO VACATE THE INJUNCTION AS MOOT AND MEMORANDUM BRIEF IN SUPPORT AND THE ORDER OF APRIL 26, 2018, OF THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

After partial reversal and remand by the U.S. Court of Appeals for the Eighth Circuit on April 26, 2017, for further proceedings consistent with the views set forth in the Eighth Circuit's opinion, *Moore v. Martin*, 854 F.3d 1021, 1028-1029 (8th Cir. 2017), a non-jury trial was held before the District Court on December 12, 2017 [Doc. No. 90]. Thereafter, an order and a judgment against Defendant Mark Martin (hereinafter referred to as "Defendant and/or Secretary of State") were entered by the District Court on January 25, 2018 [Doc. Nos. 65 and 66], as corrected in an Amended Order on January 31, 2018 [Doc. No. 67] granting declaratory relief which declared certain election laws as to Independent candidates unconstitutional and specific injunctive relief as to Plaintiff Moore only for the 2018 Arkansas election. In its decision of January 25, 2018, as amended on January 31, 2018 [Doc. Nos. 65 and 67], the Court found that ". . . the Arkansas

election laws in question are unconstitutional as a violation of the First and Fourteenth Amendments to the United States Constitution and to 42 U.S.C., § 1983 to the extent they set an unnecessary March 1st deadline which is not narrowly drawn to serve a compelling state interest." [Doc. No. 67, Amended Order, ¶ 36]. The Arkansas election laws in question held unconstitutional as to Independent candidates are Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1).

On February 22, 2018, Secretary of State filed a Notice of Appeal to the U. S. Court of Appeals for the Eighth Circuit [Doc. No. 77]. Thereafter, on March 7, 2018, the Secretary of State filed a Motion to Vacate Injunction as Moot, and Alternative Motion to Stay Injunction Pending Appeal with a supporting Brief [Doc. Nos. 83 and 84]. After Plaintiff Moore filed a response to the Secretary of State's aforesaid motion to vacate on March 14, 2018 [Doc. No. 85], the Secretary of State filed a reply brief to Plaintiff's Response on March 21, 2018 [Doc. No. 86]. On March 29, 2018, the District Court, pursuant to Fed. R. Civ. Proc. 62.1, filed an order deferring ruling on the motion to vacate and held in abeyance pending appeal Plaintiff's motions for costs and attorney fees [Doc. No. 89].

On April 6, 2018, Defendant filed with the Eighth Circuit a Motion to Stay Injunction setting May 1, 2018, as deadline for Plaintiff to file Independent candidate petitions pending appeal; and Alternative Motion to Vacate, Set Aside, Dissolve, and Hold for Naught Injunction Setting May 1 Deadline. An Amended

Notice of Appeal was filed by the Secretary of State on April 9, 2018 [Doc. No. 92; Jt. App. 926-929]. Thereafter, on April 14, 2018, Plaintiff Moore filed a response to Defendant's aforesaid motion in the Eighth Circuit, with Defendant then filing a reply in the Eighth Circuit to Plaintiff's response on April 20, 2018.

On April 26, 2018, the Eighth Circuit filed an Order that the matter was remanded to the District Court ". . . for the purpose of considering an amendment to its January 31, 2018 Amended Order. The clerk of the district court is directed to notify the clerk of this court upon the entry of court's order on remand." The aforesaid order of the Eighth Circuit was also filed in the District Court on April 26, 2018 [Doc. No. 94], while Defendant filed in the District Court a Renewed Motion to Vacate the Injunction as Moot and Memorandum Brief in Support [Doc. No. 93]. Plaintiff now files a Response and Memorandum Brief to Defendant's Renewed Motion to Vacate the Injunction as Moot and Memorandum Brief in Support and the Order of April 26, 2018, of the Eighth Circuit.

## ARGUMENT

Defendant Secretary of State's aforesaid Renewed Motion to Vacate the Injunction as moot is not appropriate or authorized at this time because of the specific dictate of the Eighth Circuit's Order of April 26, 2018 [Doc. No. 94], which remanded to the District Court ". . . for the purpose of considering an amendment to its January 31, 2018 Amended Order." Therefore, Defendant's

aforesaid renewed motion is without merit and should be denied. The Eighth

Circuit did not remand the case to the District Court with directions to decide

Defendant's previously filed motions to vacate or dismiss as moot. Therefore, the

District Court should follow the Order of the Eighth Circuit of April 26, 2018,

rather than follow the suggestion of the Defendant Secretary of State to indirectly

go around the Eighth Circuit's Order. It seems to the Plaintiff Moore that the

Eighth Circuit is asking the District Court whether Plaintiff Moore is to be allowed

to turn in his Notice of Candidacy, Affidavit of Eligibility, and Political Practices

Pledge at the same time as he turns in his Petitions as an Independent candidate on

or before May 1, 2018—**which Plaintiff Moore now intends to do one day early**

**on Monday, April 30, 2018**.

The material part of the foregoing Arkansas election laws found

unconstitutional by the District Court is found at Ark. Code Ann. § 7-7-103(a)(1)

which states that an Independent candidate ". . . shall file, during the party filing

period for the year in which the election is to be held, a political practices pledge,

an affidavit of eligibility, the petition under this section, and a notice of candidacy .

. . ." Since the foregoing four required items are to be filed during the party filing

period for the year in which the election is to be held, all of the aforesaid

requirements (viz.: political practices pledge, affidavit of eligibility, Independent

petition, and notice of candidacy) are due at the same time. Arkansas obviously

did not find it necessary in the election laws held unconstitutional by the Court to

require the political practices pledge, affidavit of eligibility, and notice of

candidacy to be filed two months before the Independent petition.  Under the laws

in question for an Independent candidate, the proper interpretation logically,

pursuant to the Court's decision allowing the Plaintiff Moore to file his petition to

run for office as an Independent candidate on or before May 1, 2018 [Doc. No. 67,

Amended Order, ¶ 38], would be to allow Plaintiff Moore to file his political

practices pledge, affidavit of eligibility, and notice of candidacy at the same time

as the Independent candidate petitions.  Defendant's interpretation that now the

political practices pledge, affidavit of eligibility, and notice of candidacy must be

filed by March 1, 2018 (61 days before the petition for Plaintiff Moore is due), is

not only constitutionally unnecessary, but is contrary to what was required under

Ark. Code Ann. § 7-7-103(a)(1) when all four required items could be filed at the

same time.  If it was not necessary at the time of the challenge to the March 1

deadline, it is not necessary now.  "[T]he Supreme Court has consistently required

a showing of necessity for significant burdens on ballot access." *Anderson v.*

*Celebrezze*, 460 U.S. 780, 789 (1983); and *Storer v. Brown*, 415 U.S. 724, 743

(1974).  After all, Independent candidates will not have their names appear on the

ballot unless they are successful in their petitioning.  Political party candidates are

different from Independent candidates in that their filings during the party filing

period which ends on March 1st will result in their names appearing on a preferential primary ballot for the major parties or on the ballot at the political parties' nominating convention for new political parties.

It is Plaintiff Moore's understanding that the District Court (in setting a May 1, 2018, deadline for filing his petition to run for office as an Independent candidate) would also allow him to be able to file his political practices pledge, affidavit of eligibility, and notice of candidacy at the same time his Independent petitions are filed—just as was allowed in 2014 and 2016 for all of the foregoing requirements to be completed and filed at the same time for all Independent candidates. Ark. Code Ann. § 7-7-103(a)(1). This is what Plaintiff Moore requests of this Court in considering an amendment to its January 31, 2018 Amended Order: Paragraph 38 of said Amended Order will also allow him to file, at the same time he files his Independent petitions, to also file his notice of candidacy, his affidavit of eligibility, and his political practices pledge.

## CONCLUSION

If Plaintiff Moore is right in his interpretation that the Independent petition signatures and other requirements should all be due at the same time on May 1, 2018, then the injunctive relief granted by the District Court to Plaintiff Moore is not moot as set forth in the amendment requested above. The Plaintiff asks the Court in considering an amendment as requested by Plaintiff above to consider that

at least one U.S. Court of Appeals has issued a ruling which indicates that Plaintiff Moore's aforesaid interpretation is correct. *Cromer v. State of South Carolina*, 917 F.2d 819, 821-824 (4th Cir. 1990), also see *Daly v. Tennant*, 216 F.Supp.3d, 699, 704-705 (S.D. W.Va. 2016). As the Fourth Circuit said in *Cromer*, ". . . as between new (third) party candidacies and independent candidacies, independent candidacies must be accorded even more protection than third party candidacies." *Cromer*, 917 F.2d at 823. As the Fourth Circuit went further on to explain:

> The "equal treatment" accorded by South Carolina's imposing of the same pre-filing deadline on primary and independent candidates is only superficial "equality." There are obvious administrative reasons for requiring primary candidates to file at that time that simply do not apply to independent candidates. They are therefore unequals in this respect, and equal treatment of unequals is not equality. Similarly, primary candidates derive a benefit from their organized party support that offsets the burden imposed by the filing deadline in a way not shared by the independent candidate. Here again, the two types of candidacies are unequal in a way which makes imposition upon them of equal burdens not equality of treatment. *Cromer*, 917 F.2d at 824-825.

The Secretary of State's appeal and motions to vacate the injunctive relief granted by the District Court under the strained interpretation of the election laws by the Secretary of State has created a degree of uncertainty which has negatively impacted Plaintiff Moore and his supporters, thus necessitating changes in his plans and conduct in obtaining petition signatures as an Independent candidate for elective office in Arkansas this year. Nonetheless, Plaintiff intends to file with the

7

Secretary of State all his Independent petitions, his declaration of candidacy, his affidavit of eligibility, and his political practices pledge on April 30, 2018.

Wherefore, premises considered, Plaintiff Moore requests the Court to amend its order of January 31, 2018, to allow Plaintiff Moore to submit his declaration of candidacy, affidavit of eligibility, and political practices pledge at the same time he submits his Independent petitions for Arkansas elective office on or before May 1, 2018.   Plaintiff requests the foregoing because the election law declared unconstitutional by the Court allowed the above four items to be submitted on the same date.  Common sense, logic, and practical judicial economy, along with the persuasive authority of the Fourth Circuit's decision in *Cromer v. State of South Carolina*, *Id.*, and the fact that there is no necessary reason why an Independent candidate, unlike a political party candidate, should have to file the other requirements at the same time as political party candidates, would suggest that Plaintiff Moore be allowed to do the aforesaid things at the same time.

Respectfully submitted this 26th day of April, 2018.

Mark Moore, Plaintiff

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

8

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
(501) 372-5247 Telephone
(501) 376-0770 Facsimile
jrosenzweig@att.net
*Counsel for Plaintiff Mark Moore*

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been served on all

counsel of record via the Court's CM/ECF e-mail notification system on the 26th day of

April, 2018.

<u>/s/ James C. Linger</u>
James C. Linger

9