IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

**MARK MOORE**                                                                       **PLAINTIFF**

v.                                    Case no. 4:14-CV-65-JM

**HONORABLE MARK MARTIN,**
**in his official capacity as**
**Secretary of State for the**
**State of Arkansas**                                                                **DEFENDANT**

## DEFENDANT HONORABLE MARK MARTIN'S BRIEF IN SUPPORT OF HIS MOTION TO VACATE THE JUDGMENT

The Court should grant the Motion. Fed. R. Civ. P. 60(b)(5). After obtaining extraordinary relief from both the Eighth Circuit and this Court, Mr. Moore lacks standing to proceed and this Court has lost subject matter jurisdiction to enforce its Judgment. U.S. Const. Article III. As shown by the Affidavit of Peyton Murphy, Mr. Moore has mooted this case because his signature petitions for State Senate District 3 had an insufficient number of valid signatures. Moore cannot become an independent candidate for any office for the 2018 general election at this point. The Court lacks subject matter jurisdiction to enforce the judgment; Moore lacks standing to proceed pursuant to the judgment he obtained.

On January 31, 2018, the Court issued its Amended Order *nunc pro tunc* January 25, 2018. As part of the order, the Court ruled that the "Plaintiff may file his petition to run for office

as an independent candidate on or before May 1, 2018." Docket # 67, Par. 38. This corresponds to a similar statement in the January 25 Judgment. Then on April 30, 2018, the Court issued an Amended Order *nunc pro tunc*, allowing for the Plaintiff to file his political practices pledge, affidavit of eligibility, and notice of candidacy – along with his signature petitions - on or before May 1, 2018. Docket # 96.

In the April 30, 2018 Amended Order *nunc pro tunc*, which was made upon Remand by the Eighth Circuit, the Court extended the deadline for Plaintiff Mark Moore to file his political practices pledge, affidavit of eligibility, and notice of candidacy, i.e., extraordinary relief. Notwithstanding this extraordinary relief, Mr. Moore, who had four (4) years to prepare for this date, failed to file a sufficient number of petition signatures for the Office he sought this cycle, i.e., State Senate District 3.  573 valid signatures were required for this office; Moore submitted no more than 422 valid signatures from State Senate District 3.  Moore's petition signatures lacked at least 151 valid signatures from Senate District 3.  Affidavit of Peyton Murphy.

Moore made absolutely no attempt to submit signatures for the office of Lt. Governor, which requires 10,000 valid signatures in the 2018 cycle.  Affidavit of Peyton Murphy.

Relief from the Judgment is proper under Fed. R. Civ. P. 60(b)(5). Rule 60(b) allows a district court "on motion and just terms" to "relieve a party from the obligations of a final judgment, order, or proceeding." *City of Duluth v. Fond Du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir., 2013).  As Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative

> from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (5) the judgment has been satisfied, released, or discharged; **it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.** . . .

Fed. R. Civ. P. 60(b)(5). Defendant Secretary is entitled to this relief.

Plaintiff Moore lacks standing; Plaintiff is no longer entitled to keep any judicial relief. The Court's previous Judgment and Order granting him an injunction in this matter is inequitable and unjust. Fed. R. Civ. P. 60(b)(5).

Plaintiff challenged the petition filing deadline for Independent Candidates, asking that the *petitions* containing the required signatures be due by May 1, rather than during the Party Filing Period. <u>See Plaintiff's Complaint p. 3-4</u>. Plaintiff claimed that changes in the law in 2013 (Act 1356 of 2013) changed the petition filing period from March 1 to May 1. Defendant Secretary defended, in part, on the basis that Moore failed to show that the change in deadline was the result of any harm to him. To this date, Moore has never shown that the petition filing deadline cause him harm, personally.

Moore has lost any claim to standing for any relief. Plaintiff Moore's initial assertions of standing were based on his desire to run for office in 2014. The only evidence supporting his standing presented at trial was Moore's affidavit stating that he "intended" to run for Lt. Governor in 2018. Now, Moore has failed to file a sufficient number of signatures by May 1, 2018 for a State Senate seat (requiring 5.73 percent of the petition signatures). Affidavit of Peyton Murphy, attached to Motion. Although he had four (4) years to prepare for this day, and

although he chose to file for a State Senate Office requiring less than six percent of the signatures required for Lt. Governor, Moore still failed to file a sufficient number of valid signatures. Moore never attempted to tender petition signatures for the Office of Lt. Governor.

Plaintiff Moore's failure to file sufficient petition signatures by the May 1 would have changed the result were a new trial to be granted. *Daniels v. Agin*, 736 F.3d 70, 86 (1st Cir. 2013); *see also Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009); *Feature Rlty., Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2013). Consequently, the judgment should be vacated, set aside, and held for naught.

Plaintiff's failure to file sufficient signatures is a significant change in factual events that warrant relief from the judgment pursuant to FRCP 60(b)(5). *Agostini v. Felton*, 521 U.S. 203, 215 (1997). "A court errs when it refuses to modify an injunction or consent decree in light of such changes." *Id.* Notwithstanding the spurious claims made in Plaintiff's 2015 Affidavit, Plaintiff did not take the necessary steps to run for office in 2018.

Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); U.S. Const. Art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) As the Eighth Circuit has said: "If an issue is moot in the Article III sense, we have no

discretion and must dismiss" for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, *3 (8th Cir. 2005) *citing Powell v. McCormack*, 395 U.S. 486, 496 n.1 (1969); *see Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000).

Moore has lost his standing for any relief. The Article III jurisdictional "requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Eighth Circuit will dismiss a case as moot when "changed circumstances" have "eliminate[d] the need for court action." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (internal quotation marks omitted)). *See Libertarian Party of Arkansas v. Martin, Secretary*, No. 16-3794 (Eighth Cir. Nov. 30, 2017), slip op. at 5. When he failed to submit sufficient petition signatures required to file for office as an Independent Candidate, Murphy Affidavit, Moore lost his standing to continue to claim any relief.

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993). The judgment should be vacated, dissolved, set aside, and held for naught. *Tapper v. Hearn*, 833 F.3d 166, 169 (2nd Cir. 2016); *Horne v. Flores*, 557 U.S. 433, 447 (2009); *see Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383-84 (1992).

Judicial relief for Plaintiff at this point is improper. The court should vacate the judgment, pursuant to Fed. R. Civ. P. 60(b)(5). This matter is first submitted to the U.S. District Court. Fed. R. App. 8(a). Notwithstanding the pending appeal, the Court should provide an

"indicative ruling" that the Court would grant the motion but for the pendency of the appeal, Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1, so that Defendant Secretary may request a remand from the Eighth Circuit for purposes of entry of this Court's Order.

## Conclusion

Plaintiff Mark Moore failed to file a sufficient number of valid petition signatures by May 1 of 2018. It is undisputed that Plaintiff Moore cannot be placed on the ballot as an Independent Candidate ***through absolutely no fault of the change in Arkansas law concerning the filing deadline for independent candidate petitions.*** As a result, Plaintiff Moore has no standing. Plaintiff Moore has suffered no injury ***resulting from the independent candidate petition deadline.*** The Court should vacate the judgment, dismiss the Complaint, and deny Plaintiff any and all relief.

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that the Court grant Defendant's Motion to Vacate the Judgment; that the Court grant Defendant Secretary the relief he seeks herein by vacating, setting aside, and holding for naught the judgment, and the three Court Orders of January 25, January 31 and April 30, 2018; that the Court dismiss Plaintiff's allegations against Defendant Secretary of State; that the Court deny any of Plaintiff's requests for fees, costs, or expenses; and that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances.

Respectfully submitted this 18th day of May, 2018,

**HONORABLE MARK MARTIN**
**SECRETARY OF STATE**
In his Official Capacity,
Defendant

By: \_\_\_/s/ A.J. Kelly\_\_\_\_\_
AJ Kelly
General Counsel and
Deputy Secretary of State
ABA 92078
Arkansas Secretary of State
P.O. Box 251570
Little Rock, AR 72225
Phone: (501) 682-3401
Fax: (501) 682-1213

And

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
Suite 256 – State Capitol
500 Woodlane Avenue
Little Rock, AR 72201

*Attorneys for Defendant*
*Secretary of State*

## CERTIFICATE OF SERVICE

      I do hereby certify that on the date set forth below, I electronically served the foregoing Brief in Support of Motion with the District Court Clerk using the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

Jeffrey M. Rosenzweig
300 South Spring Street, Suite 310
Little Rock, AR 72201

Dated this 18th day of May, 2018.

                                                  /s/ A.J. Kelly
                                                  AJ Kelly