IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., | Plaintiffs, | ) |
| | | ) |
| v. | | ) Case No. 4:14-CV-65-JM |
| | | ) |
| MARK MARTIN, in his official capacity as | | ) |
| Arkansas Secretary of State, | Defendant. | ) |

## PLAINTIFF MOORE'S RESPONSE AND MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT MARTIN'S MOTION TO VACATE THE JUDGMENT AS MOOT AND BRIEF IN SUPPORT

After partial reversal and remand by the U.S. Court of Appeals for the Eighth Circuit on April 26, 2017, for further proceedings consistent with the views set forth in the Eighth Circuit's opinion, *Moore v. Martin*, 854 F.3d 1021, 1028-1029 (8th Cir. 2017), a non-jury trial was held before the District Court on December 12, 2017 [Doc. No. 90]. Thereafter, an order and a judgment against Defendant Mark Martin (hereinafter referred to as "Defendant and/or Secretary of State") were entered by the District Court on January 25, 2018 [Doc. Nos. 65 and 66], as corrected in an Amended Order on January 31, 2018 [Doc. No. 67] granting declaratory relief which declared certain election laws as to Independent candidates unconstitutional and specific injunctive relief as to Plaintiff Moore only for the 2018 Arkansas election. In its decision of January 25, 2018, as amended on January 31, 2018 [Doc. Nos. 65 and 67], the Court found that ". . . the Arkansas election laws in question are unconstitutional as a violation of the First and

Fourteenth Amendments to the United States Constitution and to 42 U.S.C., § 1983 to the extent they set an unnecessary March 1st deadline which is not narrowly drawn to serve a compelling state interest." [Doc. No. 67, Amended Order, ¶ 36]. The Arkansas election laws in question held unconstitutional as to Independent candidates are Ark. Code Ann. §§ 7-7-101, 7-7-103, and 7-7-203(c)(1).

On February 22, 2018, Secretary of State filed a Notice of Appeal to the U. S. Court of Appeals for the Eighth Circuit [Doc. No. 77]. Thereafter, on March 7, 2018, the Secretary of State filed a Motion to Vacate Injunction as Moot, and Alternative Motion to Stay Injunction Pending Appeal with a supporting Brief [Doc. Nos. 83 and 84]. After Plaintiff Moore filed a response to the Secretary of State's aforesaid motion to vacate on March 14, 2018 [Doc. No. 85], the Secretary of State filed a reply brief to Plaintiff's Response on March 21, 2018 [Doc. No. 86]. On March 29, 2018, the District Court, pursuant to Fed. R. Civ. Proc. 62.1, filed an order deferring ruling on the motion to vacate and held in abeyance pending appeal Plaintiff's motions for costs and attorney fees [Doc. No. 89].

On April 6, 2018, Defendant filed with the Eighth Circuit a Motion to Stay Injunction setting May 1, 2018, as deadline for Plaintiff to file Independent candidate petitions pending appeal; and Alternative Motion to Vacate, Set Aside, Dissolve, and Hold for Naught Injunction Setting May 1 Deadline. An Amended Notice of Appeal was filed by the Secretary of State on April 9, 2018 [Doc. No.

92]; and a Joint Appendix in three volumes was filed with the Eighth Circuit on April 13, 2018. Thereafter, on April 14, 2018, Plaintiff Moore filed a response to Defendant's aforesaid motion in the Eighth Circuit, with Defendant then filing a reply in the Eighth Circuit to Plaintiff's response on April 20, 2018.

On April 26, 2018, the Eighth Circuit filed an Order that the matter was remanded to the District Court ". . . for the purpose of considering an amendment to its January 31, 2018 Amended Order. The clerk of the district court is directed to notify the clerk of this court upon the entry of court's order on remand." The aforesaid order of the Eighth Circuit was also filed in the District Court on April 26, 2018 [Doc. No. 94], while Defendant filed in the District Court a Renewed Motion to Vacate the Injunction as Moot and Memorandum Brief in Support [Doc. No. 93], with Plaintiff then filing on April 26, 2018, a Response and Memorandum Brief to Defendant's Renewed Motion to Vacate the Injunction as Moot and Memorandum Brief in Support and the Order on April 26, 2018, of the Eighth Circuit [Doc. No. 95].

On April 30, 2018, the District Court entered an amended order [Doc. No. 96] which stated in part that "Plaintiff may file his petition to run for office as an independent candidate, political practices pledge, affidavit of eligibility, and notice of candidacy on or before May 1, 2018." The District Court also entered on April 30, 2018, an order denying both Defendant's motion to vacate injunction as moot

and Defendant's renewed motion to vacate the injunction as moot [Doc. No. 97]. Plaintiff Moore filed his Independent candidate petitions, political practices pledge, affidavit of eligibility, and notice of candidacy with the Secretary of State's office on April 30, 2018 (an Affidavit of Plaintiff Mark Moore is marked Plaintiff's Exhibit "1", attached hereto, and made a part of this Response and Memorandum Brief as though fully set forth herein for the purpose of explaining the effects of the delays and uncertainty created by the Defendant and the change in circumstances and reason why Plaintiff Moore switched from filing for Lt. Governor to State Senator). On May 4, 2018, the Secretary of State's office sent a letter to Plaintiff informing him that he had turned in insufficient "valid" signatures and that his name would not appear on the ballot as an Independent candidate. Thereafter, on May 7, 2018, the Eighth Circuit denied as moot Defendant's Motion to Stay the Injunction and ordered Appellant's brief and appendix to be filed by May 29, 2018.

Defendant next filed in the District Court a motion to vacate the judgment as moot and brief in support on Friday evening, May 18, 2018 [Doc. Nos. 98 and 99]. Defendant then filed on May 22, 2018, a second amended notice of appeal to the United States Court of Appeals for the Eighth Circuit [Doc. No. 100]. After the Defendant/Appellant Martin filed a motion in the Eighth Circuit on May 22, 2018, for an extension of time of an additional 30 days from May 29, 2018, to file his brief, the Eighth Circuit on May 23, 2018, granted the motion in part and gave him

until June 19, 2018, to file the brief and appendix. Plaintiff now files a response and memorandum brief in opposition to Defendant's motion to vacate the judgment as moot and brief in support, requests that the Court deny Defendant's motion to vacate the judgment as moot, and leave further decision on the issue of mootness, as well as on the merits of the appeal, to the Eighth Circuit.

## ARGUMENT

Defendant Secretary of State's aforesaid Motion to Vacate the Judgment as moot is without merit because it is not supported by the cases cited by Defendant in his brief, not appropriate or authorized at this time, and--as a practical matter—is rather pointless. Plaintiff Moore has had the benefit of specific injunctive relief granted him by the District Court. There is nothing to be gained by declaring the injunctive relief to now be moot. Defendant has cited no election law ballot access cases where, after a plaintiff has had the benefit of injunctive relief, the entire case then becomes moot. Just as in this Court's decision reviewed in *Libertarian Party of Arkansas v. Martin*, 876 F.3d 948 (8th Cir. 2017), where the District Court denied any injunctive relief to the Plaintiffs, but granted declaratory relief declaring the election laws in question unconstitutional, the case did not become moot as to the declaratory relief granted until the General Assembly of Arkansas amended and corrected the laws in question and the Governor signed the new

election laws. Defendant's aforesaid motion is without merit and should be denied by the District Court.

It was Plaintiff Moore's understanding that the District Court (in setting a May 1, 2018, deadline for filing his petition to run for office as an Independent candidate) would also allow him to be able to file his political practices pledge, affidavit of eligibility, and notice of candidacy at the same time his Independent petitions were filed. Ark. Code Ann. § 7-7-103(a)(1). However, this understanding was called into question and uncertainty created by the various pleadings filed by the Defendant, which were not finally decided until settled by this Court in its amended order of April 30, 2018 [Doc. No. 96]. The Secretary of State's appeal and motions to vacate the injunctive relief granted by the District Court under the incorrect interpretation of the election laws by the Secretary of State created a degree of uncertainty which negatively impacted Plaintiff Moore and his supporters, thus necessitating changes in his plans and conduct in obtaining petition signatures as an Independent candidate for elective office in Arkansas this year. (As to Plaintiff's change in plans and the reasons therefor, see Plaintiff's Exhibit "1" attached hereto, Affidavit of Mark Moore, ¶¶ 2-4).

As noted in previous pleadings by Plaintiff Moore, once a notice of appeal is filed, the District Court does not usually have jurisdiction to consider Fed. R. Civ. Proc. 60(b) motions unless the District Court decides to deny the motion. A motion filed under Fed.

R. Civ. P. ". . . 60(b) operates to relieve a party from judgment only upon such terms as are just. It is an extraordinary procedure that permits a court which rendered judgment to grant relief from the judgment upon a showing of good cause within the rule. **It is clearly not a substitute for appeal and must be considered with the obvious need for the finality of judgments**" [Emphasis added]. *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). As emphasized in one of the cases cited by the Defendant in his Brief: "[R]elief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly." *Daniels v. Agin*, 736 F.3d 70, at 86 (1st Cir. 2013), quoting, *Nansamba v. N. Shore Med Ctr., Inc.*, 727 F.3d 33, 37 (1st Cir. 2013) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Defendant calls on the District Court to forget the dictates of the Eighth Circuit in deciding the five questions asked by the Eighth Circuit for the District Court to decide. The District Court having followed the dictates of the Eighth Circuit, having declared the laws in question unconstitutional, and having given injunctive relief to Plaintiff, there remains nothing to relieve the Defendant of because Plaintiff has received the benefit of the injunctive relief he requested.

Since this case involves a Rule 60(b) motion filed after an appeal has been initiated, it is important, as noted in previous pleadings by Plaintiff, to know that several Circuits have held that a District Court has jurisdiction and may consider and deny a Fed. R. Civ. Proc. 60(b) motion during pendency of appeal, but may grant such motion only upon expressing its inclination to do so and the parties obtaining remand from the Circuit Court of Appeals. *Chicago Downs Ass'n. v. Chase*, 944 F.2d 366 (7th Cir. 1991); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004); *Selletti v. Carey*, 173 F.3d

104 (2nd Cir. 1999). Fed. R. Civ. Proc. 62.1(a) does give the District Court authority to defer considering the motion, deny the motion, or state either that it would grant the motion if the Court of Appeals remands for that purpose, or that the motion raises a substantial issue. Since it is not necessary to grant the motion because of the argument set forth herein, the District Court should deny Defendant's motion and leave further consideration of this case to the Eighth Circuit.

The District Court's decision and judgment in question herein [Doc. Nos. 65, 66, 67, and 96] were the result of two specific remands from the Eighth Circuit: first, as to five questions to be answered: (1) what periods of time between the former May 1 deadline for Independent candidate petitions and the early July deadline for initiative petitions were available for Arkansas to process Independent candidate petitions; (2) when Independent candidate petitions were, in fact, processed in the past; (3) during the 2014 election cycle, after the move of the deadline from May 1 to March 1, whether Independent candidate petitions were processed between those two dates; (4) the amount of time required to process Independent candidate petitions; and (5) the feasibility of temporarily hiring additional election workers; *Moore v. Martin*, 854 F.3d 1021, 1028 (8th Cir. 2017); and, second, as to answering whether the Plaintiff Moore could have until May 1, 2018, to file his political practices pledge, affidavit of eligibility and notice of candidacy at the same time he filed his Independent petitions. These questions were addressed and answered by the District Court [Doc. Nos. 65, 67, and 96].

However, Defendant continues to argue the standing issue on which he was unsuccessful in the District Court before the first appeal [Order of August 25, 2015, Doc.

No. 37, pp. 5-7] and unsuccessful before the Eighth Circuit on appeal. *Moore v. Martin*, *Id*. As noted above, the Eighth Circuit was very specific in its decision as to what questions it wanted answered on remand. *Moore v. Martin*, 854 F.3d at 1028. At the trial on December 12, 2017, the evidence presented on the material issues was overwhelmingly in favor of the Plaintiff and against the Defendant's argument that the March 1 Independent petition deadline was necessary. The Defendant's own witness basically admitted that a May 1 deadline could be met, that the March 1 deadline wasn't necessary, that temporary workers had been hired before, and that the rate of verifying petition signatures (4-5 per minute per worker) could handle the petitions submitted and get the job done. However, Defendant continues to argue previously unsuccessful issues as to standing, mootness, and injury.

Defendant's new mootness argument does not take into consideration the fact that election law cases involving ballot access are different in that the issues raised therein are capable of repetition yet evading review—as this Court noted in its order of August 25, 2015 [Doc. No. 37, pp. 5-6]. Numerous ballot access cases have allowed cases to continue even after the elections are over which the candidates and their supporters were contesting. It is well established that election law cases involving ballot access are cases where the controversy is "capable of repetition, yet evading review" and, therefore, an exception to the usual mootness rule which would deny Plaintiff's standing. *Anderson v. Celebrezze*, 460 U.S. 780, 784 n.3 (1983); *Mandel v. Bradley*, 432 U.S. 173, 175 n.1 (1977); *Storer v. Brown*, 415 U.S. 724, 737 n. 8 (1974); *Rosario v. Rockefeller*, 410 U.S. 752, 756 n.5 (1973); *Dunn v. Blumstein*, 405 U.S. 330, 332 n.2 (1972); *Moore v. Ogilvie*,

9

394 U.S. 814, 816 (1969); *Blomquist v. Thomson*, 739 F.2d 525, 527 n.3 (10th Cir. 1984); *Pilcher v. Rains*, 853 F.2d 334, 335 n.1 (5th Cir. 1988), *aff'g.* 683 F.Supp. 1130 (W.D. Tex. 1988); *MacBride v. Exon*, 558 F.2d 443, 447 (8th Cir. 1977); *McLain v. Meier*, 612 F.2d 349, 355 (8th Cir. 1979); and *McLain v. Meier*, 637 F.2d 1159, 1162 n.5 (8th Cir. 1980). Because the election laws in question herein will affect candidates in similar situations in future elections, this case presents a controversy capable of repetition, yet evading review. This is particularly true considering that the instant case was remanded from the Eighth Circuit for the purpose of the District Court answering certain specified questions in determining whether the election laws in question were constitutional. *Moore v. Martin, Id.* As the Eighth Circuit has commented, regardless of the Plaintiff's ". . . candidacy in any future election, election law controversies tend not to become moot." *McLain v. Meier*, 637 F.2d at 1162 n.5. Thus, Plaintiff Moore has standing under Article III of the U.S. Constitution and the case has not become moot. In the context of election cases, application of the doctrine is appropriate in both "as applied" challenges as well as facial challenges. *Storer v. Brown*, 415 U.S. at 737 n.8. Further, the doctrine should be applied to election statutes when "[t]he construction of the statute, and understanding of its operation, and possible constitutional limits on its application, will have the effect of simplifying future challenges, thus increasing the likelihood that timely filed cases can be adjudicated before an election is held. *Id.* It is interesting that Defendant managed to file his brief with this Court without mentioning any of the foregoing cases concerning mootness.

As noted in the third *McLain v. Meier* case decided in 1988, the Eighth Circuit has been clear that a voter has a right to challenge ballot access laws, even if the voter is ineligible and cannot be a candidate, because the voter has a right to cast his vote effectively and have the ability to challenge laws which restrict his ability to vote for the candidate of his choice or dilute the effect of his vote if his chosen candidate were not fairly presented to the voting public. *McLain v. Meier*, 851 F.2d 1045, 1047-1048 (8th Cir. 1988); see also, *Williams v. Rhodes*, 393 U.S. 23, 45-46, 66 (1968); and *Moore v. Martin*, 854 F.3d at 1025. Standing has been decided as to declaratory relief in the case at bar because "[t]he law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (citing *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-457 (8th Cir. 1990).

As to the injunctive relief granted to Plaintiff, Defendant's motion fails to mention that Plaintiff had the benefit of the injunctive relief granted by the Court. The District Court's injunctive relief granted Plaintiff the opportunity to achieve ballot access as an Independent candidate, not the successful Independent candidacy itself. Plaintiff Moore has had the benefit of the injunctive relief granted him. Further, the injunctive relief granted by the District Court was limited only to Plaintiff Moore, was not ongoing, and was not a judgment or order that was of prospective force as to other individuals as to the injunctive relief granted Plaintiff Moore—which is an indispensable condition for obtaining relief from that judgment or order as noted in one of the cases cited by

11

Defendant in his brief. See, *Tapper v. Hearn*, 833 F.3d 166, at 170-172 (2nd Cir. 2016).

More importantly, the Eighth Circuit's decision in *MacBride v. Exon*, 558 F.2d 443 (8th Cir. 1977), gives particularly relevant guidance to the specific issue brought up by Defendant in his brief and shows why his new motion to vacate is meritless. In deciding certain Nebraska election laws were unconstitutional as applied to third party and Independent Presidential candidates and their supporters, the District Court had granted specific relief in the case to the Libertarian candidate for President, Roger MacBride, and an Independent candidate for President in a companion case, Eugene McCarthy, which resulted in their names being put on the ballot. *MacBride v. Exon*, 558 F.2d at 445. After the election was over and neither candidate had won any state, including Nebraska, as noted by the Court of Appeals, the Eighth Circuit went on to state that: "The coercive feature of the judgment has gone out of the case, but the fact that the election has taken place does not render the controversy about the constitutionality of the Nebraska statutes moot." *MacBride v. Exon*, 558 F.2d at 447 (citing *Storer v. Brown*, 415 U.S. 724, 737 n.8 and *Lendall v. Bryant*, 387 F.Supp. 397, 399 (E.D. Ark. 1975). Finally, in conclusion the Eighth Circuit used wording commenting on the District Court's decision which could be specifically applied at this time in the instant case.

> As we view it, the judgment of the district court now stands as a declaratory judgment only. The problem presented by this case may or may not arise in 1980, but it is certain to arise in some future presidential year. It is, of course, open to the Nebraska Legislature to address itself to the problem.
> The judgment of the district court is affirmed. *MacBride v. Exon*, 558 F.2d at 449-450.

As to Defendant's argument on page 4 of his brief that "Plaintiff Moore's failure to file sufficient petition signatures by the May 1 [deadline] would have changed the result for a new trial to be granted", not only does said argument suppose an impossible projection of a then future fact into the past and, therefore, lacks persuasive substance, but the three cases cited by Defendant are not on point and do not support his argument because in each one of the cases, while there is a Rule 60(b) motion filed in the District Court (or Bankruptcy Court) and an appeal has been initiated, the cases are not election law ballot access cases, the District Court (or Bankruptcy Court) granted summary judgment in favor of the Defendant (or U.S. Trustee) after the filing of a motion for summary judgment, the Plaintiff (or Debtor) filed the Rule 60(b) motion alleging a different result because of newly discovered evidence, the District Court (or Bankruptcy Court) denied the Rule 60(b) motion filed by the Plaintiff (or Debtor), and the Court of Appeals affirmed the District Court (or Bankruptcy Court). *Daniels v. Agin*, 736 F.3d at 86 (summary judgment granted in favor of U.S. Trustee by bankruptcy court, then, when reconsideration was urged it was denied again, and two more renewals of the motion were similarly denied, Debtor's Fed. R. Civ. Proc. 60(b) motion denied by bankruptcy court, and bankruptcy court affirmed by the Court of Appeals); *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (summary judgment granted in favor of Defendant by District Court, Fed. R. Civ. Proc. 60(b) motion denied, and District Court affirmed by the Court of Appeals); and *Feature Rlty., Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (summary judgment granted in favor of Defendant by District Court, Fed. R. Civ. Proc. 60(b) motion denied, and District Court affirmed by the Court

of Appeals). In other words, in each of the aforesaid three cases cited by Defendant, a similar argument was made as made by the Defendant herein and both the District Court (or Bankruptcy Court) denied the Rule 60(b) motions and the Court of Appeals affirmed the District Court (or Bankruptcy Court) in its decision.

The remaining cases cited by the Defendant are not on point, are not—with one exception[1]--cases involving ballot access election laws being declared unconstitutional, and do not support in any way Defendant's motion to vacate the judgment as moot. Mootness does not arise in an election law case because of the general rule that election law cases are exceptions to the general rule, unless, of course, the Arkansas General Assembly and Governor should approve a new amended law which corrects the laws in question, as was done in the case of *Libertarian Party of Arkansas v. Martin, Id.* The cases cited by Defendant do not say otherwise. *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (which involved state aid to parochial schools which had been declared unconstitutional in an earlier district court decision, a continuing injunction against the law, and the effect of a new U.S. Supreme Court decision on the former District Court decision, thus justifying a Rule 60(b) (5) motion by a 5-4 vote of the U.S. Supreme Court). *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (which involved a chapter 12 bankruptcy plan that had already been completed because the debtors had made all the payments under the plan, but still held that the trustee's appeal was not moot as to the issue of fees); *Beck v. Mo. State High Sch. Activities Ass'n.*, 18 F.3d 604, 605-606 (8th Cir. 1994)(which involved an athlete transferring from a public to a non-public high

---

[1] The one exception is the case of Libertarian Party of Arkansas v. Martin, Id.

school and being ineligible to participate in interscholastic sports for one year, but becoming eligible again because more than a year had passed since he brought the lawsuit, thus mooting the case); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(which involved a federal habeas corpus petition case under 28 U.S.C. § 2254 which was found to be moot because the petitioner was no longer imprisoned); *Ali v. Cangemi*, 419 F.3d 722 (8th Cir. 2000)(which involved a habeas corpus petition in a deportation case where the petitioner was no longer in custody); *Powell v. McCormick*, 395 U.S. 486, 496 n.1 (1969) (which involved a finding that it had been error to dismiss Congressman Powell's complaint as to his being expelled from the 90th Congress, even though he had been seated in the 91st Congress, because there was still the back issue of his salary for the 90th Congress so that the case was not moot); *Teague v. Cooper*, 720 F.3d 973, 976, 977 (8th Cir. 2013) (which involved a race based transfer law that had been repealed unconditionally, and, therefore, the case was moot); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 115, 118 n.2, 123 (4th Cir. 2000) (which involved provisions of the West Virginia Code pertaining to waste disposal and management being declared unconstitutional and which were later repealed and amended by the State legislature, thus mooting the case).

Plaintiff Moore continues to have standing pursuant to the 1988 case of *McLain v. Meier, Id.*, wherein the Plaintiff was granted standing to challenge the election law by virtue of him being a registered voter, even though he was unqualified to run for the elective office in question because he was too young to be President of the United States. Also see *Storer v. Brown, Id.* (where some of the plaintiffs didn't even try to obtain ballot

status); *Libertarian Party of Arkansas v. Martin, Id.* (where injunctive relief was denied the plaintiffs, but election law declared unconstitutional, with case only becoming moot after the laws were amended, but with the award of attorney fees and costs affirmed); and the instant case (where Plaintiff Moore was granted injunctive relief and the election laws in question were declared unconstitutional). Defendant's additional cases cited in his brief are not on point. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (involved the Bank Holding Company Act of 1956, with the case being rendered moot by amendments to the law subsequently passed); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (which involved a city's licensing ordinance governing coin-operated amusement establishments, the denial of a license, a declaration that the law was partly unconstitutional, the city's repeal of the objectionable language in the ordinance, but with no certainty that it wouldn't be reinstated, and, therefore, the case was not moot); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (which involved a claim under the Americans with Disabilities Act where the Eighth Circuit found that there was no standing for injunctive relief because Plaintiff had no clear intention of seeking reinstatement); *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir. 1993)(which involved standing in an objection to a religious invocation at a public school, wherein the court found there was no standing because the plaintiffs were not graduating students, parents of students, residents in the school district, and had no intention of attending the graduation ceremony); *Tapper v. Hearn*, 833 F.3d 166, 169, 172 (2nd Cir. 2016)(which involved a case challenging contribution restrictions within New York City's campaign finance laws and, after dismissal of the case by the District

Court, a Rule 60(b) motion filed several years later based on a new standard of review from a recent U.S. Supreme Court case--which was alleged would have changed the earlier result, still resulted in the denial of the Rule 60(b) motion by the District Court and affirmation thereof by both the Second Circuit and the U.S. Supreme Court); *Horne v. Flores*, 557 U.S. 433, 447 (2009) (which involved the Equal Educational Opportunities Act of 1974, a denial of a Rule 60(b)(5) motion by the district court because the school district had not made sufficient progress in its ELL programming to warrant relief, and affirmation by the Court of Appeals, but a 5-4 decision by the U.S. Supreme Court ordering the case remanded and consideration of whether vacating the injunction to the extent that there were changed circumstances or it improperly had an effect outside of the school district because Rule 60(b)(5) permits a party to obtain relief for prospective application of an injunction when applying it prospectively is no longer equitable); and *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383-384 (1992) (which involved modification and institutional reform legislation of a consent decree as to jail conditions).

## CONCLUSION

There is no harm to Defendant by leaving the injunctive relief in place because Plaintiff failed to submit a sufficient number of valid petition signatures by May 1, 2018. The foregoing result is dictated by considerations of judicial economy and common sense. No vacating of the Court's injunctive relief is necessary because Plaintiff has already had the benefit of it and the injunctive relief has no prospective application, the issue of mootness as to injunctive relief can be taken up and submitted to the Eighth Circuit during the regular course of the appeal process, and the declarative relief granted

by this Court is certainly not moot. The injunctive relief granted to Plaintiff Moore by the District Court was not that he have the guaranteed result of being put on the ballot as an Independent candidate, but only that he have an opportunity to obtain ballot access by successfully petitioning. After all, an Independent candidate failing in his petition drive for ballot access is like a Republican or Democratic candidate failing to win his or her political party primary election. Many ballot access election cases are not finally decided until after the election is over. See the Eighth Circuit's decision in *MacBride v. Exon, Id.*, as well as the Eighth Circuit's decision in the three *McLain v. Meier* cases.

Wherefore, premises considered, Plaintiff Moore requests the Court deny Defendant's aforesaid motion and leave further consideration of this matter to the Court of Appeals.

Respectfully submitted this 31st day of May, 2018.

Mark Moore, Plaintiff

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
(501) 372-5247 Telephone
(501) 376-0770 Facsimile
jrosenzweig@att.net
*Counsel for Plaintiff Mark Moore*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 31st day of May, 2018.

/s/ James C. Linger
James C. Linger
