# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 01, 2019

Mr. Michael Fincher
ARKANSAS SECRETARY OF STATE
Legal Division
Suite 256, State Capitol
500 Woodlane Avenue
Little Rock, AR  72201

     RE:  18-1382  Mark Moore, et al v. John Thurston

Dear Mr. Fincher:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                         Michael E. Gans
                                           Clerk of Court

BNW

Enclosure(s)

cc:    Mr. James Carter Linger
        Mr. Jim McCormack
        Mr. Jeffrey M. Rosenzweig
        Mr. Gary L. Sullivan

     District Court/Agency Case Number(s):   4:14-cv-00065-JM

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 01, 2019

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE:  18-1382  Mark Moore, et al v. John Thurston

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant and appeared on the brief was Michael Fincher, of Little Rock, AR. The following attorney(s) appeared on the appellant brief; AJ Kelly, of Little Rock, AR.

Counsel who presented argument on behalf of the appellee and appeared on the brief was James Carter Linger, of Tulsa, OK.

The judge who heard the case in the district court was Honorable James M. Moody, Jr.. The judgment of the district court was entered on January 31, 2018.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

BNW

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:14-cv-00065-JM

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1382
_____

Mark Moore

*Plaintiff - Appellee*

Michael Harrod; William C. Johnson

*Plaintiffs*

v.

John Thurston, in his official capacity as Secretary of State for the State of Arkansas

*Respondent - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 16, 2019
Filed: July 1, 2019

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Mark Moore, a registered voter and potential candidate for state office, challenged Arkansas's ballot access requirements for independent candidates.[1] After the district court[2] granted his request for declaratory and injunctive relief, the Arkansas Secretary of State (the Secretary)[3] filed this appeal. As the state legislature recently amended the challenged statute to accord with the petition filing deadline that Moore had sought, no controversy remains, and thus we dismiss the appeal as moot.

I.

Under Arkansas law, independent candidates for both federal and state office must meet certain requirements to be included on the ballot. Candidates must file a petition signed by at least three percent of the qualified electors in the state, county, township, or district in which the person is seeking office. Ark. Code Ann. § 7-7-103(b)(1)(A). The petition filing deadline had been May 1 of general election years, but in 2013, the legislature changed the date to the end of the party filing period, typically March 1 of general election years. See 2013 Ark. Acts 1356, codified as amended at Ark. Code Ann. § 7-7-103. Petitions may not be circulated for signatures earlier than ninety days prior to this deadline. Ark. Code Ann. § 7-7-103(b)(3)(B). The statute also requires independent candidates to file a political practices pledge, an affidavit of eligibility, and a notice of candidacy by the same date. Id. at § 7-7-103(a)(1)(A).

---

[1]William C. Johnson and Michael Harrod, potential independent candidates for a county judgeship and the state house of representatives, respectively, were plaintiffs in the original action. They are not parties to this appeal.

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[3]Secretary John Thurston is substituted for his predecessor, Mark Martin. See Fed. R. App. P. 43(c)(2).

-2-

Moore filed suit in federal district court in February 2014, challenging the constitutionality of the statute as applied to him. He alleged that the March 1 petition filing deadline was unnecessarily early and burdened his rights under the First and Fourteenth Amendments. He claimed that the law required independent candidates to gather petition signatures in December, January, and February, when political interest among the voting public was low and the weather was less conducive to gathering signatures. Moore failed to file the necessary paperwork and was thus ineligible to run for state office in 2014. He also sought declaratory and injunctive relief as to future election cycles, however, stating that he intended to run again in 2018.

In granting the Secretary's motion for summary judgment and denying Moore's, the district court determined that Moore had standing and that the conclusion of the 2014 election cycle did not moot the case. D. Ct. Order of Aug. 25, 2015, at 3-4. In analyzing Moore's constitutional claims, the court employed a form of strict scrutiny known as the compelling state interest test. Id. at 6. The test requires the court to first determine whether the challenged statute imposes "a burden of some substance on a plaintiff's rights," Moore v. Martin, 854 F.3d 1021, 1026 (8th Cir. 2017) (quoting Libertarian Party of N.D. v. Jaeger, 659 F.3d 687, 693 (8th Cir. 2011)), and then to evaluate the State's justification for the statute, determining whether the "challenged statute is narrowly drawn to serve the State's compelling interest." Id. The court concluded that the March 1 petition filing deadline imposed a burden of some substance on Moore's rights as a potential independent candidate and voter. It found the deadline necessary, however, to meet "Arkansas's compelling interests in timely certifying candidates and interests for the ballot." D. Ct. Order of Aug. 25, 2015, at 6.

Moore appealed, and we reversed the summary judgment grant to the Secretary. Moore, 854 F.3d at 1028. We agreed with the district court that the March 1 petition filing deadline imposed a burden of some substance, id. at 1026, but noted that a

-3-

factual dispute existed with respect to whether the statute was narrowly drawn to serve Arkansas's compelling interest.  We thus remanded for the district court to examine "whether the verification of independent candidate petitions would conflict with the processing of other signature petitions under the former May 1 deadline." Id. at 1028.

On remand and after a bench trial, the district court granted Moore the relief he requested.  It determined that the March 1 petition filing deadline was not narrowly drawn to serve the state's compelling interest in timely certifying signatures, and entered injunctive relief permitting Moore to file his petition on or before May 1, 2018.  See D. Ct. Am. Order of Jan. 25, 2018, at 6-7.

The court's order did not address the filing deadline for the notice of candidacy, affidavit, and political practices pledge.  Moore failed to file those documents by the March 1 deadline, and the Secretary thereafter moved to vacate the injunction as moot, claiming that Moore was ineligible for the 2018 ballot because he had missed the statutory filing deadline.  The court then extended the filing deadline for the notice, affidavit, and pledge at Moore's request.  Moore filed those documents and his petition on April 30, 2018.  Because his petition lacked the requisite number of verified signatures, however, Moore was again ineligible for candidacy.

After the Secretary filed this appeal and the parties submitted their briefs, the state legislature amended the petition filing deadline for independent candidates to 12:00 p.m. on May 1 of the general election year.  See 2019 Ark. Acts 68, to be codified as amended at Ark. Code §§ 7-7-103.  The law is scheduled to take effect later this year.[4]

---

[4]Arkansas laws without emergency clauses go into effect on the ninety-first day after the legislative session adjourns.  Fulkerson v. Refunding Bd., 147 S.W.2d 980,

-4-

II.

We may adjudicate only cases and controversies. Accordingly, we "will dismiss a case as moot when 'changed circumstances [have] already provide[d] the requested relief and eliminate[d] the need for court action.'" Libertarian Party of Ark. v. Martin, 876 F.3d 948, 951 (8th Cir. 2017) (alterations in original) (quoting Teague v. Cooper, 720 F.3d 973, 976 (8th Cir. 2013)). Statutory changes generally render a case moot, despite the legislature's power to reenact the challenged provision. Id.; see also Phelps-Roper v. City of Manchester, 697 F.3d 678, 687 (8th Cir. 2012) (en banc).

We conclude that the Secretary's appeal is moot. The recent amendment addresses the current—and soon obsolete—statute's infirmity, granting the relief Moore sought by allowing independent candidates to file their petition by noon on May 1 of general election years.[5] Further, we have considered the exceptions to the mootness doctrine and determined that neither applies because there is no indication that the legislature is "virtually certain" to repeal its recent amendment. Libertarian Party of Ark., 876 F.3d at 951 (explaining that, in the context of a claim mooted by legislative action, mootness exceptions are rare and typically involve situations where the repealed law is virtually certain to be reenacted). The unconstitutional burden faced here is thus neither capable of repetition yet evading review, nor one that can be reasonably expected to recur after the defendant voluntarily ceased imposing it.

---

983 (Ark. 1941). This allows ninety days for citizens to file referendum petitions. See Ark. Const. art. 5, § 1. Arkansas's regular session adjourned on April 24, 2019, see H.R. Journal, 92d Gen. Assemb., Gen. Sess. 4050-51 (2019), and the law will thus take effect in late July of 2019.

[5]We decline to address Moore's argument challenging the noon deadline, to the extent that he has raised one. See Libertarian Party of Ark., 876 F.3d at 952 (declining to address a challenge to a statute amended after the parties filed their appellate briefs).

-5-

No controversy remains, and we lack the authority to adjudicate whatever quibbles linger.

Contrary to the Secretary's contention, Moore's claim did not become moot earlier in the litigation when he failed to file the required candidate paperwork in 2014 and again in 2018. Moore had credibly alleged an intent to run for state office in the future. Had the ballot-access statute not been amended, he would have been subject to the same petition filing deadline, rendering the issue capable of repetition, yet evading review. See Fed. Election Comm'n v. Wis. Right To Life, Inc., 551 U.S. 449, 462-63 (2007) (applying exception where nonprofit corporation challenging election advertisement laws credibly claimed that it would run similar advertisements in the future, and thus had a reasonable expectation that the same controversy would occur). We also note that the Secretary's argument that Moore has lacked standing throughout this litigation is better understood as one of mootness, see Phelps–Roper, 697 F.3d at 687 ("Mootness is akin to the doctrine of standing because the 'requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)'" (quoting McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1035 (8th Cir. 2004))), and we have already determined that Moore had standing to bring this lawsuit as a candidate and voter. See Moore, 854 F.3d at 1025.

The Secretary asks that we vacate the district court's judgment. This is our normal practice when a civil case becomes moot pending appellate adjudication, as doing so "'clears the path for future relitigation' by eliminating a judgment the loser was stopped from opposing on direct review." Arizonans for Official English v. Ariz., 520 U.S. 43, 71 (1997) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)). But vacatur is an equitable remedy, not an automatic right. See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 23 (1994) (declining to vacate lower court decision after settlement mooted the case). In determining whether vacatur is appropriate, absent unusual circumstances, our decision is

"informed almost entirely, if not entirely, by the twin considerations of fault and public interest." Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000). In considering fault, we distinguish between a party whose voluntary actions caused the mootness, and a party prevented from seeking relief from the judgment below by, as relevant here, happenstance. Bancorp, 513 U.S. at 24. Generally, only the latter situations may merit vacatur. In considering the public interest, we recognize that judicial precedents are "presumptively correct and valuable to the legal community as a whole" and generally should be permitted to stand. Id. at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).

We conclude that the equities weigh against vacatur. Although we have not explicitly addressed the issue, our sister circuits have generally considered legislation to be an "intervening, independent event and not voluntary action, particularly when the governmental entity taking the appeal . . . is not part of the legislative branch." Diffenderfer v. Gomez-Colon, 587 F.3d 445, 452 (1st Cir. 2009) (gathering cases). But even if the Secretary is not at fault for the mootness here, the public interest weighs in favor of allowing the district court's judgment to stand. As we previously observed in Moore, 854 F.3d at 1026, independent candidates and voters have repeatedly—and successfully—challenged Arkansas's ballot-access requirements. We thus conclude that the public interest is best served by a substantial body of judicial precedents limiting the burden that those requirements may place on candidates' and voters' First and Fourteenth Amendment rights.

The appeal is dismissed as moot.

STRAS, Circuit Judge, concurring in part and dissenting in part.

I agree with the court that the case is moot, but I would follow "our normal practice" and vacate. *Teague v. Cooper*, 720 F.3d 973, 978 (8th Cir. 2013) (addressing a case mooted by a legislative change). This case became moot only

-7-

through the "happenstance" of a statutory amendment, so there is little reason to treat it any differently than usual and every reason to "clear[] the path for future []litigation," should it become necessary. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.").

―――――――――――――――――



18-1382 Mark Moore, et al v. John Thurston "Signed Opinion Filed" (4:14-cv-00065-JM)
ca08ml_cmecf_Notify   to:   07/01/2019 08:34 AM

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 07/01/2019

**Case Name:**   Mark Moore, et al v. John Thurston
**Case Number:**   18-1382
**Document(s):**   Document(s)

**Docket Text:**
OPINION FILED - THE COURT: James B. Loken, Roger L. Wollman and David R. Stras AUTHORING JUDGE:Roger L. Wollman (PUBLISHED) [4803416] [18-1382] (Britny Williams)

**Notice will be electronically mailed to:**

Mr. Michael Fincher: mi.fincher@yahoo.com
Mr. James Carter Linger: bostonbarristers@tulsacoxmail.com
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Jeffrey M. Rosenzweig: jrosenzweig@att.net, leejoshr@gmail.com, smwbraden@gmail.com
Mr. Gary L. Sullivan, Assistant Attorney General: gary.sullivan@sos.arkansas.gov, brittany.garcia@sos.arkansas.gov
MO Lawyers Weekly: michaelh@mesjassociates.com, clash@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com


The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/BritnyWilliams_181382_4803416_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/01/2019] [FileNumber=4803416-1] [34f83161b7df3b4f37f67314b9455606f9cda1fd3594e0a54907b73325a9aa694257d9b1a5837534 285514525ac95fe0d7a22029a6cc01502cba0da211c7ddba]]

**Recipients:**
- Mr. Michael Fincher
- Mr. James Carter Linger
- Mr. Jim McCormack, Clerk of Court
- Mr. Jeffrey M. Rosenzweig
- Mr. Gary L. Sullivan, Assistant Attorney General

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/BritnyWilliams_181382_4803416_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/01/2019] [FileNumber=4803416-2]
[784e79f23936a19d54a3c645f4d3a00fae6e4f76ea4080ca86b7b9be2402e0b5001c74ac08d1acf51
56d7f0f57e10df7e703cc5983367dd6bb573d2f64f1b3de]]

**Recipients:**
- MO Lawyers Weekly
- West Publishing

**Document Description:** Published Signed Opinion
**Original Filename:** 181382P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/01/2019] [FileNumber=4803416-0]
[73134a9ceaca3809fa23c97591d6d707356d9b08d00d13937c59b12e61eff87e5f23007beb14cf4b
037331d161fb29d0360ca3d1c21c05c62a280d81facc33ae]]

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4803416
**RELIEF(S) DOCKETED:**
   for publication
**DOCKET PART(S) ADDED:** 6319608, 6319609, 6319610