IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., | Plaintiffs, | ) |
| | | ) |
| v. | | ) Case No. 4:14-CV-65-JM |
| | | ) |
| JOHN THURSTON, in his official capacity as Arkansas Secretary of State, | Defendant. | ) ) ) |

### PLAINTIFF MOORE'S MEMORANDUM BRIEF IN SUPPORT OF HIS SUPPLEMENTAL MOTION TO SET AMOUNT OF REASONABLE ATTORNEY'S FEES WITH AFFIDAVIT IN SUPPORT THEREOF

An Order and a Judgment was entered in the above-referenced case on January 25, 2018 [ECF Nos. 65 and 66], as corrected in an Amended Order on January 31, 2018 [ECF No. 67], and further amended after remand from the Eighth Circuit in an Amended Order on April 30, 2018 [ECF No. 96]. Plaintiff Moore had previously filed on February 7, 2018, a motion to set amount of his reasonable attorney's fees and non-taxable costs and expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d) (2), and L.R. 54.1, along with a Memorandum Brief in Support of his Motion to Set Amount of Reasonable Attorney's Fees and Non-Taxable Costs and Expenses [ECF Nos. 70 and 71]—which the District Court held in abeyance along with the request for costs pending appeal [ECF No. 89], and, after Defendant's subsequent appeal was dismissed as moot by the U.S. Court of Appeals for the Eighth Circuit and a judgment entered on July 1, 2019 [ECF Nos. 108 and 109], Plaintiff Moore filed a Supplement Motion to Set Amount of Reasonable Attorney's Fees. In support of Plaintiff Moore's aforesaid Supplemental Motion,

Plaintiff Moore now files this Brief with attached Affidavit and Time Sheets in support of his supplemental and original fee request.

Plaintiff Moore's aforesaid attorney's fees original motion and supplemental motion request fee awards in the following amounts:

| | | |
|---|---|---|
| 1. | James C. Linger original attorney's fee | $49,820.00 |
| 2. | Non-taxable costs and expenses Expended by attorney Linger | $ 963.82 |
| 3. | Jeff Rosenzweig attorney's fee | $ 4,550.00 |
| 4. | James C. Linger supplemental attorney's fee | $ 4,500.00 |
| | Total | $59,833.82 |

The above figures represent 141.5 hours at $300.00 per hour, 24.2 hours at $250.00, and 8.8 hours at $150.00, for James C. Linger; 18.2 hours at $250.00 per hour for Jeff Rosenzweig; and 15.0 hours at $300.00 per hour for supplemental attorney's fees for James C. Linger. James C. Linger previously requested his non-taxable expenses and costs in the amount of an additional $963.82 as set forth in his first Affidavit filed on February 7, 2018. In considering Plaintiff Moore's aforesaid original Motion and supplemental Motion, Plaintiff Moore would request the Court to consider those twelve factors approved by the United States Court of Appeals for the Eighth Circuit in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981); and *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000); as set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); and *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983), and set out specifically on page 2 of Plaintiffs' Memorandum Brief filed on February 7, 2018 [ECF No. 71].

As the decision of the Eighth Circuit in both *Ladies Center, Nebraska, Inc. v. Thone, Id., and Keslar v. Bartu, Id.*, makes clear, the Federal Courts in the various states in the Eighth Circuit have specific guidelines to follow in setting reasonable attorney's fees in civil rights cases. See also: *Hensley v. Eckerhart, Id.; Farrar v. Hobby*, 506 U.S. 103 (1992). Further, the Eighth Circuit Court of Appeals has stated that plaintiffs that are considered prevailing parties in litigation should be awarded reasonable attorney fees and the 1976 Civil Rights Attorney Fee Act is designed to encourage private enforcement of the public interest and should be liberally construed to achieve the public purposes involved in the congressional enactment. *Keup v. Hopkins*, 596 F.3d 899 (8th Cir. 2010); *Warnock v. Archer*, 380 F.3d 1076 (8th Cir. 2004); *Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002); and *Jacobson v. City of Coates*, 171 F.3d 1163 (8th Cir. 1999).

"The Supreme Court has held that a 'prevailing' party is one that receives at least some relief on the merits of its claim." [citing, *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)] [and] "[o]nly 'when a party has prevailed on the merits of at least *some* of his claims . . . has there been a determination of the 'substantial' rights of the parties'"). The United States Supreme Court has noted that a plaintiff is a prevailing party where he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefits the parties sought in bringing suit.'" *State Teachers Asn'n. v. Garland Indep. Sch. Dist*, 489 U.S. 782, 791-792 (1989), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Also see, *Hensley v. Eckerhart*, 461 U.S. at 433.

In the instant case, after the partial reversal in the Eighth Circuit, the Eighth Circuit's decision to deny the Defendant Secretary's Motion to Stay and Recall the

Eighth Circuit's decision, and then the denial by the U.S. Supreme Court of the Defendant Secretary's Petition for Writ of Certiorari, the Plaintiff Moore prevailed after the trial on remand because the District Court declared the election laws in question unconstitutional as to setting an unnecessary March 1 deadline for Independent candidate petitions and granted Plaintiff Moore the injunctive relief he requested. Therefore, Plaintiff Moore should be awarded his attorney fees and costs for work done by his attorneys in the District Court both before and after the first appeal, as well as his attorney fees for the work done by his attorney before the Eighth Circuit and the Supreme Court of the United States as to the first appeal, since Plaintiff Moore is now the prevailing party. In the Supreme Court's decision in *Hanrahan v. Hanrahan*, 446 U.S. at 756, the Supreme Court indicated that an award of attorney fees attributable to an appeal would be appropriate ". . . only if, by reason of obtaining a partial reversal of the trial court's judgment, they 'prevailed' within the meaning of Sec. 1988." While the Eighth Circuit after the first appeal remanded the case back for trial to the District Court in the case at bar, Plaintiff Moore should be entitled to his attorney fees for work done on the first appeal because he then was the prevailing party.

However, it should be noted that Plaintiff Moore is not requesting any attorney fees for work done as to the second appeal to the U.S. Court of Appeals for the Eighth Circuit because the appeal was dismissed as moot after the Arkansas General Assembly amended the laws in question which were the subject of the appeal after Counsel for the Plaintiff-Appellee herein informed the Eighth Circuit of the changes in the Arkansas election law and the setting of the Independent petition deadline for May 1 of the election

4

year, by way of Fed. R. App. Proc. Rule 28(j) letters. *Moore v. Thurston*, __ F.3d __ (8th Cir. Case No. 18-1382, July 1, 2019). While Plaintiff Moore is not requesting attorney fees as to the second appeal for work done on appeal, Plaintiff Moore is requesting his attorney fees for work done in the District Court before the appeal case became moot.

> When a case has been rendered moot, "a 'prevailing party' is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness." *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009) (citing *Buckhannon*, 532 U.S. at 605, 121 S. Ct. 1835; *Grano v. Barry*, 783 F.2d 1104, 1108 (D.C. Cir. 1986)). To apply the prevailing party test in such a case, we "look [ ] only to what relief the district court granted and not to whether the case was rightly decided." *Id.* (citing *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.2d 794, 805-06 (9th Cir. 2009) (collecting cases)). *Libertarian Party of Arkansas v. Martin*, 876 F.3d 948, 952 (8th Cir. 2017).

The *Libertarian Party of Arkansas* case cited above is interesting because it upheld an award of attorney fees after the case had been held moot on appeal because of subsequent changes in the election laws in question because the District Court there had awarded attorney fees, the Eighth Circuit affirmed the award of attorney fees and later granted additional attorney fees on appeal.

> [T]he dismissal on appeal of the underlying claims on the merits on the grounds of mootness is neither precluded by an award of attorney's fees, nor does such a dismissal preclude an award of attorney's fees [citations omitted]. In a case where the underlying action has been dismissed as moot on appeal, the propriety of an award of attorney's fees under 42 U.S.C. § 1988 turns on a determination of whether the plaintiff can be considered to have been a "prevailing party" in the underlying action in the district court, [citations omitted], without regard to whether we think the district court's decision on the underlying merits is correct [citations omitted]. Even preliminary or temporary relief granted by the district court may be sufficient to make a plaintiff a "prevailing party" under section 1988. [citations omitted]. *Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar Ass'n.*, 686 F.2d 1278, at 1290 (8th Circuit 1982).

While the District Court in this case held the attorney fee and bill of costs in abeyance pending appeal [ECF No. 89], the District Court can still award costs and attorney fees to Plaintiff Moore. As the Eighth Circuit has stated:

> The Libertarian Party was the prevailing party in this case because the district court awarded it declaratory relief and deemed the statutory scheme unconstitutional. See *Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar Ass'n*, 686 F.2d 1278, 1290-91 (8th Cir. 1982) (holding that the plaintiff was the prevailing party under § 1988 because he had obtained declaratory and injunctive relief, even though his case was later rendered moot); see also *Diffenderfer*, 587 F.3d at 454 (concluding that plaintiffs were the prevailing party because the district court granted their requested injunction, even though the case was later rendered moot by legislative action).
> *Libertarian Party of Arkansas v. Martin*, 876 F.3d 948, 952 (8th Cir. 2017).

As stated above, Plaintiff Moore should be considered the prevailing party inasmuch as the District Court entered its order on January 25, 2018, as amended on January 31, 2018, and April 30, 2018, declaring that the Arkansas petition deadline of March 1 for ballot access for Independent candidates, as set forth in Ark. Code Ann., §§ 7-7-101, 7-7-103, and 7-7-203(c)(1), to be unconstitutional as applied to the Plaintiff Mark Moore. Further, the Court granted Mr. Moore injunctive relief allowing him until May 1, 2018, within which to file his petitions for Independent candidacy. Because the Court granted a declaratory judgment and declared these laws unconstitutional and granted injunctive relief to Plaintiff Moore, Plaintiff Moore is the prevailing party herein.

> However, even when federal courts lack jurisdiction to decide the merits of an appeal, "the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred." *In re Savage Indus., Inc.*, 43 F.3d 714, 719 n. 6 (1st Cir. 1994) (quoting *Anderson v. U.S. Dep't of Health and Human Servs.*, 3 F.3d 1383, 1385 (10th Cir. 1993) (internal quotation marks omitted)); see also *United States v. Ford*, 650 F.2d 1141, 1143-44 (9th Cir. 1981) ("[T]he question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction."). *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 452-453 (1st Cir. 2009).

6

Finally, since Plaintiff Moore should be considered the prevailing party under the applicable law—except as to work done on the second appeal (for which he is not requesting compensation), Plaintiff Moore would further call the Court's attention to the fact that the instant case has gone through two appeals to the Eighth Circuit, multiple motions in the District Court prior to briefing by the parties in the second appeal, and a petition for writ of certiorari to the U.S. Supreme Court after the first appeal, with the result that the instant case has lasted over five years. In considering the aforesaid supplemental motion, Plaintiff Moore would restate all arguments in his Brief in Support of his original Motion for Attorney Fees filed on February 7, 2018 [ECF No. 71], the reply to response to Plaintiff's motion to his motion for attorney fees filed on February 22, 2018 [ECF No. 79], and all arguments set forth herein.

WHEREFORE, Plaintiff Moore respectfully requests the relief prayed for in his original Motion to Set Amount of Reasonable Attorney's Fees and his Supplemental Motion to Set Amount of Reasonable Attorney's Fees.

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

Jeff Rosenzweig, AB No. 77115
300 Spring Street, Suite 310
Little Rock, Arkansas 72201
Telephone (501) 372-5247
Facsimile (501) 376-0770
jrosenzweig@att.net
*Counsel for Plaintiff Moore*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 11th day of July, 2019.

/s/ James C. Linger
James C. Linger
