IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK MOORE, et al., )
                   …Plaintiffs, )
                                 )
v.                                 )  Case No. 4:14-CV-65-JM
                                 )
JOHN THURSTON, in his official )
capacity as Secretary of State )
for the State of Arkansas,    …Defendant. )

# ATTACHMENT

# PLAINTIFF MOORE'S EXHIBIT "10"

# SUPPLEMENTAL AFFIDAVIT

# OF JAMES C. LINGER

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK MOORE, et al., Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-65-JM |
| | ) | |
| JOHN THURSTON, in his official capacity as Arkansas Secretary of State, Defendant. | ) ) ) | |

## SUPPLEMENTAL AFFIDAVIT OF JAMES C. LINGER

James C. Linger, of legal age, being first duly sworn upon oath, deposes and states:

1. I am a resident of Tulsa, Oklahoma, and make this Supplemental Affidavit with the knowledge that it is to be used for the purpose of evaluating a supplemental motion to obtain attorney fees on behalf of Jeff Rosenzweig and myself, counsel for the Plaintiff Mark Moore in the above-referenced case.

2. I reassert and reallege my statements set forth in my previous Affidavit, Time Sheet, and Non-Taxable Costs and Expenses filed herein on February 7, 2018 [ECF No. 71, Plaintiffs' Exhibits 3, 4, and 5] and my Reply filed on February 22, 2018 [ECF No. 79].

3. I am not requesting any reimbursement for my transportation and hotel expenses for arguing either of the appeal cases before the Eighth Circuit because my past experience with the Eighth Circuit is that such expenses are not allowed as recoverable costs.  Further, I am not requesting my legal fees in regard to work done as to pleadings, briefs, and related work as to the second appeal in this case before the U.S. Court of Appeals for the Eighth Circuit because the Eighth Circuit in its opinion and judgment of July 1, 2019, dismissed the appeal of the Secretary of State as moot because of changes to the laws in question earlier this year which I had brought to the attention of the Eighth Circuit by way of Fed. R. App. Proc. 28(j) letters, but did not vacate

the District Court's order, and allowed the District Court's judgment to stand [ECF Nos. 108 and 109], *Moore v. Thurston*, __ F.3d __ (8th Cir. Case No. 18-1382, July 1, 2019).

4. I am attaching a copy of my supplemental time sheets for the instant case to this Supplemental Affidavit of mine, marking it as Plaintiffs' Exhibit "11", and incorporating it in this Supplemental Affidavit as though fully set forth herein. These time sheets are taken from my time records which were kept by me contemporaneously with the work performed in this case and maintained in my office's billing records.

5. I have deleted those hours spent on the case which related to nonproductive matters as well as not listing most of the extensive work assistance I received from my legal assistant. I have not requested any fees in regard to non-charged work, but have represented it in my time sheets by the notation N/C for no charge with the time performed by me set forth after the description of the work done for comparison by the Court. Further, I have requested $300.00 an hour for my work in the instant case as to my supplemental time sheet (Plaintiffs' Exhibit "11").

6. My supplemental time sheets for the instant case (Plaintiff's Exhibit "11") reflect a total of 18.0 hours worked for myself (minus 3.0 hours for which I am not charging or requesting compensation herein). Therefore, I am requesting 18.0 minus 3.0 hours in compensatable time for my supplemental work in this case since the filing of the first motion for attorney fees on February 7, 2018, for a total supplemental attorney fee of $4,500.00.

7. In regard to my supplemental time sheets as reflected in Plaintiff Moore's Exhibit "11" herein, I feel that they are self-explanatory and are understandable when compared with my Affidavit and the previous Affidavits filed herein. After discussing this matter with my local counsel, I note Mr. Rosenzweig is not requesting any supplemental attorney fees in addition to his original request for attorney fees as previously filed herein on February 7, 2018. I feel the

3.0 no charge hours of myself, and other adjustments and reductions in my supplemental fee request are reasonable and justified.

8. It is my belief that the hours reflected on my supplemental time sheets (Plaintiff Moore's Exhibit "11") were reasonably expended on behalf of my client, Mr. Moore. I am requesting from February 8, 2018, to the date of the filing of my Supplemental Application for Attorney Fees, $300.00 per hour for my law work. My opinion is based on my experience in my law practice and other civil rights and federal cases I have handled, as well as the guidelines laid down in the cases of *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Farrar v. Hobby*, 506 U.S. 103 (1992); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983); *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981); *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000); and *Warnock v. Archer*, 380 F.3d 1076 (8th Cir. 2004).

Further Affiant sayeth not.

/s/ James C. Linger
James C. Linger

STATE OF OKLAHOMA  )
                   ) ss.
COUNTY OF TULSA    )

OATH

Before me, the undersigned, a Notary Public in and for the State and County aforesaid, personally appeared James C. Linger, who, upon his oath, acknowledged that he has read the foregoing Supplemental Affidavit and the statements therein are true to the best of his knowledge, information and belief.

Witness my hand and official seal on this 11th day of July, 2019.

/s/ Vickie L. Caudle
Notary Public

Commission (and Expiration):

(SEAL)

VICKIE L. CAUDLE
Notary Public
State of Oklahoma
Commission # 03012535 Expires 10/08/19

3