IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK MOORE, *et al.*,**                                                                           **PLAINTIFFS**

**VS.**                          **NO. 4:14-CV-65-JM**

**HONORABLE JOHN THURSTON**
**in his official capacity as**
**Arkansas Secretary of State**                                   **DEFENDANT**

## DEFENDANTS' OBJECTION AND RESPONSE TO REQUEST FOR ATTORNEY'S FEES

Defendant Secretary of State Objects to Plaintiff Moore's Supplemental Motion to Set Amount of Reasonable Attorney's Fees. Moore filed his original verified Bill of Costs and Brief in Support and Motion to Set Amount of Reasonable Attorney's Fees and Brief in Support in February of 2018.[1]

1. Defendant Secretary denies each and every material allegation made in the Motion to Set Amount of Reasonable Attorney's Fees and Supplemental Motion unless specifically admitted herein.

---

[1] Docket Nos. 68, 69.

1

2. Plaintiff's supplemental fee petition includes hours that are not reasonably expended, including:

   a. 5/23/2018 preparation of Affidavit of Mark Moore and email to client: .5 hours

   b. 5/23/2018 emails from client re Affidavit: .2 hours

   c. 5/24/2018 email to client re Affidavit: .1 hours

   d. 5/24/2018 email to client re changes to Affidavit: .1 hours

   e. 5/26/2018 email to client re Affidavit: .1 hours

   f. 5/27/2018 email from client re Affidavit: .1 hours

   g. 1/22/2019 prep and filing of motion to substitute party Defendant: .4 hours

   h. 1/23/2019 receiving Order on withdrawal of counsel and substitution of party: .1 hours

3. Plaintiff has not shown that his $300/hour rate for hours listed in the supplemental chargeable attorney's fees is the prevailing rate in Little Rock, Arkansas.

4. Defendant Secretary hereby incorporates by reference his Objections to Plaintiff's original Motion for Attorney's fees.[2]

---

[2] *See* Doc. No. 75.

5. Defendant Secretary asks that each of the parties bear their own fees, costs, and expenses, especially when considering Plaintiffs' limited success at trial.[3]

6. While plaintiffs may hire more than one attorney as counsel, both counsels' logs show that Out-of-State Counsel was not only lead counsel for Plaintiffs, but was also responsible for the vast majority of the work in this case. Accordingly, Local Counsel's attorney's fees should be reduced to reflect his limited involvement in the case as well as to reduce the likelihood of duplicative attorney's fees.[4]

7. The non-taxable costs raised by Out-of-State Counsel should be reduced due to Plaintiffs' limited success at trial and the fact that Plaintiffs did not demonstrate that obtaining out of state counsel was necessary.[5]

---

[3] *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

[4] *A.J. ex rel. L.B. v. Kierst*, 56 F.3d 849 (8th Cir. 1995).

[5] *See Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014); *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983).

8. In the alternative, a grant of reasonable attorney's fees should be reduced in light of Plaintiffs' limited success at trial in accordance with the *lodestar* approach for calculation of reasonable attorney's fees.[6]

    a. Plaintiff Mark Moore's Co-Plaintiffs were not successful in this case, and failed to appeal.

    b. Moore received an Injunction to run for Lieutenant Governor based off of false statements. Moore never intended to run for Lieutenant Governor again, made no effort to, and made no serious effort to run for another office. His affidavits were made to preserve standing, but were otherwise false, as was his trial testimony.

    c. Moore failed to notify the Court of his significant change of mind, despite the fact that this case was premised on his running for a statewide seat, which has different qualifications and requirements than a state district seat.

---

[6] *See Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014); *See also Phelps-Roper v. Koster*, 815 F.3d 393 (8th Cir. 2016).

    d. Moore filed suit under the premise that he would be a candidate for Lieutenant Governor. His argument for standing requires an injury under those facts. To this day, Moore's "injury" is purely hypothetical, having never been realized as a result of his own failures.

    e. When Moore filed for a district office, which was different from the Office of Lieutenant Governor, he mooted his own case. District candidates have a completely different set of qualifications for office, by not only statute, but by the Arkansas Constitution.

9. Defendant Secretary asks the Court to deny the fee petitions; in the alternative, Defendant Secretary asks the Court to reduce substantially the fee petitions given that Plaintiff's own actions mooted this case.

10. Defendant Secretary asks for such additional relief to which he is entitled, under the circumstances.

**WHEREFORE**, Defendant Secretary prays that the Court deny Plaintiffs' request to recover fees, costs, or expenses; that each of the parties bear their own fees, costs, and expenses; in the alternative,

Defendant Secretary asks the Court to substantially reduce the fee petitions given the limited success shown by Plaintiffs; that the Court substantially reduce the fee petitions due to the unique circumstances of this case, and how the facts developed post-trial; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

                              Respectfully submitted,

                              HONORABLE JOHN THURSTON,
                              ARKANSAS SECRETARY OF STATE
                              In his Official Capacity, Defendant

                              By: /s/ Michael Fincher
                              Ark. Bar No. 2016037
                              Staff Attorney

                              Arkansas Secretary of State's Office
                              Suite 256- State Capitol
                              500 Woodlane Avenue
                              Little Rock, AR 72201
                              PH: (501) 682-3401
                              Fax: (501) 682-1213
                              Email: michael.fincher@sos.arkansas.gov

                              *Attorneys for John Thurston*