IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK MOORE, et al,**
                                                                                            **PLAINTIFFS**

V.                                            4:14CV00065 JM

**JOHN THURSTON,**
in his official capacity as
Arkansas Secretary of State                                                **DEFENDANT**

### ORDER

The Court has reviewed the Plaintiffs' Motion for Bill of Costs, Motion for Attorney Fees and Supplemental Motion for Attorney Fees. The Secretary of State ("Secretary") objects to Plaintiffs' fee requests on numerous grounds, including whether Plaintiff is the prevailing party and the amount of Plaintiff's success. In addition, the Secretary reargues the merits of the case and makes a slew of baseless allegations that Plaintiff lacked veracity throughout the litigation, that Plaintiff abused the judicial forum, and that Plaintiff's counsel lacked expertise which resulted in "shotgun pleadings." These arguments are completely without merit.

Pursuant to 28 U.S.C. § 1920, the "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." In fee-shifting cases such as this one, the fee award is calculated based upon the "lodestar" determination- the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)):

(1)    time and labor required;

1

(2)  novelty and difficulty of the questions;

(3)  skill requisite to perform the legal service properly;

(4)  preclusion of other employment, due to acceptance of case;

(5)  the customary fee;

(6)  whether the fee is fixed or contingent;

(7)  time limitations imposed by the client or the circumstances;

(8)  the amount involved and the results obtained;

(9)  the experience, reputation, and ability of the attorneys;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client;

(12) awards in similar cases.

*Hensley*, 461 U.S. at 434.

The Court finds that Plaintiffs were the prevailing party in the case because they succeeded on the "significant issue," advanced their overall interests, and achieved the benefits sought in the complaint. The Court found the statute at issue unconstitutional and Plaintiffs were granted an injunction. The Arkansas Legislature amended the statute as a result. The Secretary appealed the case to the Court of Appeals for the Eighth Circuit twice. Although the statute had been amended by the Legislature, the Eighth Circuit found it important to let the Court's Order stand. "[T]he public interest weighs in favor of allowing the district court's judgment to stand. As we previously observed in *Moore*, 854 F.3d at 1026, independent candidates and voters have repeatedly—and successfully—challenged Arkansas's ballot-access requirements. We thus conclude that the public interest is best served by a substantial body of judicial precedents limiting the burden that those requirements may place on candidates' and voters' First and

Fourteenth Amendment rights." *Moore v. Thurston*, 928 F.3d 753, 758–59 (8th Cir. 2019) (citing *Moore v. Martin,* 854 F.3d 1021, 1026 (8th Cir. 2017)).

As the Court has stated on many occasions, the constitutional issues involved in election rights cases are difficult. Few attorneys have the expertise in this area of the law or the willingness to take on such a case. Mr. Linger has appeared before this Court many times on behalf of plaintiffs in election rights cases. The Court has found him to be knowledgeable of the constitutional, statutory and factual issues involved in each case without exception. His $300 hourly fee is reasonable. The billing records that accompany Plaintiffs' motion for attorney fees reflect total time of 174.5 hours spent on the case by Mr. Linger. He charged $300 per hour for the hours he spent working on the case and $250 per hour for his travel time. He discounted his fee for hours spent working on Plaintiffs' Motion for Summary Judgement because it was not granted. He also did not include fees for work done on the second appeal after the case became moot. After review of Mr. Linger's billing statement, the Court finds his billed hours to be reasonable. The total fee award for Mr. Linger is $54,320.00.

Plaintiffs seek attorney fees for the services of Jeff Rosenzweig. According to Mr. Rosenzweig's billing statement, he spent 18.2 hours reviewing pleadings, communicating with Mr. Linger, attending hearings, and preparing his billing statement. The Court finds Mr. Rosenzweig's time to be reasonable, but duplicative. Mr. Linger possesses considerable expertise in this area of the law and, while it may be reassuring to Mr. Linger to have Mr. Rosenzweig's opinions in the case, it is not an expense the Secretary should bear.[1]

The Court finds that the costs of the case should be taxed to the Defendant as follows: the

---

[1] Local Rule 83.5 allows an attorney who is appearing *pro hac vice* to move the Court for permission to "proceed without designating local counsel, for the limited purposes of the pending litigation." Local Rule of the Eastern and Western Districts of Arkansas 83.5.

fees of the Clerk ($400), transcript of the motion hearing on July 27, 2015 ($189.80), and *pro hac vice* filing fee ($100.00) for a total of $689.80. *See* 28 U.S.C. § 1920

Plaintiffs also seek $963.82 in non-taxable costs and expenses. The non-taxable costs include a certificate of good standing for Mr. Linger from the Northern District of Oklahoma ($18), a Fed-Ex delivery ($29.80), copies of legal briefs ($743.62), lodging during the motion hearing on July 27, 2015 ($96.05), lodging during bench trial on December 12, 2017 ($77.05) for a total of $963.82. "[T]ravel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are more properly characterized as part of an attorney fee award." *Jenkins v. Kansas City Missouri Sch. Dist.*, 525 F.3d 682 (8th Cir. 2008) (citing *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir.1996) (per curiam)). The costs requested by Plaintiffs are costs that a law firm would normally bill to their clients and the Court finds them to be reasonable.

In conclusion, Plaintiffs' First Motion for Attorney Fees (ECF No. 70) and Supplemental Motion for Attorney Fees (ECF No. 110) are GRANTED IN PART. Plaintiffs' Motion for Costs (ECF No. 68) is GRANTED. Plaintiffs are awarded $54,320.00 for Mr. Linger's fee, $963.82 for non-taxable costs, and $689.80 for costs pursuant to 28 U.S.C. § 1920, for a total of $55,973.62.

IT IS SO ORDERED this 2nd day of August, 2019.

                                                                                James M. Moody Jr.
                                                                                 United States District Judge